PATRICK M. KELLY (SBN 45426)
patrick.kelly@wilsonelser.com
HERBERT P. KUNOWSKI (SBN 150141)
herbert.kunowski@wilsonelser.com
**WILSON, ELSER, MOSKOWITZ,
EDELMAN & DICKER LLP**
555 South Flower Street, Suite 2900
Los Angeles, CA 90071
Telephone:    213.443.5100
Facsimile:    213.443.5101

ASHLEY VINSON CRAWFORD (SBN 257246)
avcrawford@akingump.com
DANIELLE C. GINTY (SBN 261809)
dginty@akingump.com
**AKIN GUMP STRAUSS HAUER & FELD LLP**
580 California Street, Suite 1500
San Francisco, CA 94014
Telephone:    415.765.9500
Facsimile:    415.765.9501

Attorneys for Defendants,
D and D Marketing, Inc., d/b/a T3Leads,
Grigor Demirchyan, and Marina Demirchyan

## UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA

## WESTERN DIVISION

| | |
|---|---|
| Consumer Financial Protection Bureau, | **Case No. 2:15-cv-09692-PSG(Ex)** |
| Plaintiff, | |
| v. | **DEFENDANTS' ANSWER TO AMENDED COMPLAINT AND DEMAND FOR JURY TRIAL** |
| D and D Marketing, Inc., d/b/a T3Leads, Grigor Demirchyan, and Marina Demirchyan, | |
| Defendants. | **Hon. Philip S. Gutierrez Courtroom 880 - Roybal** |

Defendants, D and D Marketing, Inc., d/b/a T3 Leads, Grigor Demirchyan, and Marina Demirchyan (collectively, "Defendants"), hereby submit the following Answer to the Amended Complaint herein of Plaintiff, Consumer Financial Protection Bureau ("Plaintiff").

## DEFENDANTS' ANSWER TO AMENDED COMPLAINT

By way of a general response, all allegations are denied unless specifically admitted, and any factual assertion admitted is admitted only as to the specific facts and not as to any conclusions, characterizations, implications, or speculations that are contained in the assertion or in the Amended Complaint as a whole.  This response is incorporated, to the extent appropriate, into each numbered paragraph of this Answer below, addressing each numbered paragraph of the Amended Complaint.

Insofar as Plaintiff's Introduction requires a response, Defendants admit that Plaintiff purports to bring this action under the referenced provisions of the Consumer Financial Protection Act of 2010, admit that T3 is a lead aggregator that sells consumer data as leads to small-dollar lenders and other purchasers, and deny the remaining allegations in the Introduction.

1.     The allegations in Paragraph 1 contain legal conclusions, which do not require an admission or denial.  To the extent a response is required, Defendants admit that this Court has subject-matter jurisdiction over this action.

2.     The allegations in Paragraph 2 contain legal conclusions, which do not require an admission or denial.  To the extent a response is required, Defendants admit that they conduct business in this District and reside here, and that this Court has personal jurisdiction over Defendants.

3.     The allegations in Paragraph 3 contain legal conclusions, which do not require an admission or denial.  To the extent a response is required, Defendants admit that they conduct business in this District and reside here, and that venue is proper in this District.

///

4.      Defendants deny that this lawsuit is a permissible exercise of Plaintiff's litigating authority, but otherwise admit the allegations in Paragraph 4.

5.      Defendants admit that T3 was once a California S-corporation with its principal place of business at 4000 West Alameda Avenue, Suite 200, Burbank, California 91505.  Defendants admit that T3 is in the business of receiving consumer data from lead generators, and selling the data as leads to small-dollar lenders and other purchasers.

6.      The allegations in Paragraph 6 are vague and ambiguous as to "substantial control over and involvement in the establishment of T3's business policies and practices," such that Defendants lack sufficient knowledge or information to form a belief as to the truth of the allegations, and on that basis, deny them, but Defendants otherwise admit the remaining allegations in Paragraph 6.

7.      The allegations in Paragraph 7 are vague and ambiguous as to "substantial control over and involvement in the establishment of T3's business policies and practices," such that Defendants lack sufficient knowledge or information to form a belief as to the truth of the allegations, and on that basis, deny them, but Defendants otherwise admit the remaining allegations in Paragraph 7.

8.      Defendants admit that lead generators operate websites that advertise loans and through which consumers submit their information, and that lead generators transfer consumer data to T3.

9.      Defendants admit that T3 hosts and controls certain consumer-facing websites from which it receives consumer data, acting as its own lead generator in these instances.

10.     Defendants admit that T3 transfers consumer data that it receives from lead generators and its own websites to purchasers in its network.

11.     Defendants admit the allegations in Paragraph 11.

///

DEFENDANTS' ANSWER TO AMENDED COMPLAINT AND DEMAND FOR JURY TRIAL

2635703v.1

12.     Defendants admit that lenders to which T3 transfers consumer data extend credit in the form of small-dollar loans for use by consumers, but otherwise lack sufficient knowledge or information to form a belief as to the truth of the allegations, and on that basis, deny the remaining allegations in Paragraph 12.

13.     Defendants admit that data managers are intermediaries for lenders, that such lenders outsource their lead-purchasing activities, and that data brokers are lead aggregators that have their own networks of purchasers to which they sell consumer data received from T3.  Defendants admit that T3 does not require that data managers and data brokers disclose the end purchasers of consumer data.

14.     The allegations in Paragraph 14 are vague and ambiguous as to "market products" and time-frame, such that Defendants lack sufficient knowledge or information to form a belief as to the truth of the allegations, and on that basis, deny the allegations in Paragraph 14.

15.     Defendants admit that since at least August 2014, Grigor Demirchyan had authority to decide whether to accept any lead generator or purchaser into or remove them from T3's network, but otherwise deny the remaining allegations in Paragraph 15.

16.     Defendants admit that to filter and transfer consumer data, T3 uses a "ping tree" and many other factors to set the order in which purchasers have the opportunity to receive data from T3, but otherwise deny the remaining allegations in Paragraph 16.

17.     Defendants deny the allegations in Paragraph 17.

18.     Defendants admit that a consumer who submits their information on a lead generator's webpage is directed to a lender's webpage as soon as possible if the lender chooses to accept the consumer data, but otherwise lack sufficient knowledge or information to form a belief as to the truth of the allegations, and on that basis, deny the remaining allegations in Paragraph 18.

19.     The allegations in Paragraph 19 as to "misleading or inaccurate statements" are vague and ambiguous, such that Defendants lack sufficient knowledge or information to form a belief as to the truth of the allegations, and on that basis, deny

DEFENDANTS' ANSWER TO AMENDED COMPLAINT AND DEMAND FOR JURY TRIAL
2635703v.1

them, and otherwise deny the remaining allegations in Paragraph 19.

20.     The allegations in Paragraph 20 as to "misleading or inaccurate statements" are vague and ambiguous, such that Defendants lack sufficient knowledge or information to form a belief as to the truth of the allegations, and on that basis, deny the allegations in Paragraph 20.

21.     The allegations in Paragraph 21 refer to statements of others, such that Defendants lack sufficient knowledge or information to form a belief as to the truth of the allegations, and on that basis, deny them, and otherwise deny the remaining allegations in Paragraph 21.

22.     The allegations in Paragraph 22 refer to statements of others, such that Defendants lack sufficient knowledge or information to form a belief as to the truth of the allegations, and on that basis, deny them, and otherwise deny the remaining allegations in Paragraph 22.

23.     The allegations in Paragraph 23 refer to statements of others, such that Defendants lack sufficient knowledge or information to form a belief as to the truth of the allegations, and on that basis, deny them, and otherwise deny the remaining allegations in Paragraph 23.

24.     Defendants deny the allegations in Paragraph 24.

25.     Defendants admit that T3 does not require purchasers in its network to provide T3 with the precise loan terms that each consumer will be offered, but otherwise deny the remaining allegations in Paragraph 25.

26.     Defendants admit that T3 is provided in advance of its sales the consumer criteria each of the purchasers in its network is willing to accept, and knows the identity of each purchaser in its network, but otherwise deny the remaining allegations in Paragraph 26.

27.     Defendants deny the allegations in Paragraph 27.

28.     The allegations in Paragraph 28 of what T3 "knows" of a consumer's state of residence is necessarily based on what a consumer represents, and thus Defendants

DEFENDANTS' ANSWER TO AMENDED COMPLAINT AND DEMAND FOR JURY TRIAL

2635703v.1

lack sufficient knowledge or information to form a belief as to the truth of the allegations, and on that basis, deny them, and otherwise deny the remaining allegations in Paragraph 28.

29.     Defendants deny the allegations in Paragraph 29.

30.     Defendants admit that T3 does not require that data managers and data brokers disclose the end purchasers of consumer data, but otherwise deny the remaining allegations in Paragraph 30.

31.     Defendants admit that some of the lenders that purchase consumer data through T3 are entities organized by Native American Indian tribes, known as tribal lenders, but otherwise deny the remaining allegations in Paragraph 31.

32.     Defendants lack sufficient knowledge or information to form a belief as to the truth of the allegations in Paragraph 32, and on that basis, deny them.

33.     Defendants lack sufficient knowledge or information to form a belief as to the truth of the allegations in Paragraph 33, and on that basis, deny them, and otherwise deny that such lenders "regularly rank at the top of the T3 ping tree."

34.     Defendants lack sufficient knowledge or information to form a belief as to the truth of the allegations in Paragraph 34, and on that basis, deny them.

35.     Defendants admit that T3 has sold hundreds of thousands of individuals' consumer data to tribal or offshore lenders.

36.     Defendants admit that one employee made such reference, but otherwise deny the remaining allegations in Paragraph 36.

37.     Defendants admit that T3 developed such "Lender Audit Questionnaire," but otherwise deny the remaining allegations in Paragraph 37.

38.     Defendants admit that purchasers provide feedback to T3 regarding the quality of the consumer data, but otherwise deny the remaining allegations in Paragraph 38.

39.     Defendants admit that T3 does not always share the identities of lead generators with purchasers within its network, and that T3 does not always share the

DEFENDANTS' ANSWER TO AMENDED COMPLAINT AND DEMAND FOR JURY TRIAL

1    identities of purchasers with lead generators within its network.

2        40.    Defendants deny the allegations in Paragraph 40.

3        41.    Defendants admit that T3 sent leads to Joro Resources LTD until August 19,

4    2013, but otherwise lack sufficient knowledge or information to form a belief as to the

5    truth of the allegations as to third parties, and on that basis, deny them, and otherwise

6    deny the remaining allegations in Paragraph 41.

7        42.    Paragraph 42 of the Amended Complaint realleges and incorporates by

8    reference Paragraphs 1 through 41 therein, and Defendants likewise incorporate by

9    reference Paragraphs 1 through 41 set forth above.

10       43.    The allegations in Paragraph 43 contain legal conclusions, which do not

11   require an admission or denial.  To the extent a response is required, Defendants deny

12   the allegations in Paragraph 43.

13       44.    The allegations in Paragraph 44 contain legal conclusions, which do not

14   require an admission or denial.  To the extent a response is required, Defendants deny

15   the allegations in Paragraph 44.

16       45.    The allegations in Paragraph 45 contain legal conclusions, which do not

17   require an admission or denial.  To the extent a response is required, Defendants deny

18   the allegations in Paragraph 45.

19       46.    The allegations in Paragraph 46 as to "statements to consumers" are vague

20   and ambiguous, such that Defendants lack sufficient knowledge or information to form a

21   belief as to the truth of the allegations, and on that basis, deny the allegations in

22   Paragraph 46.

23       47.    Defendants deny the allegations in Paragraph 47.

24       48.    Defendants deny the allegations in Paragraph 48.

25       49.    Defendants admit that T3 does not require that data managers and data

26   brokers disclose the end purchasers of consumer data.

27       50.    Defendants deny the allegations in Paragraph 50.

28   ///

DEFENDANTS' ANSWER TO AMENDED COMPLAINT AND DEMAND FOR JURY TRIAL

2635703v.1

51.     The allegations in Paragraph 51 contain legal conclusions, which do not require an admission or denial.  To the extent a response is required, Defendants deny the allegations in Paragraph 51.

52.     The allegations in Paragraph 52 contain legal conclusions, which do not require an admission or denial.  To the extent a response is required, Defendants deny the allegations in Paragraph 52.

53.     The allegations in Paragraph 53 contain legal conclusions, which do not require an admission or denial.  To the extent a response is required, Defendants deny the allegations in Paragraph 53.

54.     The allegations in Paragraph 54 contain legal conclusions, which do not require an admission or denial.  To the extent a response is required, Defendants deny the allegations in Paragraph 54.

55.     The allegations in Paragraph 55 contain legal conclusions, which do not require an admission or denial.  To the extent a response is required, Defendants deny the allegations in Paragraph 55.

56.     The allegations in Paragraph 56 contain legal conclusions, which do not require an admission or denial.  To the extent a response is required, Defendants deny the allegations in Paragraph 56.

57.     The allegations in Paragraph 57 contain legal conclusions, which do not require an admission or denial.  To the extent a response is required, Defendants deny the allegations in Paragraph 57.

58.     Paragraph 58 of the Amended Complaint realleges and incorporates by reference Paragraphs 1 through 41 therein, and Defendants likewise incorporate by reference Paragraphs 1 through 41 set forth above.

59.     The allegations in Paragraph 59 contain legal conclusions, which do not require an admission or denial.  To the extent a response is required, Defendants deny the allegations in Paragraph 59.

///

DEFENDANTS' ANSWER TO AMENDED COMPLAINT AND DEMAND FOR JURY TRIAL

2635703v.1

60.     The allegations in Paragraph 60 contain legal conclusions, which do not require an admission or denial.  To the extent a response is required, Defendants deny the allegations in Paragraph 60.

61.     The allegations in Paragraph 61 contain legal conclusions, which do not require an admission or denial.  To the extent a response is required, Defendants deny the allegations in Paragraph 61.

62.     Defendants deny the allegations in Paragraph 62.

63.     Defendants admit that after consumer data is filtered through the T3 ping tree and directed from a lead generator's webpage to a lender's webpage, consumers find the offered terms and links to lengthy disclosures where lenders disclose material terms, but otherwise deny the remaining allegations in Paragraph 63.

64.     Defendants deny the allegations in Paragraph 64.

65.     The allegations in Paragraph 65 contain legal conclusions, which do not require an admission or denial.  To the extent a response is required, Defendants deny the allegations in Paragraph 65.

66.     The allegations in Paragraph 66 as to "representations" are vague and ambiguous, such that Defendants lack sufficient knowledge or information to form a belief as to the truth of the allegations, and on that basis, deny them, and otherwise deny the remaining allegations in Paragraph 66.

67.     The allegations in Paragraph 67 contain legal conclusions, which do not require an admission or denial.  To the extent a response is required, Defendants deny the allegations in Paragraph 67.

68.     The allegations in Paragraph 68 contain legal conclusions, which do not require an admission or denial.  To the extent a response is required, Defendants deny the allegations in Paragraph 68.

69.     The allegations in Paragraph 69 contain legal conclusions, which do not require an admission or denial.  To the extent a response is required, Defendants deny the allegations in Paragraph 69.

DEFENDANTS' ANSWER TO AMENDED COMPLAINT AND DEMAND FOR JURY TRIAL

70.    The allegations in Paragraph 70 contain legal conclusions, which do not require an admission or denial.  To the extent a response is required, Defendants deny the allegations in Paragraph 70.

71.    The allegations in Paragraph 71 contain legal conclusions, which do not require an admission or denial.  To the extent a response is required, Defendants deny the allegations in Paragraph 71.

## **Plaintiff's Prayer for Relief**

Defendants deny that Plaintiff is entitled to any of the relief it seeks in its Amended Complaint.

## **DEFENSES**

Defendants assert the following affirmative and other defenses.  In alleging the defenses set forth below, Defendants do not agree or concede that they bear the burden of proof or the burden of persuasion on any of these defenses, whether in whole or in part.

## **First Defense**

### (Failure to State a Claim)

Neither the Amended Complaint nor the claims for relief alleged therein state a claim upon which relief can be granted against Defendants.   The Amended Complaint fails to allege facts sufficient to establish that Plaintiff has the statutory authority to bring this action; that T3 constitutes a "service provider;" that Defendants have engaged in "unfair," "deceptive," or "abusive" acts or practices; or that Grigor Demirchyan or Marina Demirchyan have acted "knowingly" or "recklessly," or have "substantially assisted" T3 in violating any law.

## **Second Defense**

### (Due Process)

Plaintiff's claims against Defendants violate the due process guarantee of the Fifth Amendment to the United States Constitution. The United States Constitution

DEFENDANTS' ANSWER TO AMENDED COMPLAINT AND DEMAND FOR JURY TRIAL

2635703v.1

requires that a defendant be given fair notice of what the law requires before it can be held liable for its violation.  Plaintiff's attempt to advance a novel theory of its enforcement authority against Defendants violates Defendants' constitutional due process rights.

### Third Defense

#### (Federal UDAAP Law Unconstitutionally Vague)

The Federal Unfair, Deceptive, or Abusive Acts or Practices Law is unconstitutionally vague and violates Defendants' constitutional rights. The statute fails to provide Defendants a reasonable opportunity to understand what conduct it prohibits, and authorizes and encourages arbitrary and discriminatory enforcement.

### Fourth Defense

#### (Structural Unconstitutionality of Plaintiff)

The statute that created Plaintiff, the Consumer Financial Protection Act, is unconstitutional under the non-delegation doctrine and principles of federalism.  In that regard, the Act provides authority to interpret and enforce the Act to a single person, who is not subject to the President's Executive removal authority; the Act delegates to that one person broad, unchecked power and quasi-legislative and judicial authority; and the Act exempts Plaintiff from the Congressional appropriations process.   Vesting such authority in a single person insulated from Executive authority and insulated from Congressional authority undermines the United States Constitution's limited, tripartite form of government reflected in the separation of powers among the three branches of government.

### Fifth Defense

#### (Compliance)

At all relevant times, Defendants made every reasonable effort to, and did in fact comply, with all applicable statutes, regulations, and/or ordinances under the circumstances alleged, and any noncompliance, if it existed at all, was justified under the circumstances alleged.

DEFENDANTS' ANSWER TO AMENDED COMPLAINT AND DEMAND FOR JURY TRIAL

### Sixth Defense

#### (Legal Fault of Others)

Any purported injury or harm alleged was, either wholly or in part, the legal fault of persons, firms, corporations, or entities other than Defendants, and that legal fault reduces the percentage of responsibility, if any, borne by Defendants.

### Seventh Defense

#### (No Scienter)

Defendants did not possess the required mental state to commit the alleged consumer law violations or act knowingly or recklessly in relation to the alleged consumer law violations.

### Eighth Defense

#### (Reduction and Offset)

To the extent Plaintiff is awarded any damages, whether legal or equitable in nature, liability for which Defendants wholly deny, such damages must be reduced by the amount of benefits received by consumers, whether from any Defendant or any other source.

### Ninth Defense

#### (Statute of Limitations)

Plaintiff's claims are barred, in whole or in part, by the applicable statute of limitations.

### Tenth Defense

#### (Unlawful Retroactivity)

Plaintiff is barred from retroactively pursuing claims for conduct that predated any applicable regulations or notice to Defendants under the Consumer Financial Protection Act.

### Eleventh Defense

#### (Unlawful Civil Money Penalties, Fees and Restitution)

Plaintiff's request for the imposition of civil money penalties and the recovery of

12

fees against Defendants is unconstitutionally vague, and unconstitutional as an excessive and double fine, under the United States Constitution.  In addition, the First Amended Complaint fails to allege facts sufficient to establish that Plaintiff is entitled to the recovery of any fees against Defendants, whether under the Consumer Financial Protection Act or otherwise.  Furthermore, penalties cannot constitutionally be applied retroactively to penalize conduct that Defendants could not have anticipated was unlawful, and Plaintiff cannot recover in restitution for speculative or future injury to any consumer.

## **Defenses Reserved**

Defendants have insufficient knowledge and information upon which to form a belief as to whether additional defenses are available. Defendants reserve the right to assert additional defenses based on legal theories that may or will be divulged through clarification of the Amended Complaint, through discovery, through change or clarification of the governing law, or through further legal analysis of Plaintiff's position in this litigation.

## **DEFENDANTS' DEMAND FOR JURY TRIAL**

Defendants demand that the claims asserted in the Amended Complaint be tried by a jury to the extent authorized by law.

Dated:  November 30, 2016          WILSON, ELSER, MOSKOWITZ,
                                                        EDELMAN & DICKER LLP


                                            By      */s/ Herbert P. Kunowski*
                                                        Herbert P. Kunowski

                                            Attorneys for Defendants,
                                            D and D Marketing, Inc., d/b/a T3Leads,
                                            Grigor Demirchyan, and Marina Demirchyan