1   Abraham J. Colman (SBN 146933)
    Email:   acolman@reedsmith.com
2   Raffi Kassabian (SBN 260358)
    Email:   rkassabian@reedsmith.com
3   REED SMITH LLP
    355 South Grand Avenue
4   Suite 2900
    Los Angeles, CA  90071-1514
5   Telephone: +1 213 457 8000
    Facsimile: +1 213 457 8080
6
    Attorneys for Defendant
7   Davit Gasparyan, a/k/a David Gasparyan

8
                      UNITED STATES DISTRICT COURT
9
                     CENTRAL DISTRICT OF CALIFORNIA
10
                           WESTERN DIVISION
11

12  | Consumer Financial Protection Bureau, | Case No. 2:16-cv-2725-PSG(Ex) |
13  | Plaintiff, | *to be consolidated with:* Case No. 2:15-cv-9692-PSG(Ex) |
14  | vs. | Case No. 2:16-cv-2724-PSG(Ex) |
15  | Davit Gasparyan, a/k/a David Gasparyan, | **DEFENDANT'S NOTICE OF MOTION AND MOTION TO CONSOLIDATE PRETRIAL PROCEEDINGS IN RELATED ACTIONS** |
16  | Defendant. | |
17
18

19  | Consumer Financial Protection Bureau, | **Date:       April 17, 2017** |
    | Plaintiff, | **Time:       1:30 p.m.** |
20  | | **Ctrm:       6A** |
21  | v. | |
    | D and D Marketing, Inc., d/b/a T3Leads, | [*filed concurrently with [Proposed] order*] |
22  | Grigor Demirchyan, and Marina Demirchyan, | |
    | Defendants. | Judge:       Hon. Philip S. Gutierrez |
23  | | Courtroom:   6A |
24  | Consumer Financial Protection Bureau, | |
    | Plaintiff, | |
25
26  | v. | |
27  | Dmitry Fomichev, | |
    | Defendant. | |
28

**TO ALL PARTIES AND THEIR COUNSEL OF RECORD:**

**PLEASE TAKE NOTICE THAT** on April 17, 2017 at 1:30 p.m., or as soon thereafter as counsel may be heard by the above-entitled Court, located at First Street Courthouse, 350 West 1st Street, Courtroom 6A, 6th Floor, Los Angeles, California 90012-4565, Defendant Davit Gasparyan will and hereby does respectfully move this Court, pursuant to Federal Rule of Civil Procedure 42, for an order consolidating pretrial proceedings in three related cases:

(1) *Consumer Financial Protection Bureau v. D and D Marketing, et al*, CV 15-9692 PSG (Ex);

(2) *Consumer Financial Protection Bureau v. Fomichev*, CV 16-2724 PSG (Ex); and

(3) *Consumer Financial Protection Bureau v. Gasparyan*, CV 16-2725 PSG (Ex);

As these three cases all arise from the Consumer Financial Protection Bureau's allegations that D and D Marketing, Inc. d/b/a T3Leads, violated the Consumer Financial Protection Act, and involve the same parties, identical legal claims and virtually identical factual allegations, judicial economy and the risk of inconsistent results demand consolidation of these cases for discovery and pre-trial matters.

Further, Mr. Gasparyan asks that the Court adjourn the Scheduling Conference dates previously set in these three cases to a new date that will permit the parties to hold a joint Rule 26(f) Conference and all appear at one Scheduling Conference with the Court.

This Motion is based on this Notice of Motion and Motion, the attached Memorandum of Law, the pleadings and papers on file, and upon such matters as may be presented to the Court at the time of the hearing.

This motion is made following the conference of counsel pursuant to L.R. 7-3 which took place on February 7, 2017. Defendant Fomichev has indicated that he

1  does not object to this Motion or the relief sought.  The CFPB and defendants D and

2  D Marketing, Inc., d/b/a T3Leads ("T3"), Grigor Demirchyan , and Marina

3  Demirchyan have indicated that they will likely oppose the Motion .

4

5  DATED:  February 14, 2017          REED SMITH LLP

6

7                                    /s/ *Raffi Kassabian*_____

8                                    Abraham J. Colman (SBN 146933)

9                                    Raffi Kassabian (SBN 260358)
                                     Attorneys for Defendant
10                                   DAVIT GASPARYAN, a/k/a DAVID
                                     GASPARYAN

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

DEFENDANT'S NOTICE OF MOTION AND MOTION TO CONSOLIDATE PRETRIAL PROCEEDINGS IN
RELATED ACTIONS

# **MEMORANDUM OF LAW**

## I.   **INTRODUCTION**

In 2015 and 2016, Plaintiff Consumer Financial Protection Bureau ("CFPB"), in three separate actions, alleged that D and D Marketing, Inc., d/b/a T3Leads ("T3"), and its founders and current and former officers, namely, Grigor and Marina Demirchyan, Dmitry Fomichev,[1] and Davit Gasparyan, violated the Consumer Financial Protection Act ("CFPA"). In doing so, the CFPB filed three separate complaints, each of which identified the same actors, asserted the same legal claims, and made virtually the same factual allegations. Not surprisingly, therefore, when this Court considered the motions to dismiss filed in each of these cases, it branded the three complaints as "related," and issued one opinion on all three motions to dismiss. *See* November 17, 2016 Order Denying Defendants' Motions to Dismiss (Dkt. 39) ("11/17/16 Order") at 1.

The parties to the three cases are now about to embark on discovery, with initial Rule 16(b) Scheduling Conferences set in the other related matters for March 20, 2017 and for this matter on April 3, 2017. Undertaking discovery in such a disjointed manner in three cases involving the same conduct and legal claims certainly does not conserve either judicial or party resources, and raises the clear risk of inconsistent rulings. Such overlap instead warrants that the Court consolidate the cases for the conduct of a streamlined pretrial process. Mr. Gasparyan, therefore, respectfully requests that this Court formally consolidate:

> (1) *Consumer Financial Protection  Bureau v. D and D Marketing, et al*, CV 15-9692 PSG (EX) ("*CFPB v. D and D Marketing*");
>
> (2) *Consumer Financial Protection Bureau v. Fomichev*, CV 16-2724 PSG (Ex) ("*CFPB v. Fomichev*"); and

---

[1] Mr. Fomichev is a defendant in both *CFPB v. D and D Marketing* and *CFPB v. Fomichev*.

DEFENDANT'S NOTICE OF MOTION AND MOTION TO CONSOLIDATE PRETRIAL PROCEEDINGS IN RELATED ACTIONS

1      (3) *Consumer Financial Protection Bureau v. Gasparyan*, CV 16-2725 PSG

2      (Ex) ("*CFPB v. Gasparyan*"),

3   for pretrial purposes[2], and set an initial Scheduling Conference for all three cases on a

4   date that allows the parties sufficient time to conduct a joint Rule 26(f) Conference.[3]

5   ## II.   <u>LEGAL STANDARD</u>

6      District Courts have "broad discretion" under Federal Rule of Civil Procedure

7   42 to consolidate two or more "actions involving a common question of law or fact."

8   *Garity v. APWU National Labor Organization*, 828 F.3d 848, 855-56 (quoting

9   *Investors Research Co. v. U.S. Dist. Court for Cent. Dist. of Cal.*, 877 F.2d 777, 777

10  (9th Cir. 1989)); Fed. R. Civ. P. 42(a) ("Rule 42"). *See also Yousefi v. Lockheed*

11  *Martin Corp.*, 70 F. Supp. 2d 1061, 1064-65 (C.D. Cal. 1999) ("The threshold

12  issue…is whether the actions involve common facts or legal issues.") (citing

13  *Enterprise Bank v. Saettele*, 21 F.3d 233, 235 (8th Cir. 1994)).  In exercising that

14  discretion, a court balances "the interest of judicial convenience against the potential

15  for delay, confusion and prejudice caused by consolidation." *Paxonet Commc'ns, Inc.*

16  *v. Transwitch Corp.*, 303 F. Supp. 2d 1027, 1029 (N.D. Cal. 2003) (citation omitted).

17  *and Modesto Irrigation Dist. v. Gutierrez*, Nos. 06-00453, 06-00308, 2007 WL

18  915228, at *4 (E.D. Cal. Mar. 26, 2007) (reiterating the two steps of a Rule 42(a)

19  inquiry:  (1) whether the actions involve a common question of fact and (2) the

20  balance of interests of judicial convenience against the potential for prejudice caused

21  by consolidation).

22

23  ---

   [2] Mr. Gasparyan  believes that consolidating through trial is premature at this time,

24  and that the parties should address such further consolidation, if at all, after the
completion of discovery.

25

26  [3] Notably, the Demirchyans and Mr. Fomichev have both moved to certify issues for

27  immediate appeal pursuant to 28 U.S.C. § 1292(B) and stay proceedings in the other
related matters.  Mr. Gasparyan will be filing a Motion for Certification of

28  Interlocutory Appeal and Concomitant of Stay as well.

DEFENDANT'S NOTICE OF MOTION AND MOTION TO CONSOLIDATE PRETRIAL PROCEEDINGS IN
RELATED ACTIONS

1   "'Considerations of judicial economy strongly favor simultaneous resolutions

2   of all claims growing out of one event.'" *Dollens v. Zionts*, 2001 WL 1543524, at *2

3   (N.D. Ill. Dec. 4, 2001) (quoting *Ikerd v. Lapworth*, 435 F.2d 197, 204 (7th Cir.

4   1970)). Courts repeatedly have expressed a preference for consolidation as a means of

5   "avoid[ing] unnecessary duplication of efforts in related cases and promot[ing]

6   judicial economy and efficiency." *B.P. Prods. N. Am., Inc. v. Bulk Petroleum Corp.*,

7   2008 WL 4066106, at *5 (E.D. Wis. Aug. 27, 2008); *see also U.S. v. Knauer*, 149

8   F.2d 519, 520 (7th Cir. 1945) ("Rule 42(a)...was designed and intended to encourage

9   such consolidation where possible").

10   The "potential burden on the parties[] [and] witnesses" that consolidating cases

11   will cause tempers a court's consolidation analysis. *Burnett v. Rowzee*, 2007 WL

12   4191991, at *2 (C.D. Cal. Nov. 26, 2007) (citation omitted)).  Consolidation for

13   pretrial purposes is appropriate when:  "coordinated discovery allows the parties to

14   make and respond to fewer discovery requests...coordinate their motions to eliminate

15   unnecessary and duplicitous arguments...[and] help the Court and the parties sort out

16   the larger scheme at issue in [the] case." *Id.*, at *6.  On the other hand, prejudice

17   exists under Rule 42 when one party is subjected to a "heavy burden" by

18   consolidation, such as "participating in voluminous pretrial discovery in a mammoth

19   proceeding that may last for years" when it was a "non-particip[ant] in most of the

20   alleged misconduct."  *Garber v. Randell*, 477 F.2d 711, 717 (2nd Cir. 1973)

21   (determining whether consolidation of suits during pretrial stages will outweigh

22   prejudice to an individual party such that it should be severed from the consolidation).

23   *See also In re Equality Funding Corp. of America Securities Litigation*, 416 F.Supp.

24   161, 176-77 (C.D. Cal. Jan. 23, 1976) (citing *Garber* and *Katz v. Realty Equities*

25   *Corp.*, 521 F.2d 1354, 1360-62 (2nd Cir. 1975)).  Lastly, consolidation does not

26   depend on party approval; in fact, the courts have the power to order consolidation *sua*

27   *sponte* over objection of the parties. *Cantrell v. GAF Corp.*, 999 F2d 1007, 1011 (6th

28

DEFENDANT'S NOTICE OF MOTION AND MOTION TO CONSOLIDATE PRETRIAL PROCEEDINGS IN
RELATED ACTIONS

1   Cir. 1993).

2   **III.   <u>LEGAL ARGUMENT</u>**

3       **A.   The Cases Share Common Questions of Law and Fact.**

4         The CFPB's claims against T3, the Demichyans, Mr. Fomichev and Mr.

5   Gasparyan share common questions of law or fact.  As the Court noted when relating

6   these cases for determination of the motions to dismiss, the Demichyans, Mr.

7   Fomichev and Mr. Gasparyan are alleged founders and current or former members of

8   T3 management that purportedly "violated the [CFPA]" by allowing consumers "to be

9   exposed to lenders that could cause them substantial harm" and taking advantage of

10   "consumers' lack of understanding of the material risks, costs, and conditions of their

11   loans."  11/17/16 Order  at 1-2, 4.  In other words, the CFPB premises the liability for

12   each individual Defendant on the question of whether T3 violated the CFPA.  *See id.*

13   at 18 ("The Court ultimately finds that the complaints raise a plausible inference of

14   illegal conduct as to all Defendants" because "[t]he CFPB alleges that T3 knew or

15   should have known that the leads that it provided…would result in void loans" and

16   "likely involved…fraudulent activity"); at 20 (The CFPB alleges "that both [the

17   Demirchyans] had significant responsibility in managing T3 and its operations" giving

18   them "authority and responsibility" over T3's allegedly illegal conduct such that they

19   were "more than incidentally involved in T3's business."); at 22 (The CFPB

20   sufficiently alleges that Mr. Fomichev's knowledge, involvement with T3 and

21   "awareness of the interplay among consumers, generators, and purchasers, is enough

22   to raise a plausible inference that [Mr. Fomichev] is liable for substantially assisting

23   T3 in a violation of the CFPA."); and at 22 ("Like the other complaints" the facts

24   alleged against Mr. Gasparyan regarding his work with T3 "raise[] a plausible

25   inference that [Mr. Gasparyan's] conduct is linked to the consumer harm.").

26         Because adjudication of the issue of whether T3's alleged business practices

27   and conduct violated the CFPA will necessarily overlap in the adjudication of the

28

1  exact same CFPA claims CFPB alleges against Mr. Fomichev and Mr. Gasparyan, all
2  three cases involve common questions of law and fact.

3  **B.      Consolidation Will Promote Judicial Economy.**

4        Consolidation of these three cases for pretrial purposes will promote the
5  purpose of Rule 42(a) – judicial economy – throughout the pretrial phase.  Indeed,
6  case scheduling, discovery, dispositive motions, and early resolution would all run
7  more efficiently if these matters are consolidated.  For example, scheduling
8  conferences in two of the matters are currently set to occur on March 20, 2017 (*CFPB*
9  *v. D and D Marketing* and *CFPB v. Fomichev*) and April 3, 2017 in the instant matter
10 (*CFPB v. Gasparyan*).  Thus, by consolidating these three (3) related cases, this Court
11 can further promote judicial economy by holding these conferences together, such that
12 the parties can work to avoid duplication of discovery efforts, eliminate redundant
13 practices, and coordinate schedules to set realistic timelines to adjudicate these matters
14 without subjecting the parties to unnecessary repetition of efforts, expenses, and costs.
15 On the other hand, not consolidating these cases will lead to repetitious scheduling,
16 redundant motions practice, multiple depositions of the same witnesses, repeated
17 production of the same documents, and unnecessarily inflated costs. These
18 unnecessary complications can be avoided by consolidating the cases.  *See Robbins v.*
19 *Pepsi-Cola Met. Bottling Co.*, 1985 WL 5130 (N.D. Ill. Dec. 26, 1985) (granting
20 motion to consolidate actions involving similar parties and counsel, noting that
21 "consolidation of these cases will actually operate to avoid or minimize duplication of
22 the court's and both parties' counsel's time in common issues of discovery or
23 common issues that need to be researched and briefed.").

24 **C.      Consolidation Will Avoid Inconsistent Results.**

25       For the pretrial stage, "consolidation of actions… will, under many
26 circumstances, be a desirable administrative technique," as it avoids unnecessary costs
27 and delay.  *Firemen's Ins. Co. of Newark, N.J. v. Keating*, 753 F.Supp. 1137, 1141
28

DEFENDANT'S NOTICE OF MOTION AND MOTION TO CONSOLIDATE PRETRIAL PROCEEDINGS IN
RELATED ACTIONS

1    (S.D. N.Y. Dec. 13, 1990) (quoting 9 Wright & Miller, *Federal Practice and*

2    *Procedure* § 2382 at 257 (1971) (citing *MacAlister v. Guterma*, 263 F.2d 65, 68 (2d

3    Cir. 1958))).  Here, coordinated discovery would allow the parties to make and

4    respond to fewer requests, coordinate their motions to eliminate unnecessary and

5    duplicitous arguments, and help the Court and the parties sort out the larger scheme at

6    issue.  *Burnett*, 2007 WL 4191991, at *6.

7          Furthermore, consolidation "not only enhances judicial efficiency by avoiding

8    unnecessary duplication of evidence and procedures, but it also guards against the risk

9    of inconsistent adjudications." *EEOC v. HBE Corp.*, 135 F.3d 543, 550-51 (8th Cir.

10   1998); *see also, e.g., Sylverne v. Data Search N.Y., Inc.*, 2008 WL 4686163, at *2

11   (N.D. Ill. May 28, 2008)(consolidation promotes consistency of results); *Cadillac Ins.*

12   *Co. v. American Nat'l Bank of Schiller Park*, 1992 WL 58786, at *8 (N.D. Ill. Mar.

13   12, 1992) ("One of the main objectives of consolidation is to avoid a situation where

14   there might be conflicting results from separate actions.").  Allowing these cases to

15   proceed independently, however, risks inconsistent agreements or decisions as to the

16   scope and timing of discovery, as well as treatment of confidential information.

17   Further, the CFPB may unfairly gain a second or third bite of the apple on discovery

18   decisions as it can raise matters decided in one case in a subsequent case, and thus

19   gain access to discovery it was not able to obtain in the first action. Only by allowing

20   the discovery in these cases to proceed on the same schedule and subject to the same

21   orders will ensure that the Court avoids the imposition of inconsistent discovery

22   obligations upon the parties.

23         **D.    Consolidation Will Not Prejudice Any Party.**

24         Finally, in considering this motion, the Court must consider whether

25   consolidation would cause any party undue prejudice.  *Single Chip Sys. Corp. v.*

26   *Intermec IP Corp.*, 495 F. Supp. 2d 1052, 1057 (S.D. Cal. 2007).  Here, all three

27   cases are at roughly the same point, namely, the start of the discovery process. Thus,

28

DEFENDANT'S NOTICE OF MOTION AND MOTION TO CONSOLIDATE PRETRIAL PROCEEDINGS IN
RELATED ACTIONS

no party will be subject to duplication of discovery or delayed in the prosecution of its case if instead of repeating three courses of discovery, the parties to the three cases conduct joint discovery conferences and hearings, execute written and oral discovery on the same schedule, jointly address expert issues, and complete together all pre-trial procedures necessary for trial.  Moreover, no defendant will be subjected to a "heavy burden" by consolidating the cases for pretrial purposes.  *Garber*, 477 F.2d 711, 717.  Instead, consolidation will benefit the parties by avoiding duplication of efforts and reducing discovery costs.  *See Sylverne*, 2008 WL 4686163, at *1-3 (finding that, rather than being prejudiced by consolidation, defense would benefit from cost savings and avoidance of duplication of effort); *Magnavox Co. v. APF Electronics, Inc.*, 496 F. Supp. 29, 32-33 (N.D. Ill. 1980) (finding that consolidation would not prejudice parties, and would instead benefit the court and the parties by eliminating duplication of effort).

## IV.   CONCLUSION

Consolidation of these three cases for discovery and pre-trial procedures will conserve substantial judicial and party resources, minimize duplication of efforts for the parties and negate any possibility of inconsistent findings, rulings and judgments.  Moreover, consolidation of the actions will not result in any prejudice to any party.  For these reasons, Mr. Gasparyan respectfully requests that this Court consolidate pretrial proceedings in:  *Consumer Financial Protection Bureau v. Gasparyan*, CV 16-2725 PSG (Ex); *Consumer Financial Protection  Bureau v. D and D Marketing, et al*, CV 15-9692 PSG (Ex); and *Consumer Financial Protection Bureau v. Fomichev*, CV 16-2724 PSG (Ex).  Further, given that the Court presently has two separate Scheduling Conferences set for these related cases, Mr. Gasparyan further requests that the Court adjourn these dates and set one date in all three cases that allows the parties to conduct a joint Rule 26(f) conference at least 21 days prior to such Scheduling Conference.

DATED:  February 14, 2017          REED SMITH LLP


                                   /s/ *Raffi Kassabian*_____
                                   Abraham J. Colman (SBN 146933)
                                   Raffi Kassabian (SBN 260358)
                                   Attorneys for Defendant
                                   DAVIT GASPARYAN, a/k/a DAVID
                                   GASPARYAN

DEFENDANT'S NOTICE OF MOTION AND MOTION TO CONSOLIDATE PRETRIAL PROCEEDINGS IN
RELATED ACTIONS

**ATTESTATION OF SIGNATURE**

I, Raffi Kassabian, am the ECF User whose ID and Password were used to electronically file *Defendant's Motion to Consolidated Pretrial Proceedings in Related Actions.*  Pursuant to Central District of California Local Rule 5-4.3.4(a)(2), I hereby attest that all other signatories listed, and on whose behalf this filing is submitted, concur in the content of this filing and have authorized the electronic filing thereof.

DATED:  February 14, 2017

*/s/ Raffi Kassabian*
Raffi Kassabian