MEGHAN SHERMAN CATER (*pro hac vice*)
Email: meghan.sherman@cfpb.gov
BARRY REIFERSON (*pro hac vice*)
Email: barry.reiferson@cfpb.gov
JADE A. BURNS (*pro hac vice*)
Email: jade.burns@cfpb.gov
Consumer Financial Protection Bureau
1700 G Street, NW
Washington, DC 20552
Telephone: (212) 328-7020
Facsimile: (202) 435-7329
KENT A. KAWAKAMI, CA Bar #149803
Email: kent.kawakami@usdoj.gov
Local Counsel
United States Attorney's Office
Central District of California – Civil Division
300 North Los Angeles Street, Room 7516
Los Angeles, CA 90012
Telephone: (213) 894-4858
Facsimile: (213) 894-2380
Attorneys for Plaintiff
Consumer Financial Protection Bureau

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA
WESTERN DIVISION

| | |
|---|---|
| Consumer Financial Protection Bureau,<br><br>       Plaintiff,<br><br>v.<br><br>D and D Marketing, Inc., d/b/a T3Leads, *et al.*,<br><br>       Defendants. | Case No. 2:15-cv-9692-PSG(Ex)<br><br>Honorable Philip S. Gutierrez<br><br>**PLAINTIFF'S OPPOSITION TO DEFENDANTS' MOTION FOR CERTIFICATION OF INTERLOCUTORY APPEAL AND STAY**<br><br>Hearing Date & Time: March 27, 2017; 1:30 p.m.<br><br>Courtroom 6A, 350 West 1st Street, 6th Floor, Los Angeles, California 90012 |

# TABLE OF CONTENTS

Table of Authorities……………………………………………………………iv

Introduction………………………………………………………………...…1

Procedural Background…………………………………………………………2

Argument and Authorities………………………………………………………2

    I.      Interlocutory appeal under § 1292 (b) is not warranted here…………...2

          A. Defendants' first question as to "the proper remedy" for
             any structural infirmity of the bureau is not a controlling
             question of law as to which there is a substantial ground
             for difference of opinion………………………………………………3

          B. Defendants waived the issue of "proper remedy" on
             interlocutory appeal by failing to raise it in their
             motions to dismiss…………………………………………………...6

          C. Defendants' second posited question regarding an
             "as-applied" void-for-vagueness challenge is not a
             controlling question of law as to which there is a
             substantial ground for difference of opinion……………………..…..7

          D. Gasparyan's posited question as to whether the Bureau
             must declare a practice "unfair" or "abusive" before
             filing suit is not a controlling question of law as to which
             there is a substantial ground for difference of opinion…….…...…..12

          E. An interlocutory appeal would not materially advance
             the ultimate termination of this litigation…………………………16

    II.    Defendants fail to establish the existence of exceptional
          circumstances warranting the exercise of discretion in
          their favor, even if they could meet the minimum statutory
          requirements……………………………………………………..……17

A. Interlocutory consideration of the defendants'
"proper remedy" question is inappropriate……..……………..…..17

B. Defendants' delays in filing their motions warrant
denial of certification…………………………………….…..…18

III.    Defendants fail to justify a stay of this case…………………….…..19

Conclusion……………………………………………………………..24

# <u>TABLE OF AUTHORITIES</u>

Cases

*Am. Gas Ass'n v. FERC,*
    912 F.2d 1496 (D.C. Cir. 1990)..............................................................13

*Armstrong v. Brown,*
    768 F.3d 975 (9th Cir. 2014) ..................................................................6

*Association des Eleveurs de Canards et d'Oies du Quebec v. Harris,*
    729 F.3d 937 (9th Cir. 2013) ..................................................................9

*Autotel v. Nev. Bell Tel. Co.,*
    697 F.3d 846 (9th Cir. 2012) ..................................................................7

*BMW of N. Am., Inc. v. Gore,*
    517 U.S. 559 (1996) ............................................................................12

*Bond v. United States,*
    131 S. Ct. 2355 (2011) ..........................................................................6

*Bouie v. City of Columbia,*
    378 U.S. 347 (1964) ............................................................................12

*Bradberry v. T-Mobile USA, Inc.,*
    No. C 06-6567 CW, 2007 U.S. Dist. LEXIS 58801,
    (N.D. Cal. Aug. 2, 2007)......................................................................21

*Brown v. Hain Celestial Group, Inc.,*
    No. C 11-03082 LB, 2012 U.S. Dist. LEXIS 136702, at *14-15............................23

*Casteneda v. United States,*
    No. CV 07-07241 DDP (JCx),
    2008 U.S. Dist. LEXIS 40567, (C.D. Cal. May 20, 2008).....................................20

*CFPB v. CashCall, Inc.,*
    CV 15-7522-JFW (RAOx), 2016 WL 4820635
    (C.D. Cal. Aug. 31, 2016)..........................................................4, 15, 16

iv

*CFPB v. Gordon,*
  819 F.3d 1179 (9th Cir. 2016) ...................................................................5, 15

*CFPB v. ITT Educ. Servs.,*
  CV 14-292 SEB (TABx), 2015 WL 1013508,
  (S.D. Ind. Mar. 6, 2015).............................................................................4, 15

*CFPB v. Morgan Drexen, Inc.,*
  60 F. Supp. 3d 1082 (C.D. Cal. 2014) ........................................................4, 7

*CFPB v. NDG Fin.Corp.,*
  No. 15-cv-5211 (CM), 2016 U.S. Dist. LEXIS 177756,
  (S.D.N.Y. Dec. 2, 2016) .............................................................................4, 5

*Coopers & Lybrand v. Livesay,*
  437 U.S. 463 (1978) .........................................................................................3

*Couch v. Telescope Inc.,*
  611 F.3d 629 (9th Cir. 2010) ...........................................................................4

*Craft v. Nat'l Park Serv.,*
  34 F.3d 918 (9th Cir. 1994) .............................................................................9

*Exec. Software N. Am., Inc. v. U.S. Dist. Ct.,*
  24 F.3d 1545, 1550 (9th Cir. 1994)………………………………....3, 17

*FCC v. Fox Television Stations, Inc.,*
  132 S. Ct. 2307 (2012) .............................................................................9, 11

*Flo & Eddie, Inc. v. Sirius XM Radio, Inc.,*
  2015 WL 4397175 (C.D. Cal. June 8, 2015)...............................................19

*FTC v. Accusearch Inc.,*
  570 F.3d 1187 (10th Cir. 2009) .....................................................................14

*FTC v. Am. Tax Relief, LLC,*
  2012 WL 12886197 (C.D. Cal. June 19, 2012)....................................21, 22

*FTC v. Innovative Wealth Builders, Inc.,*
  2013 WL 1000922 (N.D. Fl. Mar. 14, 2013) ..............................................21

PL'S OPPOSITION TO DEFS' MOTION FOR CERTIFICATION OF INTERLOCUTORY APPEAL AND STAY

*FTC v. Neovi, Inc.*,
  604 F.3d 1150 (9th Cir. 2010) ...................................................................14

*FTC v. Neovi, Inc.*,
  2009 WL 56130 (S.D. Cal. Jan. 7, 2009) .................................................13

*FTC v. Sperry & Hutchinson Company*,
  405 U.S. 233 (1972) ...........................................................................14, 15

*FTC v. Wyndham Worldwide Corp.*,
  10 F. Supp. 3d 602 (D.N.J. 2014) .....................................................14, 15

*Gagan v. Sharar*,
  No. CIV 99-1427 PHX RCB, 2006 U.S. Dist. LEXIS 81176,
  (D. Ariz. Nov. 6, 2006) ...........................................................................18

*Grayned v. City of Rockford*,
  408 U.S. 104, 108-09 (1972)…………………...………………………………11

*Guifu Li v. A Perfect Franchise, Inc.*,
  No. 5:10-CV-01189-LHK, 2011 U.S. Dist. LEXIS 60814,
  (N.D. Cal. June 8, 2011) .........................................................................20

*Hill v. Colorado*,
  530 U.S. 703 (2000) .................................................................................11

*Ill. Union Ins. Co. v. Intuitive Surgical, Inc.*,
  No. 13-cv-04863-JST, 2016 U.S. Dist. LEXIS 140762,
  (N.D. Cal. Oct. 11, 2016)...........................................................................7

*In re Apple & ATTM Antitrust Litig.*,
  2010 WL 11489069 (N.D. Cal. Sept. 15, 2010).......................................19

*In re Cement Antitrust Litig.*,
  673 F.2d 1020 (9th Cir. 1982) ...................................................................7

*In re Mortg. Store, Inc.*,
  773 F.3d 990 (9th Cir. 2014) ...................................................................11

*James v. Price Stern Sloan, Inc.*,
  283 F.3d 1064 (9th Cir. 2002) .................................................................17

PL'S OPPOSITION TO DEFS' MOTION FOR CERTIFICATION OF INTERLOCUTORY APPEAL AND STAY

*Johnson v. United States*,
  135 S. Ct. 2551 (2015) .......................................................10

*McDonald v. Holder*,
  No. 09-CV-0573-CVE-TLW, 2010 U.S. Dist. LEXIS 134059,
  (N.D. Okla. Dec. 17, 2010).................................................18

*M.G. v. Metro. Interpreters and Translators, Inc.*,
  85 F. Supp. 3d 1195 (S.D. Cal. 2015) .................................11

*Moorer v. Baptist Mem'l Health Care Sys.*,
  398 F.3d 469 (6th Cir. 2005) ..............................................7

*Nat'l Asbestos Workers Med. Fund v. Philip Morris, Inc.*,
  71 F. Supp. 2d 139 (E.D.N.Y. 1999).........................3, 17, 20

*Nken v. Holder*,
  129 S. Ct. 1749 (2009) ........................................................19

*NLRB v. Bell Aerospace Co. Div. of Textron, Inc.*,
  416 U.S. 267 (1974) ......................................................12, 16

*Norm Thompson Outfitters, Inc. v. Starcrest Prods. of Cal., Inc.*,
  No. 03-1149-HA, 2004 U.S. Dist. LEXIS 8383,
  (D. Or. May 4, 2004) ..........................................................23

*PHH Corp. v. CFPB*,
  839 F.3d 1 (D.C. Cir. 2016)...................................................4

*PHH Corp. v. CFPB*,
  D.C. Cir. Case No. 15-1177, Doc. No. 1661681 (Feb. 16, 2017)………...……..4, 17

*Pinnock v. Doe*,
  No. 2:14-cv-05551-ODW(ASx), 2014 U.S. Dist. LEXIS 132155,
  (C.D. Cal. Sept. 19, 2014)...................................................22

*Rabe v. Washington*,
  405 U.S. 313 (1972) .............................................................12

*Reese v. BP Expl. (Alaska) Inc.*,
  643 F.3d 681 (9th Cir. 2011).............................................4, 12

vii

*Renegotiation Board v. Bannercraft Clothing Co.*,
  415 U.S. 1 (1974) ................................................................20

*Richardson Elecs., Ltd. v. Panache Broad. of Pa., Inc.*,
  202 F.3d 957 (7th Cir. 2000) .........................................18

*Roule v. Petraeus*,
  No. C 10-04632 LB, 2012 U.S. Dist. LEXIS 86444,
  (N.D. Cal. June 21, 2012) ...............................................22

*Ruiz v. Affinity Logistics Corp.*,
  667 F.3d 1318 (9th Cir. 2012) ..........................................6

*S.A. v. Tulare Cty. Office of Educ.*,
  No. CVF 08-1215 LJO GSA, 2009 U.S. Dist. LEXIS 14828,
  (E.D. Cal. Feb. 10, 2009) .................................................16

*SEC v. Chenery Corp.*,
  332 U.S. 194 (1947) ...................................................12, 16

*SEC v. Gemstar-TV Guide Int'l, Inc.*,
  401 F.3d 1031 (9th Cir. 2005) ...........................................9

*SEC v. Private Equity Mgmt. Group, LLC*,
  No. CV 09-2901 PSG (Ex), 2010 U.S. Dist. LEXIS 55644,
  (C.D. Cal. May 10, 2010) ...................................................3

*SEC v. Wilde*,
  2013 WL 2303761 (C.D. Cal. May 20, 2013).........19, 20, 21, 22

*Shanks v. AlliedSignal, Inc.*,
  169 F.3d 988 (5th Cir. 1999) ............................................7

*Spears v. Wash. Mut. Bank FA*,
  No. C-08-00868 RMW, 2010 U.S. Dist. LEXIS 1454,
  (N.D. Cal. Jan. 8, 2010) ..................................................18

*Steering Comm. v. United States*,
  6 F.3d 572 (9th Cir. 1993) .................................................8

viii

*United States Telecom Ass'n v. FCC,*
  825 F.3d 674 (D.C. Cir. 2016)..................................................................10

*United States v. Svoboda,*
  347 F.3d 471 (2d Cir. 2003) .......................................................................7

*Vill. of Hoffman Estates v. Flipside, Hoffman Estates, Inc.,*
  455 U.S. 489 (1982) ..............................................................................9, 10

*Virginia Petroleum Jobbers Ass'n v. FPC,*
  259 F.2d 921 (D.C. Cir. 1958)..................................................................20

*Wal-Mart Stores, Inc. v. City of Turlock,*
  483 F. Supp. 2d 987 (E.D. Cal. 2006) .......................................................8

*Yamaha Motor Corp. v. Calhoun,*
  516 U.S. 199 (1996) ..................................................................................17

Statutes

12 U.S.C. § 5511(a) ....................................................................................20

28 U.S.C. § 1292(b) ............................................................................2,7,19

Rules

Fed. R. Civ. P. 12(b)(6) ...............................................................................2

Fed. R. Civ. P. 26(f)...................................................................................23

# INTRODUCTION

Defendants collectively seek certification of three questions for interlocutory appeal and a concomitant stay of proceedings. Not one of these questions satisfies the statutory requirements for interlocutory review much less warrants the Court's exercise of its discretion to grant such extraordinary relief. They simply reflect the defendants' disagreement with the Court's denial of their motions to dismiss.

Defendants raise questions of (1) the appropriate remedy if the structure of the Consumer Financial Protection Bureau is unconstitutional; (2) whether a party is barred from advancing an as-applied challenge to the constitutionality of a statute; and (3) whether the Bureau is statutorily required to take certain actions before filing an enforcement proceeding. None of these questions is worthy of interlocutory review and each suffers from a combination of the following fatal flaws:

- Defendants waived issues 1 and 2 as appealable issues by failing to address them sufficiently in their motions to dismiss;[1]
- None involves a controlling question of law as to which there is a substantial ground for a difference of opinion; and
- None would materially advance termination of the litigation.

Finally, the requested appeal and stay of proceedings would only serve to unnecessarily delay adjudication of these related cases. For the ultimate termination of these cases to be advanced, the Ninth Circuit would have to accept interlocutory appeal and then rule entirely in the defendants' favor—an outcome that is far from certain. What is certain is that interlocutory appeal and a stay would prejudice the Bureau's and the public's interests in swift and fair adjudication and in stopping illegal conduct of a company that continues to operate.

The motions should be denied.

---

[1] The third issue is raised here only by Davit Gasparyan.

## PROCEDURAL BACKGROUND

The Bureau initiated three related actions: *CFPB v. D and D Marketing, Inc., d/b/a T3Leads, et al.*; *CFPB v. Dmitry Fomichev*; and *CFPB v. Davit Gasparyan*.[2] The Bureau alleges that: (1) T3 violated the Consumer Financial Protection Act of 2010 (CFPA) by engaging in unfair and abusive acts and practices in the sale of consumer-loan applications to small-dollar lenders and others acting unlawfully and in operating a loan-application network that prevented consumers from understanding the material risks, costs, or conditions of their loans; and (2) several of the company's past and current executives—Grigor Demirchyan, Marina Demirchyan, Dmitry Fomichev, and Davit Gasparyan—substantially assisted those violations. Each defendant moved to dismiss under Federal Rule of Civil Procedure 12(b)(6). The Court denied those motions in a consolidated Order on November 17, 2016. T3 and the Demirchyans filed their appeal-certification motion on December 27, 2016. Dmitry Fomichev and Davit Gasparyan followed with substantially similar motions on January 24, 2017 and February 24, 2017, respectively. Because the motions are largely the same, the Bureau files this response in each of those cases.

## ARGUMENT AND AUTHORITIES

### I.   Interlocutory appeal under § 1292(b) is not warranted here.

The Court may certify an immediate appeal from a district court order not otherwise subject to interlocutory appeal if the order involves a controlling question of law as to which there is a substantial ground for difference of opinion and an immediate appeal will materially advance the ultimate termination of the litigation.[3]

---

[2] *CFPB v. D and D Marketing, Inc., d/b/a T3Leads, et al.* [hereinafter *T3*], 2:15-cv-9692-PSG(Ex); *CFPB v. Dmitry Fomichev* [hereinafter *Fomichev*], 2:16-cv-2724-PSG(Ex); *CFPB v. Davit Gasparyan* [hereinafter *Gasparyan*], 2:16-cv-2724-PSG(Ex).

[3] 28 U.S.C. § 1292(b).

1   But even if these requirements are met, a district court retains "independent and
2   unreviewable" discretion on a motion for certification of interlocutory appeal.[4]

3        As this Court has noted, "[c]ertification for interlocutory appeal should be
4   applied sparingly and only granted in exceptional situations in which allowing an
5   interlocutory appeal would avoid protracted and expensive litigation."[5] The burden
6   to establish such "exceptional circumstances" is on the party seeking certification.[6]
7   Here, the defendants fail to meet their burden.

8        **A.    Defendants' first question as to "the proper remedy" for any**
9             **structural infirmity of the Bureau is not a controlling question of law**
10            **as to which there is a substantial ground for difference of opinion.**

11       Defendants here seek certification of this Court's decision that severance of
12   the for-cause removal provision applicable to the Bureau's Director, rather than
13   dismissal of these actions, was the proper remedy for a finding that the structure of
14   the Bureau violates Article II of the Constitution. "The proper remedy for the
15   Bureau's unconstitutional structure," however, is not a question as to which there is a
16   substantial ground for difference of opinion requiring the immediate attention of an
17   appellate court.

18       As an initial matter, the defendants' question assumes that the Ninth Circuit
19   would find that the Bureau is unconstitutionally structured. That is an unwarranted
20   assumption. When addressing defendants' arguments to dismiss the complaints
21   based on the purported unconstitutionality of the Bureau, this Court surveyed
22

23   _____
24   [4] *Nat'l Asbestos Workers Med. Fund v. Philip Morris, Inc.*, 71 F. Supp. 2d 139, 146
     (E.D.N.Y. 1999) (internal quotation marks omitted) (citing *Exec. Software N. Am.,*
25   *Inc. v. U.S. Dist. Ct.*, 24 F.3d 1545, 1550 (9th Cir. 1994)).

26   [5] *SEC v. Private Equity Mgmt. Group, LLC*, No. CV 09-2901 PSG (Ex), 2010 U.S.
     Dist. LEXIS 55644, at *6-7 (C.D. Cal. May 10, 2010) (Gutierrez, J., denying
27   certification) (citations omitted).

28   [6] *Id.* (citing *Coopers & Lybrand v. Livesay*, 437 U.S. 463, 475 (1978)).

relevant caselaw[7] and correctly noted that some district courts have upheld the Bureau's constitutionality,[8] a panel of the D.C. Circuit in *PHH Corp. v. CFPB* had found the Bureau's structure unconstitutional,[9] and the Ninth Circuit had not yet addressed the issue.[10] Since then, the D.C. Circuit has granted rehearing en banc in *PHH* and vacated the panel's judgment.[11]

Beyond the underlying constitutionality question, there is no substantial ground for difference of opinion on the defendants' posited remedy-question. "To determine [whether] a 'substantial ground for difference of opinion' exists under § 1292(b), courts must examine to what extent the controlling law is unclear"[12] and must find that "reasonable jurists might disagree on an issue's resolution."[13] Courts have uniformly allowed the Bureau to continue to pursue its enforcement actions despite any possible constitutional infirmity. The panel in *PHH* held that the appropriate remedy for the asserted separation-of-powers violation was to sever the CFPA's "for cause" removal provision and remand the case for further proceedings.

---

[7] Order Denying Defs.' Mots. to Dismiss, at 6-7 (*T3*, ECF No. 57; *Fomichev*, ECF No. 40; *Gasparyan*, ECF No. 39).

[8] *CFPB v. Morgan Drexen, Inc.*, 60 F. Supp. 3d 1082, 1089 (C.D. Cal. 2014); *CFPB v. ITT Educ.Servs.*, CV 14-292 SEB (TABx), 2015 WL 1013508, at *9 (S.D. Ind. Mar. 6, 2015). *See also CFPB v. NDG Fin.Corp.*, No. 15-cv-5211 CM, 2016 U.S. Dist. LEXIS 177756, at *66 (S.D.N.Y. Dec. 2, 2016) (declining to address a challenge to the constitutionality of the Bureau's structure); *CFPB v. CashCall, Inc.*, CV 15-7522-JFW (RAOx), 2016 WL 4820635, at *13 (C.D. Cal. Aug. 31, 2016) (rejecting challenge to the constitutionality of the Bureau's structure).

[9] *PHH Corp. v. CFPB*, 839 F.3d 1, at *8 (D.C. Cir. 2016).

[10] Order Denying Defs.' Mots. to Dismiss, at 7.

[11] *PHH Corp. v. CFPB*, D.C. Cir. Case No. 15-1177, Doc. No. 1661681 (Feb. 16, 2017).

[12] *Couch v. Telescope Inc.*, 611 F.3d 629, 633 (9th Cir. 2010).[13] *Reese v. BP Expl. (Alaska) Inc.*, 643 F.3d 681, 688 (9th Cir. 2011).

[13] *Reese v. BP Expl. (Alaska) Inc.*, 643 F.3d 681, 688 (9th Cir. 2011).

The *PHH* panel was clear that the CFPA's other provisions would remain "fully operative as a law" and that, on remand, the Bureau could continue to pursue its enforcement action.[14] This Court found this remedy, applied in *PHH*, "measured and well-conceived."[15] Similarly, in another case, the Southern District of New York declined to address a challenge to the constitutionality of the Bureau's structure, holding that even if the Bureau's structure were unconstitutional, the "only appropriate remedy would not prevent or delay this suit."[16] There is no reason to believe the Ninth Circuit would depart from this line of cases, and the defendants have not demonstrated that there is a substantial ground for difference of opinion on the remedy question on which they seek interlocutory review.

The defendants' reliance on constitutional standing as a "threshold issue"[17] is misplaced. There is no constitutional-standing issue in this case because binding Ninth Circuit precedent makes clear that any Article II infirmity does not impact the Bureau's Article III standing.[18] The defendants misread their support for any

---

[14] *Id.* at 38-39 ("Because our constitutional ruling will not halt the CFPB's ongoing operations or the CFPB's ability to uphold the $109 million order against PHH, we must also consider PHH's statutory objections to the CFPB enforcement action in this case.").

[15] Order Denying Defs.' Mots. to Dismiss, at 8.

[16] *CFPB v. NDG Fin.Corp.*, No. 15-cv-5211 (CM), 2016 U.S. Dist. LEXIS 177756, at *66 (S.D.N.Y. Dec. 2, 2016) ("[E]ven if Defendants are correct that the CFPB's structure is unconstitutional, the only appropriate remedy would not prevent or delay this suit[.]").

[17] *T3*, ECF No. 69, at 5 ("The threshold issue presented here . . . is, in essence, one of standing. . . ."); *Fomichev*, ECF No. 47, at 5 ("[T]he Bureau lacks standing ..." and if "the Court of Appeals adopts Fomichev's position …, the prosecution of this lawsuit would necessarily be preempted."); *Gasparyan*, ECF No. 61, 14 (joining the other motions for certification).

[18] *CFPB v. Gordon*, 819 F.3d 1179, 1190 (9th Cir. 2016) (no court, including the Supreme Court, has ever suggested that Article II problems nullify Article III jurisdiction" and holding that an Article II problem with the appointment of the Bureau's Director did not deprive the Bureau of Article III standing).

1  contrary position, citing *Bond v. United States*[19] which stands for the proposition that

2  the defendants have standing to raise a constitutional challenge. The Bureau does not

3  challenge the defendants' standing.

### B. Defendants waived the issue of "proper remedy" on interlocutory appeal by failing to raise it in their motions to dismiss.

6  "[A]n issue will generally be deemed waived on appeal if the argument was

7  not raised sufficiently for the trial court to rule on it."[20] The defendants did not raise

8  the proper-remedy issue at all in their motions to dismiss. T3, the Demirchyans, and

9  Gasparyan relegated the underlying issue of constitutionality to a footnote

10 incorporating Fomichev's argument in his separate motion.[21] Fomichev, in turn,

11 made no mention of any remedy-related issues, including the existence of one or

12 many potential remedies, judicial discretion to determine an appropriate remedy, or

13 standing.[22] None of the defendants expounded on the issues in their reply briefs, and

14 the T3/Demirchyan and Gasparyan replies were filed after the D.C. Circuit's *PHH*

15 ruling in October 2016.[23] Fomichev went a step further in waiving the remedy issue,

16 arguing in his reply that this Court should withhold ruling on the underlying

17 constitutional issue "until the appellate courts have weighed in and provided

18 _____

19 [19] *T3*, ECF No. 69, at 7 (citing *Bond v. United States*, 131 S. Ct. 2355, 2365 (2011));
20 *Fomichev*, ECF No. 47, at 6-7 (same); *Gasparyan*, ECF No. 61, at 14 (joining the other motions for certification).

21 [20] *Armstrong v. Brown*, 768 F.3d 975, 981 (9th Cir. 2014) (citing *Ruiz v. Affinity*
22 *Logistics Corp.*, 667 F.3d 1318, 1322 (9th Cir. 2012)) (internal quot. marks omitted).

23 [21] *T3*, Mot. to Dismiss, at 3 n.1, ECF No. 39; *Gasparyan*, Mot. to Dismiss, at 8 n.1,
24 ECF No. 31.

25 [22] *See Fomichev*, Notice of Mot. & Mot. to Dismiss Am. Compl. & Mem. of Points & Authorities, at 6-13, ECF No. 29.

26 [23] *See T3*, Reply in Support of Mot. to Dismiss at 6-7, ECF No. 53 (discussing *PHH*
27 but omitting discussion of remedy); *Gasparyan*, Reply in Support of Mot. to Dismiss at 4-7 (discussing *PHH* but omitting discussion of Bureau-structure issues and
28 remedy).

1   guidance on this issue" in the *PHH* and *CFPB v. Morgan Drexen, Inc*. cases.[24] The

2   defendants' omission of the remedy issue in their motions to dismiss is fatal to their

3   motions for certification of interlocutory appeal on the resulting Order.[25]

**C.    Defendants' second posited question regarding an "as-applied" void-for-vagueness challenge is not a controlling question of law as to which there is a substantial ground for difference of opinion.**

7   The defendants' second question is as follows:

> Whether a party is barred from advancing an as-applied challenge to the constitutionality of a statute, based on the premise that the statute is not facially vague, where a novel interpretation of the statute may encourage its discriminatory enforcement? A subsidiary, threshold question is the proper test for evaluating such challenges.[26]

12  This question is wholly unrelated to the Court's denial of the motions to dismiss and

13  thus is not a controlling issue of law.[27] The defendants now posit this question in an

14  attempt to make a factual as-applied argument appear to be a legal issue worthy of

15  interlocutory appeal. It is not.[28] No party argued, nor did the Court find, that a party

---

[24] *Fomichev*, Reply in Support of Mot. to Dismiss Am. Compl. at 12, ECF No. 34 (citing *PHH* and *CFPB v. Morgan Drexen, Inc.*, 60 F. Supp. 3d 1082 (C.D. Cal. 2014)).

[25] *See, e.g.*, *Autotel v. Nev. Bell Tel. Co.*, 697 F.3d 846, 857 n.9 (9th Cir. 2012) (party's "conclusory statement in its opening brief, unaccompanied by argument or citation to the record, is insufficient to preserve the issue for appeal") (citation omitted); *see also, e.g.*, *Moorer v. Baptist Mem'l Health Care Sys.*, 398 F.3d 469, 487 (6th Cir. 2005) (argument raised in "a single sentence in a footnote" of a summary judgment motion "waived on appeal because of the perfunctory manner in which the argument was presented below"); *United States v. Svoboda*, 347 F.3d 471, 480 (2d Cir. 2003) (stating that argument raised only in a footnote was not preserved for appellate review); *Shanks v. AlliedSignal, Inc.*, 169 F.3d 988, 993 n.6 (5th Cir. 1999) (declining to consider issue raised for the first time on interlocutory appeal).

[26] *T3*, ECF No. 69, Not. of Mot., at 1; *Fomichev*, ECF No. 47, Not. of Mot., at 2 (same); *Gasparyan*, ECF No. 61, 14 (joining the other motions for certification).

[27] *See In re Cement Antitrust Litig.*, 673 F.2d 1020, 1026 (9th Cir. 1982).

[28] *See, e.g.*, 28 U.S.C. § 1292(b) (only controlling questions of law are certifiable for interlocutory appeal); *Ill. Union Ins. Co. v. Intuitive Surgical, Inc.*, No. 13-cv-04863-

7

1   is "barred from advancing an as-applied challenge." The Court simply rejected the

2   as-applied challenge the defendants advanced on their motions to dismiss.[29]

3          The Court did not consider whether the CFPA was *facially* vague because no

4   such challenge was made.[30] The record is clear that the only issue raised was whether

5   the CFPA is unconstitutionally vague *as applied* to the defendants.[31] In moving to

6   dismiss, the defendants argued that the "CFPA fails to give Defendants fair notice

7   that the alleged conduct could be 'unfair' or 'abusive' and, thus, is unconstitutionally

8   vague *as applied* to Defendants."[32] In response, the Court analyzed whether "in light

9   of the allegations in the Complaint," the defendants had "adequate notice of a duty to

10  monitor third-party lead purchasers and generators."[33] The Court's decision does not

11  engage in a facial analysis by considering how the CFPA applies globally.

12         Not only is the defendants' claim that the Court considered only the facial

13  validity of the CFPA plainly inconsistent with the Court's Order, but the defendants

14  offer no meaningful support for this interpretation. Although the defendants argue

---

16  JST, 2016 U.S. Dist. LEXIS 140762, at *7 (N.D. Cal. Oct. 11, 2016) (a question of

17  fact or a "mixed question of law and fact, by itself, is not appropriate for permissive

18  interlocutory review") (*citing Steering Comm. v. United States*, 6 F.3d 572, 575 (9th
    Cir. 1993)) (internal quotation marks omitted)).

19  [29] Gasparyan did not make either a facial or as-applied challenge to the CFPA in his

20  Motion to Dismiss, and therefore waived any such argument on appeal. Fomichev
    arguably made an as-applied challenge to the CFPA by arguing that he lacked "fair

21  notice." *See Fomichev*, Mot. to Dismiss, ECF No. 29, at 13.

22  [30] *See generally Wal-Mart Stores, Inc. v. City of Turlock*, 483 F. Supp. 2d 987, 996
    (E.D. Cal. 2006) (internal quotation marks and citation omitted) ("An as applied

23  challenge is a claim that the operation of a statute is unconstitutional in a particular
    case, while a facial challenge alleges the statute may rarely or never be

24  constitutionally applied.").

25  [31] *See T3*, ECF No. 39, at 2 (as-applied challenge); Order Denying Defs. Mots. to

26  Dismiss, at 8-13.

27  [32] *T3*, ECF No. 39, at 8 (emphasis in original); *Fomichev,* ECF No. 29, at 13.

28  [33] Order Denying Defs.' Mots. to Dismiss, at 12.

---

8

1  that the Court's "adopt[ion] [of] the Bureau's analytical approach" by "examining

2  the statutory language" of the CFPA indicates a facial analysis,[34] courts routinely

3  examine statutory language when evaluating as-applied constitutional vagueness

4  challenges.[35] Indeed, it would be the rare case where a court could determine

5  whether a statute provides constitutionally sufficient notice without examining the

6  statute's text. Because the Court considered the defendants' as-applied challenge to

7  the CFPA, a resolution of whether "facial validity of a statute necessarily precludes a

8  party from presenting an as-applied challenge" has no bearing here.

9        The defendants also fail to show any ground for a difference of opinion on the

10  subsidiary question relating to the standard the Court applied in evaluating the

11  defendants' as-applied vagueness challenge. The Court considered whether the

12  CFPA "g[a]ve fair notice of the conduct that is forbidden or required" and applied "a

13  less strict vagueness test" appropriate for "economic regulation."[36] It is well-

14  established that this is the appropriate standard for evaluating an as-applied

15  vagueness challenge to a statute that regulates business entities.[37]

16

17

18

-----

19  [34] *T3,* ECF No. 69, at 13; *Fomichev*, ECF No. 47, at 11-12.

20  [35] *See, e.g.*, *SEC v. Gemstar-TV Guide Int'l, Inc.*, 401 F.3d 1031, 1044-48 (9th Cir.
2005) (engaging in textual analysis of civil securities statute where defendants
21  brought an as-applied vagueness challenge alleging lack of notice); *Craft v. Nat'l
Park Serv.*, 34 F.3d 918, 921-23 (9th Cir. 1994) (engaging in textual analysis of
22  federal regulation where defendants brought an as-applied vagueness challenge
23  alleging lack of notice).

24  [36] Order Denying Defs.' Mots. to Dismiss, at 10 (*citing FCC v. Fox Television
Stations, Inc.*, 132 S. Ct. 2307, 2317 (2012) and *Vill. of Hoffman Estates v. Flipside,
25  Hoffman Estates, Inc.*, 455 U.S. 489, 498 (1982)).

26  [37] *See, e.g., Association des Eleveurs de Canards et d'Oies du Quebec v. Harris*, 729
F.3d 937, 946 (9th Cir. 2013) ("Economic regulation is subject to a less strict
27  vagueness test …."); *Gemstar-TV Guide Int'l*, 401 F.3d at 1047-48 (applying "less
28  strict vagueness test" to securities statute).

1   To the extent the defendants suggest that there is a difference of opinion as to

2   the appropriate test, it is without support.[38] The defendants now criticize the

3   Bureau's reliance on *Village of Hoffman Estates v. Flipside, Hoffman Estates, Inc.*,[39]

4   and claim that the case is purportedly "obsolete in light of the recent decision in

5   *Johnson v. United States*, 135 S. Ct. 2551 (2015)."[40] Although the Supreme Court in

6   *Johnson* "suggested some skepticism" about the "longstanding framework" on the

7   standard applicable for *facial* challenges to a statute, that standard is not relevant

8   here.[41] As set forth above, the Court treated the defendants' claim as an as-applied

9   challenge—not a facial challenge—and the Court (and the Bureau) cited *Hoffman*

10  *Estates* solely for the rule that economic regulation is subject to a less strict

11  vagueness test.[42] Notably, T3 and the Demirchyans cited *Hoffman Estates* for the

12  same purpose.[43] *Johnson* contains no discussion of the vagueness test applicable to

13  economic regulation; nor do the defendants offer any support to question this long-

14  standing test, particularly where they formerly adopted it.

15      The defendants briefly raise two additional, subsidiary arguments: that the

16  Court failed to address whether the CFPA encourages discriminatory enforcement

17  and that the Bureau's interpretation of the CFPA is novel and thus invalid.

18

19

20

21  [38] *See T3*, ECF No. 69, at 11-12; *Fomichev*, ECF No. 47, at 10-11.

22  [39] 455 U.S. 489 (1982).

23  [40] *T3,* ECF No. 69, at 12 n.4; *Fomichev*, ECF No. 47, at 11 n.1.

24  [41] *United States Telecom Ass'n v. FCC*, 825 F.3d 674, 735-36 (D.C. Cir. 2016)
25  (discussing the effect of the Supreme Court's decision in *Johnson* on *Hoffman Estates*); *see also Johnson*, 135 S. Ct. at 2560-63 (addressing whether to succeed on
26  a facial challenge a party must show that statute was vague in all of its applications).

27  [42] Order Denying Defs.' Mots. to Dismiss, at 10; ECF No. 48, at 5 n.15

28  [43] *T3*, ECF No. 39, at 9.

1    The defendants' argument that the Court failed to address whether the CFPA

2   encourages discriminatory enforcement is also without merit.[44] As an initial matter,

3   the defendants did not raise this argument in their motions to dismiss, and it should

4   not be considered.[45] Additionally, the defendants do not articulate how the CFPA

5   "authorizes or even encourages arbitrary and discriminatory enforcement."[46] The

6   defendants propose no interpretation of the statute suggesting discriminatory

7   enforcement, nor do they identify any allegations (properly before the Court or

8   otherwise) in support. Accordingly, the defendants fail to show that this issue is

9   relevant, much less a controlling issue. Even if the issue were a controlling issue of

10   law, the defendants identify no substantial ground for a difference of opinion on the

11   well-established standard for establishing discriminatory enforcement.[47]

12    The defendants also seek to re-litigate on appeal the rejected argument that the

13   Bureau's interpretation of the CFPA is novel and thus invalid.[48] The defendants fail

14   to identify any substantial ground for a difference of opinion on this issue. In

15   rejecting the defendants' original arguments, the Court opined that "courts have

---

[44] *T3*, ECF No. 69, at 13-14. *Fomichev*, ECF No. 47, at 12-13.

[45] *See, e.g.*, *M.G. v. Metro. Interpreters and Translators, Inc.*, 85 F. Supp. 3d 1195, 1200 (S.D. Cal. 2015) ("In the absence of extraordinary circumstances …, it is generally inappropriate to review legal issues entwined with factual considerations raised for the first time on a motion for interlocutory appeal.") (citing *In re Mortg. Store, Inc.*, 773 F.3d 990, 998 (9th Cir. 2014)).

[46] *Hill v. Colorado*, 530 U.S. 703, 732-33 (2000).

[47] *See, e.g., Fox Television Stations, Inc.*, 132 S. Ct. at 2317 (explaining that the "void for vagueness doctrine addresses" the due process concern that "precision and guidance are necessary [in a statute] so that those enforcing the law do not act in an arbitrary or discriminatory way"); *Grayned v. City of Rockford*, 408 U.S. 104, 108-09 (1972) ("A vague law impermissibly delegates basic policy matters to policemen, judges, and juries for resolution on an ad hoc and subjective basis, with the attendant dangers of arbitrary and discriminatory application.").

[48] *See* Order Denying Defs.' Mots. to Dismiss, at 12 (acknowledging Defendants' arguments that the "CFPB now advances a new interpretation of the law" and declining "Defendants' invitation to find that . . . interpretation . . . invalid").

---

11

recognized that due process concerns do not preclude an agency from prosecuting borderline cases" and Defendants "could reasonably foresee that a court could construe its conduct as falling within the statute."[49] The defendants fail to show how the Court's opinion involves "novel legal issues . . . on which fair-minded jurists might reach contradictory conclusions."[50] Although the defendants cite three additional cases in an attempt to bolster this argument, none suggests the existence of a difference of opinion.[51] Rather, the cited cases stand for the proposition that retroactive application of a new construction of a statute violates due process, which is entirely consistent with this Court's ruling and is not at issue in defendants' cases.

> ### D. Gasparyan's posited question as to whether the Bureau must declare a practice "unfair" or "abusive" before filing suit is not a controlling question of law as to which there is a substantial ground for difference of opinion.

Gasparyan rehashes the fair-notice argument raised in his motion to dismiss by again claiming that the Bureau must "announce and explain" what practices might lead to liability under the CFPA before bringing an enforcement action.[52] This argument is plainly contrary to the language of the CFPA and well-established precedent,[53] as this Court noted in denying the motion to dismiss: "[i]t is the

---

[49] *Id.* (citations and internal quotation marks omitted).

[50] *Reese v. BP Expl. (Alaska) Inc.*, 643 F.3d 681, 688 (9th Cir. 2011) (describing standard).

[51] *T3*, ECF No. 69, at 14-15 (citing *Bouie v. City of Columbia*, 378 U.S. 347 (1964); *BMW of N. Am., Inc. v. Gore*, 517 U.S. 559, 574, n.22 (1996); *Rabe v. Washington*, 405 U.S. 313, 315-16 (1972)). *Fomichev*, ECF No. 47, at 13 (citing *Bouie v. City of Columbia* and *BMW of N. Am., Inc. v. Gore*).

[52] *Gasparyan*, ECF No. 61, at 8.

[53] *See, e.g.*, *NLRB v. Bell Aerospace Co. Div. of Textron, Inc.*, 416 U.S. 267, 294 (1974) (case law "make[s] plain that the [agency] is not precluded from announcing new principles in an adjudicative proceeding"); *SEC v. Chenery Corp.*, 332 U.S. 194, 203 (1947) ("[An] agency must retain power to deal with the problems on a case-to-

---

12

agency's prerogative to decide whether to proceed through a rulemaking, where it issues regulations associated with the law, or through an adjudication, where it develops the law through adversarial process."[54] This Court determined as a matter of law that "adequate notice of a duty to monitor third-party lead purchasers and generators" was provided presuit in the form of the governing statute and additional Bureau-issued guidance.[55] Gasparyan cannot meet his burden to show that his posited question warrants interlocutory review.

Gasparyan argues implausibly that his interpretation—that the CFPA requires that the Bureau "declare" practices unfair or abusive through a process other than enforcement—"is consistent with well-settled principles of administrative law as they have been applied in the context of court decisions involving the similarly-worded [FTC Act]."[56] But his assertion that the FTC, and by analogy the Bureau, must declare a practice "unfair" before bringing an enforcement action under the FTC Act is simply wrong.[57] Courts have routinely rejected this exact claim when raised by defendants in FTC enforcement proceedings: "Circuit Courts of Appeal

case basis if the administrative process is to be effective… [a]nd the choice made between proceeding by general rule or by individual, ad hoc litigation is one that lies primarily in the informed discretion of the administrative agency."); *Am. Gas Ass'n v. FERC*, 912 F.2d 1496, 1519 (D.C. Cir. 1990) ("[A]gency discretion is at its peak in deciding such matters as whether to address an issue by rulemaking or adjudication.") (citations omitted); *FTC v. Neovi, Inc.*, No. 06-CV-1952-JLS JMA, 2009 WL 56130 (S.D. Cal. Jan. 7, 2009) ("The FTC…has substantial discretion in deciding whether to proceed via rulemaking or adjudication.") (citation omitted).

[54] Order Denying Defs. Mots. to Dismiss, at 12-13.

[55] *Id*. at 10-12.

[56] *Gasparyan*, ECF No. 61, at 10-12.

[57] *Id*.

13

1  have affirmed FTC unfairness actions in a variety of contexts *without* preexisting

2  rules or regulations specifically addressing the conduct-at-issue."[58]

3        Gasparyan's interpretation of the FTC Act is based solely on his misreading of

4  *FTC v. Sperry & Hutchinson Company*.[59] There, the Supreme Court found that both

5  the FTC and the Circuit Court applied the incorrect standard in an administrative

6  enforcement proceeding.[60] In deciding who should reconsider the case in light the

7  Supreme Court's holding—the FTC or the Circuit Court— the Court determined that

8  the case should be remanded to the FTC in the first instance due to "proper concerns

9  about the interaction of administrative agencies and the courts[.]"[61] Contrary to

10  Gasparyan's claim, however, that case does not even touch upon the broad question

11  of whether the FTC or the courts should be the "arbitrator of what practices are

12  'unfair.'"[62] The Supreme Court merely recognized the limitation on judicial review

13  where the FTC had proceeded administratively.[63] Indeed, *Sperry & Hutchinson*

14  affirms the FTC's authority to enforce the unfairness prohibition through

15  adjudication.[64]

16

17

---

18  [58] *FTC v. Wyndham Worldwide Corp.*, 10 F. Supp. 3d 602, 618 (D.N.J. 2014)
19  (emphasis in original) (citing as examples *FTC v. Neovi, Inc.*, 604 F.3d 1150, 1153,
20  1155-59 (9th Cir. 2010) and *FTC v. Accusearch Inc.*, 570 F.3d 1187, 1191, 1993-95
    (10th Cir. 2009)).

21  [59] 405 U.S. 233 (1972); *see* ECF No. 61, at 10-12.

22  [60] 405 U.S. at 239.

23
24  [61] 405 U.S. at 245-250.

25  [62] *Gasparyan*, ECF No. 61, at 11.

26  [63] 405 U.S. at 249.

27  [64] *See generally* 405 U.S. 233 (FTC filed administrative enforcement proceeding
28  based on unfair practices).

1    Gasparyan argues that there is a substantial ground for difference of opinion

2  on this point because the Third Circuit's decision in *FTC v. Wyndham* cannot be

3  reconciled with his interpretation of *Sperry & Hutchinson*.[65] But the conflict is only

4  with Garparyan's erroneous interpretation, and his argument is without merit.

5    Finally, Gasparyan points to the certification of interlocutory appeal in *FTC v.*

6  *Wyndham* as a reason why this Court should certify. Although *Wyndham* involved

7  some overlapping issues with these actions, the district court's determination was

8  influenced by factors irrelevant here,[66] including the absence of a request for a stay

9  pending appeal, and the resolution of *Wyndham* serves only to confirm that the

10  question presented by Gasparyan is not one about which there is a substantial ground

11  for difference of opinion. Although the Bureau is a relatively new agency, both

12  "unfair" and "abusive" are terms with established meanings under pre-existing

13  consumer-protection statutes, and the CFPA's prohibition of unfair practices is

14  nearly identical to that in the FTC Act.[67] There is no question that the choice to

15  enforce the CFPA's unfair and abusive provisions through enforcement actions

16

17

---

18  [65] *Gasparyan*, ECF No. 61, at 12-13.

19

20  [66] *See, e.g.*, 16 Wright et al., Federal Practice and Procedure, supra, § 3930, at 442
   ("Uniformity of application is not to be expected [under section 1292(b)], even in

21  cases presenting exactly the same issue in the same apparent context.").

22  [67] Order Denying Defs. Mots. to Dismiss, at 10-11 (citing *CFPB v. Gordon*, 819 F.3d

23  1179, 1193 n.7 (9th Cir. 2016)) ("Courts have recognized that the term 'unfair' in
   Section X of the Dodd Frank Act taps into a 'well-developed and long-established'

24  definition of the same term in section 5 of the [FTC Act]. . . . Because of the
   tradition of these terms and Congress's reliance on the [FTC Act] in crafting the

25  CFPA, the Court cannot conclude that the use of the term 'unfair' in Section X of the
   Dodd-Frank Act renders the CFPA unconstitutionally vague. . . . The Court makes

26  the same determination as to the term 'abusive'."). *See also CFPB v. CashCall, Inc.*,
   CV 15-7522-JFW (RAOx), 2016 WL 4820635, at *16 (C.D. Cal. Aug. 31, 2016);

27  *CFPB v. ITT Educ.Servs.*, CV 14-292 SEB (TABx), 2015 WL 1013508, at *17-18

28  (S.D. Ind. Mar. 6, 2015).

---

15

1  without prior rulemaking is one within the discretion of the Bureau to make;[68] this is

2  not an issue worthy of certification for interlocutory appeal.

3        E.    **An interlocutory appeal would not materially advance the ultimate**

4              **termination of this litigation.**

5        Interlocutory appeal in these cases would likely serve simply to delay

6  adjudication, even if the other prerequisites for certification were met. For the

7  ultimate termination to be advanced, the Ninth Circuit would have to accept the

8  appeal and rule entirely in the defendants' favor. But there is "no assurance that the

9  Ninth Circuit would accept an appeal."[69] And the defendants "essentially ask th[e]

10  Court to gamble that [its] decision [wa]s incorrect and that the Ninth Circuit w[ould]

11  rule in [their] favor to correct the error."[70] The motions should be denied on that

12  basis alone.[71]

---

[68] Order Denying Defs. Mots. to Dismiss, at 12-13 (citing *NLRB v. Bell Aerospace Co. Div. of Textron, Inc.*, 416 U.S. 267, 293 (1974); *SEC v. Chenery Corp.*, 332 U.S. 194, 203 (1947)).

[69] *See, e.g.*, *S.A. v. Tulare Cty. Office of Educ.*, No. CVF 08-1215 LJO GSA, 2009 U.S. Dist. LEXIS 14828, at *15-16 (E.D. Cal. Feb. 10, 2009) (denying certification under Section 1292(b)).

[70] *Id.*

[71] The Ninth Circuit will have the opportunity to decide whether to review the underlying question of the Bureau's structure in a case already certified for interlocutory appeal. *See CFPB v. CashCall, Inc.*, 15-cv-7522-JFW (RAOx), (C.D. Cal. Jan. 3, 2017). That post-summary-judgment case was certified for appeal on January 3, 2017, ECF No. 235, and is therefore well ahead of this case in the appellate process. If the Ninth Circuit accepts that case, it would likely consider the structural issue. The resulting decision would, in turn, determine whether consideration of the subsidiary issue of the proper remedy for the alleged structural defect would be worthy of appellate consideration at any time. Of course, if the Ninth Circuit declines the *CashCall* case, there is no reason to believe it would accept the interlocutory appeals requested by the defendants here. There is no reason to add the instant cases to the Ninth Circuit's docket.

**II.    Defendants fail to establish the existence of exceptional circumstances warranting the exercise of discretion in their favor, even if they could meet the minimum statutory requirements.**

Because § 1292(b) "is a departure from the normal rule that only final judgments are appealable," it "must be construed narrowly" and invoked only in "rare circumstances."[72] Even where the minimum statutory requirements are met, the Court retains "independent and 'unreviewable'" discretion on a motion for certification of interlocutory appeal.[73] These cases warrant adherence to the "normal rule" and denial of interlocutory appeal.

**A.    Interlocutory consideration of the defendants' "proper remedy" question is inappropriate.**

As described above, the appellate court is unlikely to impose the remedy the defendants seek. Adding to the inappropriateness of interlocutory review here, the appellate court may never reach the defendants' remedy question; the Ninth Circuit need not reach the defendants' question if it determines that the Bureau's structure is constitutional in the first instance.[74] The Ninth Circuit's review on interlocutory appeal would not be limited to the narrow question posited by the defendants.[75] Any

_____

[72] *James v. Price Stern Sloan, Inc.*, 283 F.3d 1064, 1067 n.6 (9th Cir. 2002).

[73] *Nat'l Asbestos Workers*, 71 F. Supp. 2d at 146 (citing *Executive Software N. Am., Inc.*, 24 F.3d at 1550).

[74] The Ninth Circuit may well conclude that the Bureau's structure is constitutional. As this Court noted before the contrary *PHH* judgment was vacated (vacatur at *PHH Corp. v. CFPB*, D.C. Circuit Case No. 15-1177, Doc. No. 1661681 (Feb. 16, 2017)), the matter is unsettled. *See* Order Denying Defs.' Mots. to Dismiss, at 7-8 (collecting cases); *see also* Resp't CFPB's Pet. for Reh'g En Banc 6-11, *PHH Corp. v. CFPB*, No. 15-1177 (D.C. Cir. Nov. 18, 2016), Doc. No. 1646917 (requesting reconsideration of determination "that for-cause removal is unconstitutional as applied to the Bureau's director" because it conflicts with Supreme Court precedent).

[75] *See*, *e.g.*, *Yamaha Motor Corp. v. Calhoun*, 516 U.S. 199, 205 (1996) ("As the text of § 1292(b) indicates, appellate jurisdiction … is not tied to the particular question

17

1  appellate review would likely include the underlying constitutionality issue, which

2  this Court recognized "has not yet [been] addressed" by the Ninth Circuit.[76] After all,

3  the appellate court would be unlikely to consider a remedy without consideration of

4  whether there is a violation to remedy.

5      **B.    Defendants' delays in filing their motions warrant denial of**

6          **certification.**

7      The defendants' failure to seek timely review—a threshold issue—weighs

8  against the Court's exercise of discretion in their favor.[77] T3 and the Demirchyans

9  filed their joint motion almost six weeks after the Court's November 17, 2016 denial

10 of the motions to dismiss. Fomichev filed a nearly identical motion almost one

11 month later. Gasparyan waited yet another month to file his substantially similar

12 motion. None of the Defendants provide any valid excuse for those delays, and the

13 unjustified delays alone warrant denial of certification.[78] Indeed, the defendants'

14 delays in filing their motions, coupled with their delays of discovery (discussed

15 below), indicate that the defendants' true goal is to avoid adjudication rather than to

16 achieve judicial economy.[79]

17 formulated by the district court," and the "appellate court may address any issue
18 fairly included within the certified order…..") (citations omitted).

19 [76] Order Denying Defs.' Mots. to Dismiss, at 7.

20 [77] *See Spears v. Wash. Mut. Bank FA*, No. C-08-00868 RMW, 2010 U.S. Dist.
21 LEXIS 1454, at *3-4 (N.D. Cal. Jan. 8, 2010) (considering "threshold issue" of
   timeliness of motion for certification under Section 1292(b)).

22 [78] *See, e.g.*, *Gagan v. Sharar*, No. CIV 99-1427 PHX RCB, 2006 U.S. Dist. LEXIS
23 81176, at *3-8 (D. Ariz. Nov. 6, 2006) (denying certification for unreasonable delay,
   and collecting cases); *cf. Richardson Elecs., Ltd. v. Panache Broad. of Pa., Inc.*, 202
24 F.3d 957, 958 (7th Cir. 2000) (refusing permission to appeal where party took "two
25 months to appeal," and stating that "a district judge should not grant an inexcusably
   dilatory request" under Section 1292(b)).

26 [79] *See McDonald v. Holder*, No. 09-CV-0573-CVE-TLW, 2010 U.S. Dist. LEXIS
27 134059, at *5-7 (N.D. Okla. Dec. 17, 2010) ("Delay in filing a motion to certify an
   order for interlocutory appeal suggests that a party may be seeking to avoid an
28 unfavorable ruling, rather than to expedite the litigation for the benefit of the Court

### III.    Defendants fail to justify a stay of this case.

Even if certification were warranted here (which it is not), the Court should decline to stay proceedings pending appeal. Certification of interlocutory appeal does not automatically stay district court proceedings.[80] Instead, "[t]o prevail on a motion to stay, the moving party must show: (1) it is likely to succeed on the merits of the appeal; (2) it will be irreparably injured in the absence of a stay; (3) issuance of a stay will not substantially injure the non-moving party; and (4) the stay is in the public interest."[81] Where, as here, the government is the opposing party, the third and fourth factors merge.[82] The defendants cannot demonstrate that a stay is warranted under these factors.

First, the defendants have not made any showing that they are likely to succeed on the merits. As set forth above, courts have uniformly held that any constitutional infirmity in the Bureau's structure may be remedied, and the Bureau's enforcement actions may proceed. The defendants cannot demonstrate any likelihood of convincing the Ninth Circuit otherwise. Nor are they likely to succeed on the merits of their respective CFPA challenges.

Second, the defendants do not even attempt to argue—let alone make any showing—that they will be irreparably injured absent a stay. T3, the Demirchyans, and Fomichev complain about the "burdens [of] discovery, motion and trial

---

and all parties. This consideration is relevant … and … weighs against granting [a] request for leave to file an interlocutory appeal.").

[80] 28 U.S.C. § 1292(b).

[81] *Flo & Eddie, Inc. v. Sirius XM Radio, Inc.*, No. CV 13-5693 PSG (RZx), 2015 WL 4397175, at *3 (C.D. Cal. June 8, 2015) (Gutierrez, J.) (citations and internal brackets omitted); *see also, e.g.*, *In re Apple & ATTM Antitrust Litig.*, No. C 07-05152 JW, 2010 WL 11489069, *2 (N.D. Cal. Sept. 15, 2010) (citing *Nken v. Holder*, 129 S. Ct. 1749, 1761 (2009)).

[82] *SEC v. Wilde*, No. SA CV 11-0315-DOC(AJWx), 2013 WL 2303761, at *8 (C.D. Cal. May 20, 2013) (citing *Nken v. Holder*, 556 U.S. 418, 435 (2009)).

preparation,"[83] but it is well-established that "[m]ere litigation expense, even substantial and unrecoupable cost, does not constitute irreparable injury."[84] Gasparyan's argument is even more attenuated, focusing on his potential liability after full adjudication as a basis to avoid even the commencement of discovery.[85] Here, Gasparyan is wrong on the law and the facts. Any certification or stay granted in another case does not indicate that a similar departure from the norm is warranted here. To the contrary, "[u]niformity of application is not to be expected under section 1292(b), even in cases presenting exactly the same issue in the same apparent context."[86]

Third, staying this action pending appeal is against the public interest. "In litigation involving the administration of regulatory statutes designed to promote the public interest, as here, [this] factor necessarily becomes *crucial*."[87] The Bureau filed the three related actions alleging violations of the CFPA—a statute created to ensure "that markets for consumer financial products and services are fair, transparent and competitive."[88] The Bureau has alleged the defendants engaged in unfair and abusive

---

[83] *T3*, ECF No. 69, at 16; *Fomichev*, ECF No. 47, at 15.

[84] *Renegotiation Board v. Bannercraft Clothing Co.*, 415 U.S. 1, 24 (1974); *see also, e.g.*, *Guifu Li v. A Perfect Franchise, Inc.*, No. 5:10-CV-01189-LHK, 2011 U.S. Dist. LEXIS 60814, at *4 (N.D. Cal. June 8, 2011) (rejecting movants' argument that "they will be irreparably harmed if … forced to pay ongoing litigation expenses, especially discovery expenses, while pursuing … appeal"); *Casteneda v. United States*, No. CV 07-07241 DDP (JCx), 2008 U.S. Dist. LEXIS 40567, at *13 (C.D. Cal. May 20, 2008) ("The Court acknowledges that discovery can be burdensome, [but], such a burden, while regrettable, does not constitute an irreparable injury.").

[85] Gasparyan Mot., at 15-16.

[86] *Nat'l Asbestos Workers Med.*, 71 F. Supp. 2d at 166 (denying certification of interlocutory appeal) (internal quotation marks and brackets omitted).

[87] *SEC v. Wilde*, No. SA CV 11-0315-DOC(AJWx), 2013 WL 2303761, at *8 (C.D. Cal. May 20, 2013) (emphasis added) (quoting *Virginia Petroleum Jobbers Ass'n v. FPC*, 259 F.2d 921, 925 (D.C. Cir. 1958)).

[88] 12 U.S.C. § 5511(a).

1  acts and practices by "allow[ing] consumers to be exposed to lenders that could

2  cause them substantial harm and [taking] advantage of consumers' lack of

3  understanding of the material risks, costs, and conditions of their loans."[89] This is

4  precisely the type of case where the public interest is of paramount concern and

5  should be weighted accordingly.

6       The public has a significant interest in the "*prompt* enforcement" of the

7  consumer financial protection laws.[90] Here, T3, the Demirchyans, and possibly

8  Fomichev and Gasparyan continue to engage in the acts and practices that the Bureau

9  alleges are illegal. Permitting this harmful conduct to continue longer than necessary

10  is contrary to the "public interest in preventing illegal activities."[91]

11       Delay also increases the risk that any recovery for consumers will be reduced.

12  The Bureau is seeking redress to harmed consumers.[92] As time passes, there is

13  greater chance that the finances of the defendants may change, making it difficult or

14  impossible to recover funds that could be used to restore injured consumers.[93]

15  _____

16  [89] Order on Defs.' Mots. to Dismiss, at 4.

17  [90] *Cf. SEC v. Wilde*, No. SA CV 11-0315-DOC(AJWx), 2013 WL 2303761, at *8
18  (C.D. Cal. May 20, 2013) (emphasis added) ("the public has 'a very strong interest in effective and prompt enforcement of the federal securities laws …'").

19  [91] *Bradberry v. T-Mobile USA, Inc.*, No. C 06-6567 CW, 2007 U.S. Dist. LEXIS
20  58801, at *15-16 (N.D. Cal. Aug. 2, 2007) (determining that pretrial litigation should proceed during pendency of interlocutory appeal because if the claims have merit,
21  "any delay harms the public interest," and a "delay of proceedings will allow any harm to the putative class members to continue, and therefore may materially affect
22  the public interest in vindicating the rights of consumers").

23  [92] First Am. Compl., at 18.

24  [93] *See, e.g.*, *FTC v. Am. Tax Relief, LLC*, No. CV 11-6397 DSF (PJWx); 2012 WL
25  12886197 (C.D. Cal. June 19, 2012) (finding that "the public interest strongly weighs against a stay" where "the alleged victims of the fraud have an interest in
26  achieving compensation if they are entitled to it"); *FTC v. Innovative Wealth
27  Builders, Inc.*, No. 8:13-cv-123-T-33EAJ, 2013 WL 1000922, at *5 (N.D. Fl. Mar.
28  14, 2013) (finding that the public interest in "preserving funds for restoration of the injured consumers" weighs against stay of order pending appeal).

Further, the alleged victims of the defendants' scheme are consumers of small-dollar loans, which "suggest[] that the victims are in difficult financial straits[,] and the difference between receiving money sooner rather than later could be significant, at least to some individuals."[94]

The public also has a significant interest in the "*effective . . . enforcement*" of the consumer financial protection laws.[95] And a stay at this juncture of the litigation is likely to compromise the Bureau's enforcement of these related actions. Because discovery has not commenced in two related cases and may commence only now in the *Fomichev* case, there is a great likelihood of harm from a potentially multi-year delay.[96] As time passes, chances increase that documents will be lost, memories will fade, and witnesses will become unavailable.[97] In a government enforcement action such as this, the potential harm is particularly acute because most, if not all, relevant documents and information are in the possession of the defendants.

---

[94] *FTC v. Am. Tax Relief, LLC*, No. CV 11-6397 DSF (PJWx); 2012 WL 12886197 (C.D. Cal. June 19, 2012) (considering the effect of potential financial relief on alleged victims of fraud in denying stay).

[95] *Cf. SEC v. Wilde*, No. SA CV 11-0315-DOC(AJWx), 2013 WL 2303761, at *8 (C.D. Cal. May 20, 2013) (emphasis added) ("the public has 'a very strong interest in effective and prompt enforcement of the federal securities laws …'").

[96] The Ninth Circuit reports that a civil appeal typically takes from 12-20 months from filing the notice of appeal until argument, and then another three months to a year until the appeal is decided. Ninth Circuit Frequently Asked Questions Nos. 17 & 18, http://www.ca9.uscourts.gov/content/faq.php.

[97] *See, e.g., Pinnock v. Doe*, No. 2:14-cv-05551-ODW(ASx), 2014 U.S. Dist. LEXIS 132155, at *8 (C.D. Cal. Sept. 19, 2014) (even a short discovery delay will cause the loss of "valuable time [a party] could spend conducting discovery establishing [a] right to relief," and even without certainty, "[t]he possibility of evidence getting lost always exists, and the passage of time certainly exacerbates the problem"); *Roule v. Petraeus*, No. C 10-04632 LB, 2012 U.S. Dist. LEXIS 86444, at *13-14 (N.D. Cal. June 21, 2012) (finding that delays caused by one party would likely harm the other as "memories fade and witnesses become unavailable").

Moreover, the defendants have already delayed the commencement of discovery contrary to the public's interest in the effective enforcement of these actions, and a court-ordered stay will only compound that harm. Specifically, the defendants refused repeated requests—made over the course of many months—to confer regarding a discovery plan in this case in accordance with Fed. R. P. 26(f),[98] thereby preventing the Bureau from engaging in any discovery. [99] After agreeing in principle to participate in a joint Rule 26(f) conference only on the last possible date, February 27, 2017, T3, the Demirchyans, and Gasparyan withdrew from that participation immediately upon the Court's continuance of the *T3* scheduling conference.[100] By refusing to confer, the defendants effectively granted themselves a stay of discovery.[101] This basis alone warrants denial of the stay requested here.[102]

---

[98] Rule 26 requires all parties to a civil action to "confer *as soon as practicable*—and in any event at least 21 days before a scheduling conference is to be held or a scheduling order is due under Rule 16(b)," to discuss a discovery plan, except in limited circumstances inapplicable here. Fed. R. Civ. P. 26(f)(1) (emphasis added). Rule 26(f) was adopted, in part, "[t]o assure . . . that the commencement of discovery is not delayed unduly. . . ." *Id.*, adv. Comm. note, 1993 am.

[99] *See* Reiferson Declaration at ¶¶ 5-8; *see also* Pl. Resp. to Gasparyan Mot. to Consolidate, ECF No. 60, at 3 (describing the defendants' dilatory tactics).

[100] *See* Reiferson Declaration at ¶¶ 9-10. Defendant Fomichev similarly refused to participate in a Rule 26(f) conference as requested by the Bureau in October, November and December, and, in January, agreed to and did participate in a Rule 26(f) conference on February 27, 2017. *See id.*

[101] *See*, *e.g.*, *Norm Thompson Outfitters, Inc. v. Starcrest Prods. of Cal., Inc.*, No. 03-1149-HA, 2004 U.S. Dist. LEXIS 8383, at *9-10 (D. Or. May 4, 2004) (finding that defendant's refusal to participate in discovery pending resolution of a motion to dismiss was "[e]ssentially … a stay of discovery without plaintiff's consent or the court's approval," and improper).

[102] *See*, *e.g.*, *Brown v. Hain Celestial Group, Inc.*, No. C 11-03082 LB, 2012 U.S. Dist. LEXIS 136702, at *14-15 (finding that movant's conduct had "unilaterally imposed a stay of discovery that unnecessarily delayed the proceedings" and denying request for a stay pending interlocutory appeal).

23

Finally, the Court's interest in the efficiency of its own docket weighs in favor of permitting the parties to proceed with discovery. At the very least, discovery would be significantly advanced during the pendency of any appeal. By allowing the parties to proceed with discovery, which could be conducted without significant Court involvement, the Court would ensure the timely resolution of this case.

## CONCLUSION

The defendants have not made the minimum showing for certification of an interlocutory appeal under § 1292(b). The posited questions are not controlling questions of law about which there is a substantial ground for difference of opinion, and an interlocutory appeal would fail to materially advance the ultimate termination of this litigation.

The defendants also have not made a showing that the exercise of discretion in their favor is warranted. Interlocutory appeal and a stay would only increase the risk that discovery and the ultimate fact-finding needed to adjudicate this case would be hindered by the passage of time. Moreover, adding these cases to the appellate court's docket would not advance the issues.

The motions should be denied.


Dated: March 6, 2017          CONSUMER FINANCIAL PROTECTION BUREAU
                              By  /s/ Barry E. Reiferson
                                   Barry E. Reiferson
                                   Attorney for Plaintiff,
                                   Consumer Financial Protection Bureau

24