#Termed #69/75

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 15-9692 PSG (Ex)<br>CV 16-2724 PSG (Ex)<br>CV 16-2725 PSG (Ex) | Date | March 21, 2017 |
|---|---|---|---|
| Title | Consumer Financial Protection Bureau v. D and D Mktg., Inc. *et al.*<br>Consumer Financial Protection Bureau v. Fomichev<br>Consumer Financial Protection Bureau v. Gasparyan | | |

| Present: The Honorable | Philip S. Gutierrez, United States District Judge | |
|---|---|---|
| Wendy Hernandez | | Not Reported |
| Deputy Clerk | | Court Reporter |
| Attorneys Present for Plaintiff(s): | | Attorneys Present for Defendant(s): |
| Not Present | | Not Present |

**Proceedings (In Chambers):**   Order GRANTING IN PART and DENYING IN PART Defendants' Motions for Certification of Interlocutory Appeal and DENYING Defendants' Request for a Stay Pending Appeal

Before the Court are Defendants D and D Marketing, Inc. d/b/a T3 Leads, Grigor Demirchyan, Marina Demirchyan, Dmitry Fomichev, and Davit Gasparyan's motions for certification of interlocutory appeal and concomitant stay.  *See* CV 15-9692, Dkt. # 69 ("*T3 Mot.*"); CV 16-2724, Dkt. # 47 ("*Fomichev Mot.*"); CV 16-2725, Dkt. # 61 ("*Gasparyan Mot.*"). Plaintiff Consumer Financial Protection Bureau ("CFPB") filed one consolidated Opposition in all three cases.  *See* 15-9692, Dkt. # 72; CV 16-2724, Dkt. # 50; CV 16-2725, Dkt. # 65 ("*Opp.*").  The Court finds the matters appropriate for decision without oral argument, and DENIES Plaintiff's requests to allow more than one attorney to argue in opposition to the motion.  *See* Fed. R. Civ. P. 78(b); L.R. 7-15; *see also* 15-9692, Dkt. # 75; CV 16-2724, Dkt. # 53; CV 16-2725, Dkt. # 67.  After considering all the papers, the Court GRANTS IN PART and DENIES IN PART Defendants' motions for certification of interlocutory appeal, and DENIES Defendants' motions for a stay pending appeal.

I.   Background

In 2015 and 2016, the CFPB initiated three related enforcement actions: *CFPB v. D and D Marketing, Inc. d/b/a T3Leads et al.*, *CFPB v. Fomichev*, and *CFPB v. Gasparyan*.  In each case, the CFPB alleged that Defendant D and D Marketing engaged in unfair and abusive acts and practices through the "sale of consumer-loan applications to small-dollar lenders and others acting unlawfully and in operating a loan application network that prevented consumers from

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 15-9692 PSG (Ex)<br>CV 16-2724 PSG (Ex)<br>CV 16-2725 PSG (Ex) | Date | March 21, 2017 |
|---|---|---|---|
| Title | Consumer Financial Protection Bureau v. D and D Mktg., Inc. *et al.*<br>Consumer Financial Protection Bureau v. Fomichev<br>Consumer Financial Protection Bureau v. Gasparyan | | |

understanding the material risks, costs, or conditions of their loans." *See Opp.* 2:2–16. It alleged that the individual Defendants—Grigor Demirchyan, Marina Demirchyan, Dmitry Fomichev, and Davit Gasparyan—substantially assisted D and D Marketing in those violations. *See id.*

Defendants filed three motions to dismiss in the three related cases. In a consolidated Order, filed on November 17, 2016, the Court denied the motions. *See* CV 15-9692, Dkt. # 57; CV 16-2724, Dkt. # 40; CV 16-2725, Dkt. # 39 ("*MTD Order*"). Three of the Court's holdings in the MTD Order are at issue here. First, the Court held that, although the for-cause provision in the Consumer Financial Protection Act ("CFPA") that restricted the President's power to remove the CFPB Director violated Article II of the Constitution, the appropriate remedy was not dismissal of the enforcement action but severance of the provision from the CFPA. *See id.* 6–8. Second, the Court held that the CFPA is not unconstitutionally vague as applied to Defendants because Defendants had adequate notice of a duty to monitor third-party lead purchasers and generators, given prior interpretations of the Federal Trade Commission Act ("FTCA") and guidance documents issued by the CFPB. *Id.* 11–12. Third, the Court concluded that the CFPB did not need to declare a practice "unfair" or "abusive" in a rulemaking before turning to adjudication. *Id.* 12–13. The Court held, "It is the agency's prerogative to decide whether to proceed through a rulemaking, where it issues regulations associated with the law, or through an adjudication, where it develops the law through adversarial process." *Id.*

Defendants now move for an order certifying an interlocutory appeal of the Court's three holdings and for a stay pending the appeal. The Court considers the motions, having not yet set a trial date in the three matters.

II.     Legal Standard

As a general rule, an appellate court should not review a district court ruling until after the entry of final judgment. *See* 28 U.S.C. § 1291. As such, "[a] party seeking review of a nonfinal order must first obtain the consent of the trial judge." *Coopers & Lybrand v. Livesay*, 437 U.S. 463, 474 (1978). The trial judge has the discretion to certify a decision for interlocutory review if all of the following statutory elements are met: (1) the order "involves a controlling question of law"; (2) there is a "substantial ground for difference of opinion"; and (3) "an immediate appeal from the order may materially advance the termination of the litigation."

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 15-9692 PSG (Ex)<br>CV 16-2724 PSG (Ex)<br>CV 16-2725 PSG (Ex) | Date | March 21, 2017 |
|---|---|---|---|
| Title | Consumer Financial Protection Bureau v. D and D Mktg., Inc. *et al.*<br>Consumer Financial Protection Bureau v. Fomichev<br>Consumer Financial Protection Bureau v. Gasparyan | | |

28 U.S.C. § 1292(b); *see also United States v. Woodbury*, 263 F.2d 784, 787 (9th Cir. 1959) ("Section 1292(b) was intended primarily as a means of expediting litigation by permitting appellate consideration during the early stages of litigation of legal issues which, if decided in favor of the appellant, would end the lawsuit."). Interlocutory review should be allowed only under "exceptional circumstances justify[ing] a departure from the basic policy of postponing appellate review until after the entry of a final judgment." *Coopers & Lybrand v. Livesay*, 437 U.S. 463, 475 (1978). The moving party bears the burden of establishing § 1292(b)'s narrowly construed elements. *Id.*

III. Discussion

The three questions for certification are:

1. Given the Court's holding that the CFPB is unconstitutionally structured, what is the proper remedy for this constitutional defect?

2. Whether a party is barred from advancing an as-applied challenge to the constitutionality of a statute, based on the premise that the statute is not facially vague, where a novel interpretation of the statute may encourage its discriminatory motive? A subsidiary, threshold question is the proper test for evaluating such challenges.

3. Whether the CFPA requires the CFPB to "declare" a practice "unfair" or "abusive" prior to pursuing the legal action related to said practice?

*See T3 Mot.* 1:16–22; *Fomichev Mot.* 2:7–12; *Gasparyan Mot.* i:9–17. The third question is advanced only by Defendant Gasparyan and is not joined by the other Defendants. The Court addresses each of the proposed certified questions in turn, and then turns to Defendants' motion for a stay pending appeal.

    A.    First Question: Constitutionality of the CFPA's For-Cause Provision

In the Court's November 17, 2016 MTD Order, the Court held that, although the for-cause provision that restricted the President's power to remove the CFPB Director violated Article II of the Constitution, the appropriate remedy was not dismissal of the enforcement

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 15-9692 PSG (Ex) <br> CV 16-2724 PSG (Ex) <br> CV 16-2725 PSG (Ex) | Date | March 21, 2017 |
|---|---|---|---|
| Title | Consumer Financial Protection Bureau v. D and D Mktg., Inc. *et al.* <br> Consumer Financial Protection Bureau v. Fomichev <br> Consumer Financial Protection Bureau v. Gasparyan | | |

action but severance of the provision from the CFPA. *See id.* 6–8. The Court allowed the CFPB to "continue to perform its duties, including the prosecution of this case against Defendants, even though its Director is now subject to direct removal by the President." *Id.* at 8. Defendants now ask the Court to certify the question of appropriate remedy, and the dependent question of the constitutionality of the CFPB, to the Ninth Circuit. Judge Walter recently certified a similar set of questions for immediate appeal to the Ninth Circuit in *CFPB v. CashCall, Inc.*, No. CV 15-7522, Dkt. # 236.[1] Because Defendants have established that the issue of the CFPB's constitutionality raises (1) a controlling question of law (2) as to which there is substantial ground for difference of opinion, and (3) an immediate appeal may materially advance the ultimate termination of the litigation, the Court GRANTS certification of this question for immediate appellate review.

The question of whether the CFPB is constitutionally structured and the remedy for the CFPB's unconstitutional structure, if any, is a controlling question of law. A controlling question of law is a question where "the resolution of the issue on appeal could materially affect the outcome of litigation in the district court." *In re Cement Antitrust Litig.*, 673 F.2d 1020, 1026–27 (9th Cir. 1992). Here, Defendants have shown that, if the Ninth Circuit were to hold both that the CFPB structure was unconstitutional and that the appropriate remedy were dismissal of the case, and not merely severance of the unconstitutional provision, then the CFPB would lack authority to bring this enforcement action and Defendants could not be held liable under the CFPA for their alleged conduct. The Court thus agrees that these issues raise a controlling question of law.

---

[1] Judge Walter certified four questions: "(1) Whether under the CFPA, an individual can be held liable for a corporation's attempts to collect unenforceable loans, where the individual lacked contemporaneous knowledge that the loans were unenforceable—and the individual's contemporaneous knowledge was based on legal advice that the loans were enforceable; (2) Whether the CFPB's structure is unconstitutional; (3) Whether a CFPA violation can be predicated on servicing and collecting on loans that are void only because they are deemed to be unenforceable under state law; and (4) Whether the proper test for ascertaining the 'true lender' to a loan agreement looks past the contract and its parties, and instead necessitates an investigation of the related transaction." *See* CV 15-7522, Dkt. # 236.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 15-9692 PSG (Ex)<br>CV 16-2724 PSG (Ex)<br>CV 16-2725 PSG (Ex) | Date | March 21, 2017 |
|---|---|---|---|
| Title | Consumer Financial Protection Bureau v. D and D Mktg., Inc. *et al.*<br>Consumer Financial Protection Bureau v. Fomichev<br>Consumer Financial Protection Bureau v. Gasparyan | | |

Defendants have also shown that there is substantial ground for difference of opinion on both issues. "To determine [whether] a 'substantial ground for difference of opinion' exists under § 1292(b), courts must examine to what extent the controlling law is unclear" and must find that "reasonable jurists might disagree on an issue's resolution." *See Couch v. Telescope Inc.*, 611 F.3d 629, 633 (9th Cir. 2010); *Reese v. BP Expl. (Alaska) Inc.*, 642 F.3d 681, 688 (9th Cir. 2011).

In its November 17, 2016 MTD Order, the Court acknowledged the substantial disagreement among courts across the country as to the constitutionality of the structure of the CFPB and the powers accorded to the CFPB Director. Courts are split as to whether the for-cause provision in the CFPA violates Article II of the Constitution. *Compare PHH Corp. v. CFPB*, No. 15-1177, 2016 WL 5898801 (D.C. Cir. Oct. 11, 2016) (holding that the CFPB is unconstitutionally structured), *en banc hearing granted and order vacated* Feb. 16, 2017; *and CFPB v. NDG Fin. Corp.*, No. CV 15-5211, 2016 WL 7188792, at *21 (S.D.N.Y. Dec. 2, 2016); *with CFPB v. Morgan Drexen, Inc.*, 60 F. Supp. 3d 1082, 1089 (C.D. Cal. 2014) (finding that the CFPB structure does not impermissibly interfere with the President's removal power); *and CFPB v. ITT Educational Servs.*, CV 14-0292 SEB (TABx), 2015 WL 1013508, at *9 (S.D. Ind. Mar. 6, 2015) (same). Moreover, the legal landscape is changing rapidly. Just months after the Court issued its November 17 MTD Order, the D.C. Circuit granted rehearing *en banc* in *PHH Corp.* and vacated an order on which the Court had heavily relied in its MTD Order. *See* 939 F.3d 1 (D.C. Cir. Feb. 16, 2017). These recent developments show that this is an issue of substantial importance that merits consideration by the appellate court.

Defendants have also shown substantial ground for difference on opinion on the issue of appropriate remedy. Although the courts that have found the for-cause provision in the CFPA unconstitutional have uniformly allowed the CFPB to continue to pursue its enforcement actions despite any constitutional infirmity, *see PHH Corp.*, 839 F.3d at 38–39; *NDG Fin. Corp.*, 2016 WL 7188792, at *21, Defendants point out that the law on remedies for constitutional violations among administrative agencies in enforcement actions is unsettled. *See Fed. Election Comm'n v. NRA Political Victory Fund*, 6 F.3d 821, 822 (D.C. Cir. 1993). Although the standard for determining the severability of a constitutional provision is "well-established," *see Alaska Airlines, Inc. v. Brock*, 480 U.S. 678, 684 (1987); *Buckley v. Valeo*, 424 U.S. 1, 108 (1976) (per curium) (quoting *Champlin Refining Co. v. Corp. Comm'n of Okla.*, 286 U.S. 210, 234 (1932)), courts are split as to the appropriate remedy for a party that successfully raises a constitutional

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 15-9692 PSG (Ex)<br>CV 16-2724 PSG (Ex)<br>CV 16-2725 PSG (Ex) | Date | March 21, 2017 |
|---|---|---|---|
| Title | Consumer Financial Protection Bureau v. D and D Mktg., Inc. *et al.*<br>Consumer Financial Protection Bureau v. Fomichev<br>Consumer Financial Protection Bureau v. Gasparyan | | |

challenge to an agency's structure in an enforcement action. This Court, and the courts in *PHH Corp.* and *NDG Financial Corp.*, allowed the CFPB to continue its enforcement functions despite the constitutional infirmities. *See PHH Corp.*, 839 F.3d at 38–39; *NDG Fin. Corp.*, 2016 WL 7188792, at *21; *see also CFPB v. Gordon*, 819 F.3d 1179, 1191 (9th Cir. 2016) (upholding judgment in favor of the CFPB and allowing Congress to cure a constitutional defect in the recess appointment of the CFPB's Director by ratifying the appointment after the fact). However, in closely analogous circumstances, the D.C. Circuit severed the unconstitutional provision *and* dismissed the case against the defendants in the enforcement action, finding "no theory that would permit us to declare the Commission's structure unconstitutional without providing relief to the appellants in this case." *See NRA Political Victory Fund*, 6 F.3d at 828. The *NRA Political Victory Fund* court reasoned that severability alone was only an effective remedy when the enforcement agency sought only declaratory or injunctive remedies, not when the agency sought prospective payment from Defendants. *See id.* Thus, having reviewed the cases, the Court also finds substantial ground for disagreement on the remedies question as well as the question of the constitutionality of the structure of the CFPB.

Defendants next successfully argue that the resolution of this issue may materially advance the remainder of this litigation. "Courts apply pragmatic considerations to determine whether certifying non-final orders will materially advance the ultimate termination of the litigation," such as whether "an interlocutory appeal of th[e] issue may avoid protracted and expensive (but ultimately unnecessary) litigation and the burdens on the litigants and court system that would result from the denial of § 1292(b) certification." *Beeman v. Anthem Prescription Mgmt, Inc.*, EDCV 04-0407 VAP (SGLx), 2007 WL 8433884, at *2 (C.D. Cal. Aug. 2, 2007). Termination is materially advanced where the issues presented in an order have "important implications for assigning liability" and "[s]hould the cause proceed as it stands" and "the issue be reversed on appeal, it would require a retrial of the [plaintiff's] claims." *City of Los Angeles v. Nat'l Union Fire Ins. Co. of Pittsburgh, PA*, No. CV 12-7662 BRO (AGRx), 2014 WL 12573322, at *4 (C.D. Cal. Apr. 29, 2014). Here, Defendants have shown that an interlocutory appeal on this issue of fundamental importance may avoid unnecessary litigation in this case. Moreover, because no trial date has been set, the Court cannot be confident that this case will come to a resolution on the merits before the Ninth Circuit issues its opinion. Therefore, Defendants have established that an interlocutory appeal may materially advance the litigation.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 15-9692 PSG (Ex) <br> CV 16-2724 PSG (Ex) <br> CV 16-2725 PSG (Ex) | Date | March 21, 2017 |
|---|---|---|---|
| Title | Consumer Financial Protection Bureau v. D and D Mktg., Inc. *et al.* <br> Consumer Financial Protection Bureau v. Fomichev <br> Consumer Financial Protection Bureau v. Gasparyan | | |

   Finally, the Court finds the CFPB's arguments in opposition to certification of this issue unavailing. First, the CFPB asserted that Defendants had waived the "proper-remedy" issue by failing to address it in their motions to dismiss. The Court disagrees. By presenting the question of the constitutionality of the CFPB to the Court, Defendants requested not only the Court's opinion on the constitutionality of the for-cause provision but also the proper remedy in the event the Court should find the structure unconstitutional. Because Defendants presented the argument for determination to the district court, the issue is not considered for the first time on appeal and has not been waived. Second, the CFPB argued that the only appealable issue is the question of proper remedy and not the question of the constitutionality of the CFPB because Defendants were the prevailing party on that issue. Again, the Court disagrees. Although "[a] prevailing party usually may not appeal a decision in its favor[,] [i]n an appropriate case [] a prevailing party may appeal a collateral adverse ruling." *Ruvalcaba v. City of Los Angeles*, 167 F.3d 514, 520 (9th Cir. 1999); *see also Maciel v. City of Los Angeles*, 336 Fed. App'x 678, 680 (9th Cir. 2009) (affirming the rule that a prevailing party has standing to appeal a collateral adverse ruling "[i]f the adverse ruling can serve as the basis for collateral estoppel in subsequent litigation"). Here, because the Court's finding that the CFPB can continue to litigate this case is a collateral adverse ruling, Defendants have standing to appeal.

   In light of the above, the Court certifies the following question for appellate review: Given the Court's holding that the CFPB is unconstitutionally structured, what is the proper remedy for this constitutional defect?

  B. <u>Second Question: Legal Standard for Facial and As-Applied Void-for-Vagueness Challenges</u>

   The second question that Defendants wish to certify relates to the proper test for evaluating a void-for-vagueness challenge to a federal statute. Defendants assert that they are "barred from advancing an as-applied challenge" to the statute because the Court already found that the CFPA is not facially vague. Because Defendants misinterpret the Court's November 17 MTD Order and have not shown that there is substantial ground for difference of opinion on void-for-vagueness challenges, the Court DENIES Defendants' motion to certify this question.

   Defendants' characterization of the November 17 MTD Order is inconsistent with the language of the Order and the Court's understanding of its decision. The Court did not find that

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 15-9692 PSG (Ex)<br>CV 16-2724 PSG (Ex)<br>CV 16-2725 PSG (Ex) | Date | March 21, 2017 |
|---|---|---|---|
| Title | Consumer Financial Protection Bureau v. D and D Mktg., Inc. *et al.*<br>Consumer Financial Protection Bureau v. Fomichev<br>Consumer Financial Protection Bureau v. Gasparyan | | |

Defendants were "barred from advancing an as-applied challenge"; it construed Defendants' challenge to the CFPA as an applied challenge, considered all arguments in the motions to dismiss, and rejected the as-applied challenge. *See MTD Order* 8–13. By taking note of both the text of the CFPA and the "ample guidance" that the CFPB had provided to businesses, the Court found that Defendants had "adequate notice of a duty to monitor third-party lead purchasers and generators." *Id.* at 12. To the extent the Defendants mounted a facial challenge to the law, the Court rejected that challenge too finding that the law was not "impermissibly vague in all of its applications." *See Hoffman Estates*, 455 U.S. at 494–95. The Court therefore disagrees with Defendants' characterization of the Court's MTD Order as "barring" them from raising an as-applied challenge to the law.

Defendants have also failed to establish substantial ground for difference of opinion as to the governing standard for an as-applied void-for-vagueness challenge. In its Order, the Court considered whether the CFPA "g[a]ve fair notice of the conduct that is forbidden or required" and applied the test, articulated in *Hoffman Estates v. Flipside, Hoffman Estates, Inc.*, 455 U.S. 489, 498 (1982), that "economic regulation is subject to a less strict vagueness test because its subject matter is often more narrow and because businesses, which face economic demands to plan behavior carefully, can be expected to consult relevant legislation in advance of action." *See MTD Order* 10. It is well-established that this is the appropriate standard for evaluating an as-applied vagueness challenge to a statute that regulates business entities. *See, e.g.*, *Ass'n des Eleveurs de Canards et d'Oies du Quebec v. Harris*, 729 F.3d 937, 946 (9th Cir. 2013); *SEC v. Gemstar-TV Guide Int'l, Inc.*, 401 F.3d 1031, 1044–48 (9th Cir. 2005). Although Defendants now argue that the Court should have considered a stricter vagueness analysis to account for the potential pecuniary sanctions and First Amendment rights involved in this case, Defendants have not shown that this question of law is "controlling." Defendants' challenge fails under even the "stricter" vagueness standard, given the prior interpretations of the FTCA, the CFPB's ample guidance on prohibited conduct, and Defendants' apparent acknowledgment of the CFPB's guidelines in the questionnaire that they developed for their partners shortly after the CFPB issued its guidance. *See MTD Order* 12 ("Here, there is little doubt that fair notice is satisfied, given the links between the CFPA and the FTCA, and the CFPB's guidance as to liability.").

The Court is thus unconvinced that certification of this second question is appropriate, and it DENIES Defendants' motion to certify the second question for interlocutory appeal.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 15-9692 PSG (Ex)<br>CV 16-2724 PSG (Ex)<br>CV 16-2725 PSG (Ex) | Date | March 21, 2017 |
|---|---|---|---|
| Title | Consumer Financial Protection Bureau v. D and D Mktg., Inc. *et al.*<br>Consumer Financial Protection Bureau v. Fomichev<br>Consumer Financial Protection Bureau v. Gasparyan | | |

C. <u>Third Question: Requiring CFPB to Declare a Practice "Unfair" and "Abusive" in Advance of Pursuing Legal Action</u>

In his motion for certification of interlocutory appeal, Defendant Gasparyan urges the Court to certify the question of "whether the CFPA requires the CFPB to 'declare' a practice 'unfair' or 'abusive' prior to pursuing the legal action related to said practice?" In its November 17 Order, the Court found that the CFPA imposed no such requirement on the CFPB. *See MTD Order* 12–13. "It is the agency's prerogative to decide whether to proceed through a rulemaking, where it issues regulations associated with the law, or through an adjudication, where it develops the law through adversarial process." *Id.* (internal citations omitted). Because Defendant Gasparyan has failed to establish substantial ground for difference of opinion as to this controlling question of law, the Court DENIES Defendant Gasparyan's motion to certify this question.

Gasparyan's argument is directly contrary to established precedent that an agency "is not precluded from announcing new principles in an adjudicative proceeding." *See NLRB v. Bell Aerospace Co. Div. of Textron, Inc.*, 416 U.S. 267, 294 (1974); *see also SEC v. Chenery Corp.*, 332 U.S. 194, 203 (1947). In the analogous context of the FTCA, courts of appeal have affirmed Federal Trade Commission enforcement actions "*without* preexisting rules or regulations specifically addressing the conduct-at-issue." *See FTC v. Wyndham Worldwide Corp.*, 10 F. Supp. 3d 602, 618 (D.N.J. 2014) (citing, e.g., *FTC v. Neovi Inc.*, 604 F.3d 1150, 1153, 1155–59 (9th Cir. 2010) and *FTC v. Accusearch Inc.*, 570 F.3d 1187, 1191, 1193–95 (10th Cir. 2009)).

Gasparyan's reliance on *FTC v. Sperry & Hutchinson Company* to establish a difference of opinion on the law is misplaced because *Sperry & Hutchinson* did not address a decision in a similar procedural posture. There, the U.S. Supreme Court had to decide whether to remand a case to the FTC or the district court. *See* 405 U.S. 233, 239 (1972). The Court found that the case should be remanded to the FTC in the first instance to address "proper concerns about the interaction of administrative agencies and the courts," but the opinion said nothing about the need for the FTC to "declare" a law "unfair" or "abusive" before proceeding to litigation. *Id.* Even if the Court were to adopt Gasparyan's broad view of *Sperry & Hutchinson*, which would require the Court to invalidate an agency decision that was not "clearly disclosed and adequately sustained," the case does not create "substantial ground for a difference of opinion" on this third proposed question. *Sperry & Hutchinson* does not directly dispute that federal agencies have

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 15-9692 PSG (Ex) <br> CV 16-2724 PSG (Ex) <br> CV 16-2725 PSG (Ex) | Date | March 21, 2017 |
|---|---|---|---|
| Title | Consumer Financial Protection Bureau v. D and D Mktg., Inc. *et al.* <br> Consumer Financial Protection Bureau v. Fomichev <br> Consumer Financial Protection Bureau v. Gasparyan | | |

discretion to decide how to proceed under *Bell Aerospace* and *Chenery*, and it is not directly on point here, where the Court already found that the CFPB disclosed, through substantial administrative guidance, what it considered as "unfair" and "abusive" conduct.

Because Gasparyan has failed to establish substantial ground for difference of opinion on the third proposed certified question, the Court DENIES Defendant Gasparyan's motion to certify this question for interlocutory appellate review.

D.   Motion to Stay

The final question before the Court is Defendants' motion to stay the case pending the interlocutory appeal. Certification of an interlocutory appeal does not automatically stay district court proceedings. 28 U.S.C. § 1292(b). Rather, a court may grant a stay in its discretion "upon [consideration of] the circumstances of the particular case." *Nken v. Holder*, 129 S. Ct. 1749, 1761 (2009). The party requesting a stay bears the burden of showing that the circumstances justify a stay. *Id.* In determining whether to issue a stay pending an interlocutory appeal, the Supreme Court has required courts to consider four factors: (1) whether the stay applicant has made a strong showing that it is likely to succeed on the merits; (2) whether the applicant will be irreparably injured in the absence of a stay; (3) whether issuance of the stay will substantially injure the non-moving party; and (4) whether the stay is in the public interest. *See Flo & Eddie, Inc. v. Sirius XM Radio, Inc.*, No. CV 13-5693 PSG (RZx), 2015 WL 4397175, at *3 (C.D. Cal. June 8, 2015); *see also, e.g.*, *In re Apple & ATTM Antitrust Litig.*, No. C 07-5152 JW, 2010 WL 11489069, at *2 (N.D. Cal. Sept. 15, 2010) (citing *Nken v. Holder*, 129 S. Ct. 1749, 1761 (2009)).

Courts balance these factors on a sliding scale where "a stronger showing of one element may offset a weaker showing of another." *Alliance for the Wild Rockies v. Cottrell*, 632 F.3d 1127, 1131 (9th Cir. 2011); *see also Finder v. Leprino Foods Co.*, No. CV 13-2059 AWI (BAMx), 2016 WL 4095833, at *5 (E.D. Cal. Aug. 1, 2016). Because the first two factors are most important in the analysis, some courts have grouped the four factors into two categories: (1) whether serious legal questions are raised on appeal, and (2) whether the balance of hardships tips in the moving party's favor. *See Golden Gate Restaurant Ass'n v. City & Cty. of S.F.*, 512 F.3d 1112, 1115–16 (9th Cir. 2008).

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 15-9692 PSG (Ex)<br>CV 16-2724 PSG (Ex)<br>CV 16-2725 PSG (Ex) | Date | March 21, 2017 |
|---|---|---|---|
| Title | Consumer Financial Protection Bureau v. D and D Mktg., Inc. *et al.*<br>Consumer Financial Protection Bureau v. Fomichev<br>Consumer Financial Protection Bureau v. Gasparyan | | |

Here, the balance of factors tilts against allowing a stay pending appeal in this case. Although the question of the constitutionality of the CFPB raises serious legal questions that merit appellate review, Defendants have not made a "strong showing" of a likelihood of success on the merits. Although courts are split as to the constitutionality of the CFPB and the proper remedy for a constitutional violation of this sort, no court in the country has found both that the CFPB is unconstitutional and that the appropriate remedy for the constitutional violation is dismissal of the CFPB's enforcement action. The likelihood of success on the merits is therefore equivocal.

Moreover, the CFPB has shown that the balance of equities tilts in its favor. Defendants have not shown that they will be irreparably injured because they request relief only from the expense of litigation and "[m]ere litigation expense, even substantial and unrecoupable cost, does not constitute irreparable injury." *Renegotiation Bd. v. Bannercraft Clothing Co.*, 415 U.S. 1, 24 (1974); *see also Castaneda v. Molinar*, No. CV 07-7241 DDP (JCx), 2008 WL 9449576, at *13 (C.D. Cal. May 20, 2008) ("The Court acknowledges that discovery can be burdensome, [but], such a burden, while regrettable, does not constitute an irreparable injury."). To the extent Defendants raise concerns about a premature adjudication on the merits, these concerns are alleviated by ample opportunities for appeal and by the case management tools available to the Court. Even if the Ninth Circuit were to deny interlocutory review in this instance, Defendants may appeal the constitutionality of the CFPB and its enforcement actions in an appeal from final judgment. In contrast, the CFPB has shown that it may be substantially injured by additional delays as there is a likelihood—as there routinely is with government enforcement actions where evidence is in the hands of the Defendants—that "documents will be lost, memories will fade, and witnesses will become unavailable." *See Opp.* 22:5–13. Additionally, courts have recognized that the public has an interest in the "swift and prompt" enforcement of laws that protect the integrity of financial markets. *Cf. SEC v. Wilde*, No. SACV 11-0315 DOC (AJWx), 2013 WL 2303761, at *8 (C.D. Cal. May 20, 2013).

IV.    Conclusion

The Court therefore GRANTS IN PART and DENIES IN PART Defendants' motion to certify interlocutory appeal to the Ninth Circuit under 28 U.S.C. § 1292(b). The Court certifies the following question only:

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 15-9692 PSG (Ex)<br>CV 16-2724 PSG (Ex)<br>CV 16-2725 PSG (Ex) | Date | March 21, 2017 |
|---|---|---|---|
| Title | Consumer Financial Protection Bureau v. D and D Mktg., Inc. *et al.*<br>Consumer Financial Protection Bureau v. Fomichev<br>Consumer Financial Protection Bureau v. Gasparyan | | |

Given the Court's holding that the CFPB is unconstitutionally structured, what is the proper remedy for this constitutional defect?

Because Defendants' likelihood of success on the merits is uncertain and the CFPB has shown that the balance of equities tilts in its favor, the Court simultaneously DENIES Defendants' request for a stay.

**IT IS SO ORDERED.**