PATRICK M. KELLY (SBN 45426)
patrick.kelly@wilsonelser.com
HERBERT P. KUNOWSKI (SBN 150141)
herbert.kunowski@wilsonelser.com
ROBERT COOPER (SBN 209641)
robert.cooper@wilsonelser.com
**WILSON, ELSER, MOSKOWITZ,**
**EDELMAN & DICKER LLP**
555 South Flower Street, Suite 2900
Los Angeles, CA 90071
Telephone:   213.443.5100
Facsimile:   213.443.5101

ASHLEY VINSON CRAWFORD (SBN 257246)
avcrawford@akingump.com
DANIELLE C. GINTY (SBN 261809)
dginty@akingump.com
**AKIN GUMP STRAUSS HAUER & FELD LLP**
580 California Street, Suite 1500
San Francisco, CA 94014
Telephone:   415.765.9500
Facsimile:   415.765.9501

Attorneys for Defendants,
D and D Marketing, Inc., d/b/a T3Leads,
Grigor Demirchyan, and Marina Demirchyan

## UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA

## WESTERN DIVISION

| | |
|---|---|
| Consumer Financial Protection Bureau,<br><br>Plaintiff,<br><br>v.<br><br>D and D Marketing, Inc., d/b/a T3Leads, Grigor Demirchyan, and Marina Demirchyan,<br><br>Defendants. | **Case No. 2:15-cv-09692-PSG(Ex)**<br><br>**Hon. Philip S. Gutierrez**<br><br>**DEFENDANTS' RESPONSE TO DAVIT GASPARYAN'S MOTION TO CONSOLIDATE PRETRIAL PROCEEDINGS IN RELATED ACTIONS; MEMORANDUM OF POINTS AND AUTHORITIES AND DECLARATION OF HERBERT P. KUNOWSKI IN SUPPORT**<br><br>**Hearing Date:   April 17, 2017**<br>**Hearing Time:   1:30 p.m.**<br>**Courtroom:    6A**<br>**Courthouse:    First Street** |

Defendants, D and D Marketing, Inc., d/b/a T3 Leads, Grigor Demirchyan, and Marina Demirchyan (collectively "Defendants"), hereby submit their response to the motion to consolidate pretrial proceedings in related cases, which motion was filed by Defendant, Davit Gasparyan ("Gasparyan") in (1) the instant case; (2) the case against Gasparyan under this Court's Case No. 2:16-cv-2725-PSG(Ex); and (3) the case against Defendant, Dmitry Fomichev ("Fomichev"), under this Court's Case No. 2:16-cv-2724-PSG(Ex).   All three cases were brought by Plaintiff, Consumer Financial Protection Bureau (the "Bureau"), as separate actions in this Court.

## MEMORANDUM OF POINTS AND AUTHORITIES

### I.   PREFATORY STATEMENT

As a preliminary matter, Defendants note that Gasparyan's motion to consolidate pretrial proceedings was electronically filed improperly on February 14 in the separate cases against Defendants and Fomichev, without administratively creating Gasparyan as a "new party" in those two cases, such that it appears in the Court's dockets therein as if Defendants and Fomichev are the moving parties, which they are not.   Nevertheless, Defendants note in this response that they are not opposing the specific relief sought by Gasparyan to consolidate *pretrial proceedings, including discovery.*   However, as set forth herein, they do vigorously oppose and object to consolidation *for all purposes, including trial,* which the Bureau has requested in its early response filed on February 17 to Gasparyan's motion.

2

2710122v.1

In that regard, Defendants also note here that despite the Bureau knowing that Gasparyan's motion was filed in all three of its related cases, the Bureau only filed its early response in its case against Gasparyan, clearly seeking to prevent Defendants from prematurely knowing, for purposes of their own response, the Bureau's position that it was not only to seeking full consolidation, but also seeking to orchestrate a calculated, preemptive strike against this Court: (1) coordinating the hearings on the motions for certification of appeal and stay in all three cases to March 27; and (2) coordinating the Scheduling Conferences in all three cases to April 27. (See Bureau's Response to Gasparyan's Motion to Consolidate, pp.3-4, filed in Bureau's case against Gasparyan as D.E. 60 on February 17).  Defendants only discovered this subterfuge by checking the docket for the status of the Bureau's separate case against Gasparyan, and admonished the Bureau on February 23 to not let this happen again. (See attached Declaration of Kunowski, ¶ 2).

On March 22, the Bureau finally filed its responses to Gasparyan's motion in the instant case and in its case against Fomichev, incorporating and attaching as exhibits the same response that it had previously filed in its case against Gasparyan, but changing its proposed order from the one that it had previously submitted in its case against Gasparyan to reflect that its attempt at a preemptive strike against the Court coordinating matters on the Court's own motion was now moot. (See D.E. 77, 77-1, and 77-2 in the instant case; and D.E. 54, 54-1, and 54-2 in the case against Fomichev).

3

2710122v.1

## II. THIS COURT SHOULD REJECT THE BUREAU'S REQUEST TO CONSOLIDATE THE THREE RELATED CASES FOR ALL PURPOSES, INCLUDING TRIAL, GIVEN THE RISK OF PREJUDICE AND THE NEED FOR A FAIR AND IMPARTIAL TRIAL

As said, while Defendants do not oppose consolidation solely for purposes of pretrial proceedings, including discovery, they do vigorously oppose and object to the Bureau's request that the cases be consolidated for all purposes, including trial.

Notably, the Court's "discretion to consolidate is not unfettered. Considerations of convenience and economy must yield to a paramount concern for a fair and impartial trial." *Malcolm v. National Gypsum Co.,* 995 F.2d 346, 350 (2nd Cir. 1993), *quoting, Johnson v. Celotex Corp.,* 899 F.2d 1281, 1284-85 (2nd Cir. 1990), *cert. denied,* 498 U.S. 920, 112 L.Ed.2d 250, 111 S.Ct. 297 (1990). *See, also, Flintkote Co. v. Allis-Chalmers Corp.,* 73 F.R.D. 463, 464-65 (S.D.N.Y. 1977) ("consolidation should not be ordered if it would prejudice defendant, for considerations of convenience and economy must yield to the interest of justice in a fair and impartial trial.") Indeed, "[c]are must be taken that consolidation does not result in unavoidable prejudice or unfair advantage." *Cantrell v. GAF Corp.,* 999 F.2d 1007, 1011 (6th Cir. 1993). In that regard, "it is possible to go too far in the interests of expediency and to sacrifice basic fairness in the process. *Malcolm,* 995 F.2d at 354. At the same time, consolidation for purposes of pretrial proceedings only is a recognized alternative to consolidation for all purposes. *Barraford v. T&N Ltd.,* 778 F.3d 258, 263 n.8 (1st Cir. 2015).

2710122v.1

Here, the Bureau's position in seeking consolidation for all purposes is expressly designed to prejudice Defendants and gain an unfair advantage at trial - the very factors that weigh against consolidation for all purposes and which this Court must refuse to allow. The Bureau's motivation here is already reflected in this Court's record, with the Bureau seeking to exploit, for its own improper advantage, the litigation pending between Gasparyan and Defendants in the Los Angeles County Superior Court. (See Bureau's Request for Judicial Notice in Support of Opposition to Defendants' Motion to Dismiss, D.E. 49; Declaration of Barry Reiferson in Support of Bureau's Request for Judicial Notice, 49-1). There, the Bureau sought to have this Court take judicial notice of excerpts from the complaint and cross-complaint in those two state court cases arising from the ownership and management of D and D Marketing, Inc.,[1] as well as from deposition testimony in a third state court case between Marina Demirchyan and Fomichev.

In closing monitoring those cases, the Bureau is fully cognizant of the severe animosity and hostility that exists between the defendants that has nothing whatsoever to do with the substance of the Bureau's cases against them. Nevertheless, the Bureau will undoubtedly continue to seek to exploit the internal divisions and adverse positions

---

[1] The dockets from those two cases brought in the Los Angeles County Superior Court under Case Nos. BC554306 and BC585895 reveal the extensive pleadings, claims and counterclaims filed in the very heated litigation that was first initiated by Gasparyan against Defendants in August 2014 and includes Fomichev as a party, and which remains pending to this day. (See Los Angeles County Superior Court dockets available online under "Case Summary" at www.lacourt.org).

DEFENDANTS' RESPONSE TO DAVIT GASPARYAN'S MOTION TO CONSOLIDATE PRETRIAL PROCEEDINGS

2710122v.1

taken between them to Defendants' irreversible prejudice should a future consolidated trial take place with them in this Court.  Indeed, the Bureau's opposition to Defendants' motion for certification of appeal and stay, as well at its response to Gasparyan's instant motion to consolidate, further reflect the Bureau's strategy to exploit the differences between Defendants, Gasparyan and Fomichev, and attempt to "paint with a broad brush" in attributing alleged misconduct and dilatory tactics to Defendants. (See Declaration of Barry Reiferson in Support of Bureau's Opposition to Motion for Certification of Interlocutory Appeal and Stay, D.E. 73-1; Bureau's Response to Gasparyan's Motion to Consolidate, pp.3-4, filed in Bureau's case against Gasparyan as D.E. 60).  This Court can fully expect the Bureau to continue with its calculated effort to prejudice Defendants and obtain an unfair advantage at a consolidated trial should this Court allow consolidation for all purposes here, and must soundly reject the Bureau's attempt to deny Defendants the fair and impartial trial to which they are entitled.

///

///

///

///

DEFENDANTS' RESPONSE TO DAVIT GASPARYAN'S MOTION TO CONSOLIDATE PRETRIAL PROCEEDINGS

2710122v.1

1

### III.  <u>CONCLUSION</u>

For the foregoing reasons, Defendants respectfully request this Court not to order consolidation of the three related cases for all purposes, and to deny the consolidation of such cases for trial.

Dated:  March 27, 2017

WILSON, ELSER, MOSKOWITZ,
EDELMAN & DICKER LLP


By  */s/ Herbert P. Kunowski*
Herbert P. Kunowski

Attorneys for Defendants,
D and D Marketing, Inc., d/b/a T3Leads,
Grigor Demirchyan, and Marina Demirchyan

DEFENDANTS' RESPONSE TO DAVIT GASPARYAN'S MOTION TO CONSOLIDATE PRETRIAL PROCEEDINGS

2710122v.1

## DECLARATION OF HERBERT P. KUNOWSKI

I, Herbert P. Kunowski, declare as follows:

1.      I am an attorney at law duly licensed and admitted to practice before all the courts in the State of California, including this U.S. District Court, and a member of the law firm of Wilson, Elser, Moskowitz, Edelman & Dicker LLP, counsel of record for Defendants, D and D Marketing, Inc., d/b/a T3 Leads, Grigor Demirchyan, and Marina Demirchyan (collectively "Defendants"), in the above-captioned action brought by Plaintiff, Consumer Financial Protection Bureau (the "Bureau").   I have personal knowledge of the matters stated herein, and could and would competently testify to the following under oath.

2.      On February 23, 2017, after learning that the Bureau had filed an early response on February 17 to the motion to consolidate pretrial proceedings filed by Defendant, David Gasparyan ("Gasparyan"), and which I only discovered by reviewing this Court's docket for the status of the Bureau's separate case against Gasparyan, I advised the Bureau's counsel, Barry Reiferson, that when the Bureau files a response to a motion that has been filed in all three of its related cases, as with Gasparyan's motion, the Bureau should file its response in its cases against Dmitry Fomichev and my clients as well, and serve all parties, not just Gasparyan, with a copy of the Bureau's position.   I noted to Mr. Reiferson that the Bureau had done not do so with its response filed on

2710122v.1

February 17 to Gasparyan's motion, and requested Mr. Reiferson to ensure that my clients were properly notified in the future.

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct this 27th day of March 2017 at Los Angeles, California.

By: /s/ Herbert P. Kunowski
Herbert P. Kunowski, Declarant

DEFENDANTS' RESPONSE TO DAVIT GASPARYAN'S MOTION TO CONSOLIDATE PRETRIAL PROCEEDINGS

2710122v.1