PATRICK M. KELLY (SBN 45426)
patrick.kelly@wilsonelser.com
HERBERT P. KUNOWSKI (SBN 150141)
herbert.kunowski@wilsonelser.com
ROBERT COOPER (SBN 209641)
robert.cooper@wilsonelser.com
**WILSON, ELSER, MOSKOWITZ, EDELMAN & DICKER LLP**
555 South Flower Street, Suite 2900
Los Angeles, CA 90071
Telephone: 213.443.5100
Facsimile: 213.443.5101

ASHLEY VINSON CRAWFORD (SBN 257246)
avcrawford@akingump.com
DANIELLE C. GINTY (SBN 261809)
dginty@akingump.com
**AKIN GUMP STRAUSS HAUER & FELD LLP**
580 California Street, Suite 1500
San Francisco, CA 94014
Telephone: 415.765.9500
Facsimile: 415.765.9501

Attorneys for Defendants, D and D Marketing, Inc., d/b/a T3Leads, Grigor Demirchyan, and Marina Demirchyan

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

WESTERN DIVISION

Consumer Financial Protection Bureau,

*Plaintiff,*

v.

D and D Marketing, Inc., d/b/a T3Leads, Grigor Demirchyan, Marina Demirchyan, et al.,

*Defendants.*

**Case No. 2:15-cv-09692-PSG(Ex)**

**Hon. Philip S. Gutierrez**

**DEFENDANTS' NOTICE OF MOTION & MOTION TO STAY THE CASE PENDING DISPOSITION OF APPEAL**

**Filed Concurrently with Declaration of Herbert P. Kunowski and Proposed Order in Support**

**Hearing Date: July 17, 2017**
**Hearing Time: 1:30 p.m.**
**Courtroom: 6A**
**Courthouse: First Street**

TO ALL PARTIES HEREIN AND THEIR ATTORNEYS OF RECORD:

Notice is hereby given that Defendants D and D Marketing, Inc., d/b/a T3 Leads ("T3"), Grigor Demirchyan and Marina Demirchyan (collectively "D&D") hereby move the Court for an order to stay further litigation in this Court pending completion of appellate proceedings. This motion is necessitated by the Ninth Circuit's recent order accepting interlocutory appellate review of the threshold, jurisdictional issues presented in this case (D.E. 86), and the irreparable harm that will be suffered by D&D if this case is not stayed.

This motion will be heard on July 17, 2017 at 1:30 p.m. in the United States District Court, Central District of California, First Street Courthouse, located at 350 W. First Street, Los Angeles, CA 90012, by the Honorable Philip S. Gutierrez in Courtroom 6A.

This motion is based on the fact that conducting further proceedings in this litigation, despite the pendency of D&D's appeal, will cause D&D irreparable harm and will be significantly burdensome for this Court and the parties, with D&D facing liability exposure of literally $1.8 *billion* (and counting), based on the monetary recovery being sought that was recently disclosed by the plaintiff Bureau.

In addition, requiring D&D to simultaneously mount a two-stage defense, one at the district court level and one at the appellate level, would be onerous and extremely expensive for D&D. Finally, because a post-trial appeal of this Court's final judgment will be required by the losing party, staying the case would promote, rather than undermine, judicial economy by preventing protracted and costly discovery, an unnecessary trial and another subsequent appeal.

The Motion is made following the conference of counsel, pursuant to C.D. Cal. R. 7-3, which took place on May 19, 2017. The Motion will be made based on this notice, the attached motion, the declaration of Herbert P. Kunowski, and the Ninth Circuit's recent order granting D&D's petition for permission to appeal

this Court's order on D&D's motion to dismiss. This motion is also based on records contained in the Court's file in this consolidated action, and such further evidence, whether documentary or oral, as may be presented by the time of the noticed hearing.

The Bureau is expected to oppose this motion. However, co-defendant Dmitry Fomichev, whose petition for appellate review was also recently granted, joins in the relief requested in this motion. Co-defendant Davit Gasparyan, whose petition for appellate review was likewise recently granted, intends to file a separate joinder in this motion.

Respectfully submitted,

Dated: May 26, 2017       WILSON, ELSER, MOSKOWITZ,
                              EDELMAN & DICKER LLP


By: */s/ Robert Cooper*
    Robert Cooper
    Attorneys for Defendants,
    D and D Marketing, Inc., d/b/a T3Leads,
    Grigor Demirchyan, and Marina
    Demirchyan

# TABLE OF CONTENTS

Page

**I. PROCEDURAL BACKGROUND** ........ 1

**II. LEGAL DISCUSSION** ........ 2

Given the Ninth Circuit's decision granting interlocutory appellate review and the irreparable harm that will be suffered, this Court should stay this case pending the disposition of D&D's appeal ........ 2

1. The balance of hardships tips decidedly in favor of a stay pending the resolution of appellate proceedings. Otherwise, D&D will suffer irreparable injury ........ 3

2. D&D is likely to succeed on the serious questions presented in its successful petition for appellate review ........ 5

3. The public interest weighs in favor of a stay ........ 6

**III. CONCLUSION** ........ 7

# TABLE OF AUTHORITIES

Page(s)

## Cases

*Allen v. Wright*, 468 U.S. 737 (1984) .......... 5

*Alliance for the Wild Rockies v. Cottrell*, 632 F.3d 1127 (9th Cir. 2011) .......... 3

*CFPB* v. *Accrediting Council for Indep. Colleges & Schools*, 854 F.3d 683, 691 (D.C. Cir. 2017) .......... 6

*Filtrol Corp. v. Kelleher*, 467 F.2d 242 (9th Cir. 1972) .......... 3

*John Doe Co. v. CFPB*, 849 F.3d 1129 (D.C. Cir. 2017) .......... 6

*Leyva v. Certified Grocers of Cal., Ltd.*, 593 F.2d 857 (9th Cir. 1979) .......... 2

*Nken v. Holder*, 556 U.S. 418 (2009) .......... 2

*Pennzoil Co. v. Texaco, Inc.*, 481 U.S. 1 (1987) .......... 1

*Plaut v. Spendthrift Farm, Inc.*, 514 U.S. 211 (1995) .......... 5

*Sottera, Inc. v. FDA*, 627 F.3d 891 (D.C. Cir. 2010) .......... 4

## Statutes

12 U.S.C.

§ 5564(g)(1) .......... 3

§ 5565(c)(2)(B) .......... 3

§ 5565(c)(2)(C) ..... 3

28 U.S.C. § 1292(b) ..... 2

**Regulations**

12 C.F.R. § 1083.1(a) ..... 3

# MEMORANDUM OF POINTS & AUTHORITIES

## I. <u>Procedural Background</u>

The Bureau has sued T3 and its officers under the CFPA, seeking monetary penalties, damages, restitution, disgorgement and injunctive relief, among other remedies. In response to this lawsuit, D&D filed a motion to dismiss, challenging the Bureau's allegations based on, *inter alia*, its lack of legal authority to prosecute this action due to its unconstitutional structure.

Despite adopting D&D's view that the Bureau's structure is constitutionally flawed, this Court denied the motion to dismiss. (D.E. 57, pp. 6-8.) This Court, however, subsequently granted D&D's motion to certify this issue for interlocutory appellate review. In response to D&D's petition for permission to appeal the constitutionality issue, the Ninth Circuit recently granted D&D's request for interlocutory review.

In addition, the Bureau itself recently disclosed that it is seeking literally $1.8 *billion* against D&D based on statutory money penalties of $1,087,450 *per day and every day*. Decl. of Herbert P. Kunowski, ¶¶ 2-3.

In light of these significant, new developments in this massive lawsuit, D&D respectfully renews its request to stay the district court proceedings pending the completion of appellate proceedings regarding the threshold, jurisdictional issues accepted for review. Based on the Bureau's attempt to obtain a ten-figure judgment against D&D, "[i]t is clear that [D&D] would not" be "able to post such a bond." *Pennzoil Co. v. Texaco, Inc.*, 481 U.S. 1, 5 (1987). In the absence of a stay pending the appeal, D&D's right to meaningful appellate review would be practically eliminated. Accordingly, D&D will be severely prejudiced without a stay.

///

///

## II. LEGAL DISCUSSION

The interlocutory appeal statute that is the subject of this motion provides in pertinent part as follows:

> "When a district judge, in making in a civil action an order not otherwise appealable under this section, shall be of the opinion that such order involves a controlling question of law as to which there is substantial ground for difference of opinion and that an immediate appeal from the order may materially advance the ultimate termination of the litigation, he shall so state in writing in such order… That application for an appeal hereunder shall not stay proceedings in the district court unless the district judge or the Court of Appeals or a judge thereof shall so order." 28 U.S.C. § 1292(b) (emphasis added).

**Given the Ninth Circuit's decision granting interlocutory appellate review and the irreparable harm that will be suffered, this Court should stay this case pending the disposition of D&D's appeal.**

"No court can make time stand still while it considers an appeal … and if a court takes the time it needs, the court's decision may in some cases come too late for the party seeking review." *Nken v. Holder*, 556 U.S. 418, 421 (2009). "A stay does not make time stand still, but does hold a ruling in abeyance to allow an appellate court the time necessary to review it." *Ibid.*

Accordingly, a "trial court may, with propriety, find it is efficient for its own docket and the fairest course for the parties to enter a stay of an action before it, pending resolution of independent proceedings which bear upon the case." *Leyva v. Certified Grocers of Cal., Ltd.*, 593 F.2d 857, 863 (9th Cir. 1979). "Where it is proposed that a pending proceeding be stayed, the competing interests which will be affected by the granting or refusal to grant a stay must be weighed. Among these competing interests are the possible damage which may result from the granting of a stay, the hardship or inequity which a party may suffer in being required to go forward, and the orderly course of justice measured

in terms of the simplifying or complicating of issues, proof, and questions of law which could be expected to result from a stay." *Filtrol Corp. v. Kelleher*, 467 F.2d 242, 244 (9th Cir. 1972) (internal quotation marks and citations omitted).

Under this balancing test, "a stronger showing of one element may offset a weaker showing of another." *Alliance for the Wild Rockies v. Cottrell*, 632 F.3d 1127, 1131 (9th Cir. 2011) (addressing preliminary injunction standard). Applying these principles here, this Court should issue a stay based on the following analysis in order to "promote economy of time and effort for itself, for counsel, and for litigants." *Filtrol Corp.*, 467 F.2d at 244.

**1. The balance of hardships tips decidedly in favor of a stay pending the resolution of appellate proceedings. Otherwise, D&D will suffer irreparable injury.**

While monetary expenses incurred in litigation are generally not considered irreparable harm (D.E. 76, p. 10) in and of themselves, the harm faced by D&D in terms of defense costs represents a tiny fraction of the total amount of financial harm facing D&D. As illustrated below, a basic mathematical computation of the statutory money penalties identified by the Bureau illustrates that the stakes here are much higher: $1,791,595,661 and counting—just up to this week alone.

Here's the math: Applying the three-year statute of limitations (12 U.S.C. § 5564(g)(1)), the Bureau will seek to recover penalties from December 17, 2012 to the present. This limitations period encompasses 1,621 days as of May 26, 2017. If the statutory rates of daily penalties are applied to this time period, as adjusted for inflation (12 C.F.R. § 1083.1(a) (listing adjusted $1,105,241 daily rate for penalties under § 5565(c)(2)(C))), the Bureau will seek $1,791,595,661 against D&D. See 12 U.S.C. § 5565(c)(2)(C) (listing daily penalties for knowing violations before inflation adjustments); § 5565(c)(2)(B) (unadjusted daily penalties for reckless violations); Decl. of Herbert P. Kunowski, ¶¶ 2-3.

///

Absent a stay, the parties will be forced to continue forward with merits-based discovery, extensive motion practice and time-consuming trial preparations. The burdens attendant with that discovery, motion and trial preparation will be particularly acute, given the large universe of documents previously sought by the Bureau during the administrative phase of this case. In addition, D&D will need to seek comparably extensive discovery in connection with the issues of liability and damages, given the extensive breadth and scope of this case.[1]

But setting aside such defense costs, the sheer size of the monetary recovery being sought by the Bureau – a ten-figure judgment that is virtually unprecedented in administrative actions based on the vicarious liability theory advanced by the Bureau here – justifies a stay. Allowing the parties to pursue appellate review would also eliminate the need for each side to simultaneously engage in dual-stage battles, substantially lessening the burdens on both the parties and the Court. Otherwise, the mere threat of such liability would cause third parties (e.g., lenders, creditors, etc.) to avoid conducting business with D&D, fearing that D&D would not be able to meet its future financial obligations to those parties, thus causing additional financial damage to D&D's business. See *Sottera, Inc. v. FDA*, 627 F.3d 891, 899 (D.C. Cir. 2010) (product distributor would be irreparably harmed by agency's order that would destroy the distributor's ability to cover its production costs). Based on the Bureau's immunity for such damages, D&D would not be able to recover such damages after the dismissal of this lawsuit, thus further illustrating the practical harm in denying a stay.

///

///

[1] See the parties' Joint Rule 26(f) Report filed April 20, 2017 (D.E. 83). In addition, the parties engaged in an extended hearing today before U.S. Magistrate Judge Charles F. Eick on these particular issues.

**2. D&D is likely to succeed on the serious questions presented in its successful petition for appellate review.**

D&D has a sufficient likelihood of success on the merits to support the issuance of a stay. While the vast majority of petitions for interlocutory appellate review are summarily denied, the Ninth Circuit's decision to entertain such review – though certainly not conclusive – arguably raises a reasonable inference on this point.

Although the Bureau naturally disputes this point, D&D is not required to prove at this juncture that it will ultimately prevail on the merits. All that has to be shown is a mere *likelihood* of success. This relatively low standard is satisfied here because, judging by this Court's adoption of D&D's view that the Bureau is unconstitutional, the real issue is the adjudication of the proper remedy for that constitutional violation.

D&D is likely to succeed on that issue because, in direct contrast to the Bureau's no-harm, no-foul approach to constitutional interpretation, "the doctrine of separation of powers is a *structural safeguard* rather than a remedy to be applied only when specific harm, or risk of specific harm, can be identified." *Plaut v. Spendthrift Farm, Inc.*, 514 U.S. 211, 239 (1995) (emphasis in original). Furthermore, because "federal courts may exercise power only … when adjudication is consistent with a system of separated powers" (*Allen v. Wright*, 468 U.S. 737, 752 (1984) (internal quotation marks omitted)), the Bureau's dismissive approach disregards the jurisdictional bar presented by its lack of standing to prosecute this lawsuit.

These constitutional issues are not only of substantial importance to the parties here, but to the entire financial services industry throughout the fifty states that are struggling with the Bureau's interpretation of the law. Given the serious and important questions raised in this case, a stay is warranted.

///

### 3. The public interest weighs in favor of a stay.

Finally, a stay would serve important interests of sound and fair judicial administration. The public interest lies in proper resolution of the important issues raised in this case, and issuance of stay would avoid wasting resources on a lawsuit which might be dismissed on appeal. Conversely, the Bureau has no legitimate interest in rushing this case to trial while appellate review is pending. As a result, the balance tips sharply in favor of a stay. See *CFPB v. Accrediting Council for Indep. Colleges & Schools*, 854 F.3d 683, 691 (D.C. Cir. 2017) (deeming the Bureau's interest in ensuring compliance with the CFPA as insufficient to enforce civil investigative demand where the Bureau violated the statutory notice requirements for issuing such an administrative subpoena in the first place).

The Bureau, however, may rely on *John Doe Co. v. CFPB*, 849 F.3d 1129 (D.C. Cir. 2017) to dispute this point. In that case, a company "filed a pre-enforcement suit to stop a non-self-executing investigative demand for regulatory information." *Id*. at 1132. The company did "not argue that it falls beyond the Bureau's statutory authority" to issue a subpoena. *Ibid*. Treating this point as fatal to the company's request for "an injunction pending appeal on the ground that the Bureau transgresses the separation of powers just by issuing a CID" (*id*. at 1133), the majority denied the injunction request. In contrast to the immediate and concrete injury faced by D&D here (e.g., based on the sheer size of D&D's exposure), the "sole injury" the company asserted in that case was "the harm occasioned by having to respond to a non-self-executing CID." *Id*. at 1132. Given such fundamental discrepancies between these fact patterns, this case does not help the Bureau.

## III. CONCLUSION

Absent a stay, D&D's right to a post-judgment appeal would be effectively eliminated because D&D cannot post a multi-billion dollar supersedeas bond. Conversely, once the case is stayed, the interlocutory appeal will achieve significant efficiencies, by allowing both sides to obtain a definitive ruling from the appellate court, thus promoting judicial economy. Therefore, the motion for stay should be granted.

Respectfully submitted,

Dated: May 26, 2017 Wilson, Elser, Moskowitz, Edelman & Dicker LLP

By: */s/ Robert Cooper*
Robert Cooper
Attorneys for Defendants,
D and D Marketing, Inc., d/b/a T3Leads,
Grigor Demirchyan, and Marina Demirchyan