1
2
3
4
5
6
7
8
9
10
11
12
13

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

WESTERN DIVISION

| | |
|---|---|
| Consumer Financial Protection Bureau, ) | **Case No.     2:15-cv-09692-PSG(Ex)** |
| ) | **Hon. Philip S. Gutierrez** |
| *Plaintiff,* ) | |
| ) | **[PROPOSED] ORDER ON DEFENDANTS' MOTION TO STAY THE CASE PENDING DISPOSITION OF APPEAL** |
| v. ) | |
| ) | |
| D and D Marketing, Inc., d/b/a ) T3Leads, Grigor Demirchyan, Marina ) Demirchyan, et al., ) | |
| ) | **Hearing Date:     July 17, 2017** |
| ) | **Hearing Time:     1:30 p.m.** |
| ) | **Courtroom:     6A** |
| *Defendants.* ) | **Courthouse:     First Street** |
| ) | |

24
25
26
27
28

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

## I.      Procedural Background

Plaintiff Consumer Financial Protection Bureau has sued Defendants D and D Marketing, Inc., d/b/a T3 Leads ("T3"), Grigor Demirchyan and Marina Demirchyan (collectively "D&D") under the CFPA, seeking monetary penalties, damages, restitution, disgorgement and injunctive relief, among other remedies. In response to this lawsuit, D&D filed a motion to dismiss, challenging the Bureau's allegations based on, *inter alia,* its lack of legal authority to prosecute this action due to its unconstitutional structure.

While adopting D&D's view that the Bureau's structure is constitutionally flawed, this Court denied the motion to dismiss. (D.E. 57, pp. 6-8.) This Court, however, subsequently granted D&D's motion to certify this issue for interlocutory appellate review. In response to D&D's petition for permission to appeal the constitutionality issue, the Ninth Circuit recently granted D&D's request for interlocutory review.

D&D has renewed its request to stay the district court proceedings pending the completion of appellate proceedings regarding the threshold, jurisdictional issues accepted for review. D&D has argued that, based on the Bureau's recent confirmation of the amount of damages being sought, the Bureau is seeking $1.8 billion against D&D based on statutory monetary remedies, an amount that continues to accrue every single day, increasing D&D's liability exposure by over a million dollars daily. Decl. of Herbert P. Kunowski, ¶¶ 2-3.

D&D further argues that, based on the Bureau's attempt to obtain a ten-figure judgment against D&D, "[i]t is clear that [D&D] would not" be "able to post such a bond." *Pennzoil Co. v. Texaco, Inc.,* 481 U.S. 1, 5 (1987). As discussed below, the Court finds that, in the absence of a stay pending the appeal, D&D's right to meaningful appellate review would be practically eliminated. Because D&D would be prejudiced without a stay, the Court **GRANTS** the motion to stay

this consolidated action pending the completion of appellate proceedings.

## II.   <u>LEGAL DISCUSSION</u>

The interlocutory appeal statute that is the subject of this motion provides in pertinent part as follows:

> "When a district judge, in making in a civil action an order not otherwise appealable under this section, shall be of the opinion that such order involves a controlling question of law as to which there is substantial ground for difference of opinion and that an immediate appeal from the order may materially advance the ultimate termination of the litigation, he shall so state in writing in such order… That application for an appeal hereunder shall not stay proceedings in the district court <u>unless the district judge</u> or the Court of Appeals or a judge thereof <u>shall so order</u>." 28 U.S.C. § 1292(b) (emphasis added).

"No court can make time stand still while it considers an appeal … and if a court takes the time it needs, the court's decision may in some cases come too late for the party seeking review." *Nken v. Holder*, 556 U.S. 418, 421 (2009). "A stay does not make time stand still, but does hold a ruling in abeyance to allow an appellate court the time necessary to review it." *Ibid.*

Accordingly, a "trial court may, with propriety, find it is efficient for its own docket and the fairest course for the parties to enter a stay of an action before it, pending resolution of independent proceedings which bear upon the case." *Leyva v. Certified Grocers of Cal., Ltd.*, 593 F.2d 857, 863 (9th Cir. 1979). "Where it is proposed that a pending proceeding be stayed, the competing interests which will be affected by the granting or refusal to grant a stay must be weighed. Among these competing interests are the possible damage which may result from the granting of a stay, the hardship or inequity which a party may suffer in being required to go forward, and the orderly course of justice measured

in terms of the simplifying or complicating of issues, proof, and questions of law which could be expected to result from a stay." *Filtrol Corp. v. Kelleher*, 467 F.2d 242, 244 (9th Cir. 1972) (internal quotation marks and citations omitted).

Under this balancing test, "a stronger showing of one element may offset a weaker showing of another." *Alliance for the Wild Rockies v. Cottrell*, 632 F.3d 1127, 1131 (9th Cir. 2011) (addressing preliminary injunction standard). Applying these principles here, the Court stays this consolidated case based on the following analysis in order to "promote economy of time and effort for itself, for counsel, and for litigants." *Filtrol Corp.,* 467 F.2d at 244.

### 1. The balance of hardships tips decidedly in favor of a stay pending the resolution of appellate proceedings. Otherwise, D&D will suffer irreparable injury.

While monetary expenses incurred in litigation are generally not considered irreparable harm (D.E. 76, p. 10) in and of themselves, the harm faced by D&D in terms of defense costs represents a tiny fraction of the total amount of financial harm facing D&D. As reflected in the moving papers, a mathematical computation of the statutory penalties identified by the Bureau illustrates that the stakes here are much higher: $1,791,595,661 and counting—just as of the time when this motion was filed.

Applying the three-year statute of limitations (12 U.S.C. § 5564(g)(1)), the Bureau will seek to recover penalties from December 17, 2012 to the present. This limitations period encompasses 1,621 days as of May 26, 2017. If the statutory rates of daily penalties are applied to this time period, as adjusted for inflation (12 C.F.R. § 1083.1(a) (imposing adjusted $1,105,241 daily rate for penalties under § 5565(c)(2)(C))), the Bureau will seek $1,791,595,661 against D&D. See 12 U.S.C. § 5565(c)(2)(C) (listing daily penalties for knowing violations before inflation adjustments); § 5565(c)(2)(B) (unadjusted daily penalties for reckless violations); Decl. of Herbert P. Kunowski, ¶¶ 2-3.

Absent a stay, the parties will be forced to continue forward with merits-based discovery, extensive motion practice and time-consuming trial preparations. The burdens attendant with that discovery, motion and trial preparation will be particularly acute, given the large universe of documents previously sought by the Bureau during the administrative phase of this case. In addition, D&D will need to seek comparably extensive discovery in connection with the issues of liability and damages, given the extensive breadth and scope of this case.[1]

But setting aside such defense costs, the sheer size of the damages being sought by the Bureau – a ten-figure judgment – justifies a stay. Allowing the parties to pursue appellate review would also eliminate the need for each side to simultaneously engage in dual-stage battles, substantially lessening the burdens on both the parties and the Court. Otherwise, the mere threat of such liability would cause third parties (e.g., lenders, creditors, etc.) to avoid conducting business with D&D, fearing that D&D would not be able to meet its future financial obligations to those parties, thus causing additional financial damage to D&D's business. See *Sottera, Inc. v. FDA,* 627 F.3d 891, 899 (D.C. Cir. 2010) (product distributor would be irreparably harmed by agency's order that would destroy the distributor's ability to cover its production costs). Based on the Bureau's immunity for such damages, D&D would not be able to recover such damages after the dismissal of this lawsuit, thus further illustrating the practical harm in denying a stay.

## 2. D&D is likely to succeed on the serious questions presented in its successful petition for appellate review.

D&D has a sufficient likelihood of success on the merits to support the issuance of a stay. While the vast majority of petitions for interlocutory appellate review are summarily denied, the Ninth Circuit's decision to entertain such review

---

[1] See the parties' Joint Rule 26(f) Report filed April 20, 2017 (D.E. 83).

– though certainly not conclusive – arguably raises a reasonable inference on this point.

Although the Bureau naturally disputes this point, D&D is not required to prove at this juncture that it will ultimately prevail on the merits. All that has to be shown is a mere *likelihood* of success. This relatively low standard is satisfied here, as evidenced by this Court's prior adoption of D&D's view that the Bureau is unconstitutional. While this Court previously rejected D&D's view regarding the proper remedy, these constitutional issues are extremely important to the entire financial services industry throughout the fifty states that are struggling with the Bureau's interpretation of the law. Given the serious and important questions raised in this case, a stay is warranted.

### 3.    The public interest weighs in favor of a stay.

Finally, a stay would serve important interests of sound and fair judicial administration. The public interest lies in proper resolution of the important issues raised in this case, and issuance of stay would avoid wasting resources on a lawsuit which might be dismissed on appeal. Conversely, there is no reason to rush this case to trial while appellate review is pending. As a result, the balance tips sharply in favor of a stay. See *CFPB v. Accrediting Council for Indep. Colleges & Schools,* 854 F.3d 683, 691 (D.C. Cir. 2017) (deeming the Bureau's interest in ensuring compliance with the CFPA as insufficient to enforce civil investigative demand where the Bureau violated the statutory notice requirements for issuing such an administrative subpoena in the first place).

*John Doe Co. v. CFPB*, 849 F.3d 1129 (D.C. Cir. 2017) does not help the Bureau in this regard. In that case, a company "filed a pre-enforcement suit to stop a non-self-executing investigative demand for regulatory information." *Id*. at 1132. The company did "not argue that it falls beyond the Bureau's statutory authority" to issue a subpoena. *Ibid*. Treating this point as fatal to the company's

request for "an injunction pending appeal on the ground that the Bureau transgresses the separation of powers just by issuing a CID" (*id*. at 1133), the majority denied the injunction request. In contrast to the immediate and concrete injury faced by D&D here (e.g., based on the sheer size of D&D's exposure), the "sole injury" the company asserted in that case was "the harm occasioned by having to respond to a non-self-executing CID." *Id*. at 1132. Given such fundamental discrepancies between these fact patterns, this case does not help the Bureau.

## III.   CONCLUSION

Absent a stay, D&D's right to a post-judgment appeal would be effectively eliminated because D&D cannot post a multi-billion dollar supersedeas bond. Conversely, once the case is stayed, the interlocutory appeal will achieve significant efficiencies, by allowing both sides to obtain a definitive ruling from the appellate court, thus promoting judicial economy. Therefore, the motion for stay is hereby **GRANTED**.

Dated: _____, 2017

By: *_/s/_*_____
                   Hon. Philip S. Gutierrez
                   United States District Court Judge

**[PROPOSED] ORDER ON DEFENDANTS' MOTION TO STAY THE CASE PENDING DISPOSITION OF APPEAL**
2:15-cv-09692-PSG(Ex)

2771601v.1