BARRY REIFERSON (*pro hac vice*)
Email: barry.reiferson@cfpb.gov
MEGHAN SHERMAN CATER (*pro hac vice*)
Email: meghan.sherman@cfpb.gov
JADE A. BURNS (*pro hac vice*)
Email: jade.burns@cfpb.gov
LEANNE E. HARTMANN, CA Bar #264787
Email: leanne.hartmann@cfpb.gov
Consumer Financial Protection Bureau
1700 G Street, NW
Washington, DC 20552
Telephone: (212) 328-7020
Facsimile: (202) 435-7329
Attorneys for Plaintiff, Consumer Financial Protection Bureau

PATRICK M. KELLY (SBN 45426)
patrick.kelly@wilsonelser.com
HERBERT P. KUNOWSKI (SBN 150141)
herbert.kunowski@wilsonelser.com
WILSON, ELSER, MOSKOWITZ, EDELMAN &DICKER LLP
555 South Flower Street, Suite 2900
Los Angeles, CA 90071
Telephone: 213.443.5100
Facsimile: 213.443.5101
Attorneys for Defendants D and D Marketing, Inc., d/b/a T3Leads;
Grigor Demirchyan; and Marina Demirchyan

STEVEN B. SOLTMAN, ESQ., SBN 108649
Email: ssoltman@slfesq.com
THOMAS RITTENBURG, ESQ., SBN 108090
Email: Trittenburg@sflesq.com
SOLTMAN, LEVITT, FLAHERTY & WATTLES LLP
90 E. Thousand Oaks Blvd., Ste. 300
Thousand Oaks, CA 91360
Telephone: (805) 497-7706; Facsimile: (805) 497-1147
Attorneys for Defendant Dmitry Fomichev

JOINT STIPULATION ADDRESSING MEDIATION AND DISCOVERY

2772511v.1

ABRAHAM J. COLMAN (SBN 146933)
Email: acolman@reedsmith.com
RAFFI KASSABIAN (SBN 260358)
Email: rkassabian@reedsmith.com
JAMES A. ROLFES (*pro hac vice*)
Email: jrolfes@reedsmith.com
REED SMITH LLP
355 South Grand Avenue, Suite 2900
Los Angeles, CA 90071-1514
Telephone: +1 213 457 8000; Facsimile: +1 213 457 8080
Attorneys for Defendant Davit Gasparyan, a/k/a David Gasparyan

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA
WESTERN DIVISION

| | |
|---|---|
| Consumer Financial Protection Bureau,<br><br>Plaintiff,<br><br>v.<br><br>D and D Marketing, Inc., d/b/a T3Leads, *et al.*,<br><br>Defendants. | **Case No. 2:15-cv-09692-PSG-E**<br>Hon. Philip S. Gutierrez<br><br>**JOINT STIPULATION ADDRESSING MEDIATION AND DISCOVERY**<br><br>Scheduling Conf.: June 5, 2017; 2:00 p.m.<br><br>Courtroom 6A, 350 West 1st Street, 6th Floor, Los Angeles, California 90012 |

Counsel for Plaintiff Consumer Financial Protection Bureau (the "Bureau") and Defendants D and D Marketing d/b/a T3Leads ("T3"), Marina Demirchyan, Grigor Demirchyan, Dmitry Fomichev, and Davit Gasparyan (a/k/a David Gasparyan) ("Defendants" and collectively with the Bureau, the "Parties") submit this Joint Stipulation addressing mediation and discovery in accordance with this Court's Order (ECF No. 84).

## I. Mediation

The Parties have agreed to participate in mediation conducted by the Honorable George H. King (Ret.). That mediation is scheduled to commence on June 28, 2017 at 9 a.m. at JAMS in Los Angeles, California. All parties have expressed openness to settlement discussions in advance of that mediation.

With respect to mediation costs and fees, the Parties agree that Plaintiff is to pay no more than $3,499 or 35%, whichever is less, with the balance thereafter split equally between the three sets of Defendants.

The Parties agree that mediation will proceed no matter the disposition of the motion filed by certain Defendants to stay the case pending disposition of appeal (ECF Nos. 90, 90-1, 90-2, 91).

## II. Status of Discovery

### A. Discovery Hearing

The Parties participated in a status conference in front of the Honorable Charles F. Eick on May 26, 2017. Judge Eick made the following rulings after that status conference (ECF No. 89):

(1) discovery will not be phased in the manner requested by Defendants;

    (2) the number of depositions will be limited to thirty (30) depositions per side, absent agreement of the parties or further order of the Court;

    (3) each deposition will be limited to seven (7) hours in length, absent agreement of the parties or further order of the Court;

    (4) as soon as practicable, the Parties will file a stipulated proposed protective order for confidential information or, failing agreement, a motion for protective order after compliance with Local Rule 37.

Judge Eick also directed the Parties to file, on or before June 12, 2017, a stipulation memorializing the Bureau's agreement to restrict the scope of Plaintiff's claimed remedies, as discussed at the conference. (ECF No. 89).

The Parties are negotiating a proposed protective order and expect to submit a joint proposal or separate proposals within ten days.

### 1.    The Bureau's Position on Discovery and Scheduling

The Parties discussed at the status conference before Judge Eick the scope of discovery and the status of pending discovery demands. Taking into account Judge Eick's rulings and comments about the proper use of discovery and his availability to handle discrete discovery issues as they arise, the Bureau believes that the Parties can meet this Court's request for a more aggressive scheduling proposal than previously submitted. The Bureau rejects the Defendants' suggestion that the large volume of victimized consumers demands such long and broad discovery, particularly where, as here, the Defendants collectively possess all or most of the relevant information.

The Bureau proposes the following schedule for these cases, noting that initial disclosures under Federal Rule of Civil Procedure 26(a)(1) have been made by all Parties:

| Event | Bureau's Proposal |
|---|---|
| Deadline to Disclose Expert Witnesses Under Rule 26(a)(2)(B) and Produce Expert Reports | September 7, 2017 |
| Deadline to Disclose Rebuttal Expert Witnesses and Produce Rebuttal Expert Reports | October 19, 2017 |
| Deadline to Complete Discovery | November 9, 2017 |
| Deadline for Filing Dispositive Motions (each party expects to file a motion under Rule 56) | January 25, 2018 |

## 2.     Defendants' Position on Discovery and Scheduling

At the May 26, 2017 hearing, Judge Eick and the Parties discussed the scope of discovery and the status of pending discovery demands provided. Judge Eick commented that the scope of discovery would depend in large part on the scope of the Bureau's claims and encouraged counsel for the Bureau and the Defendants to discuss how the Bureau intended to present its case and the Defendants intended to defend that case, so that the parties could present better estimates of the time needed to conduct required discovery.

Because of inconsistencies in the Bureau's disclosures and Amended Complaints on the relief it is seeking, and for clarification, Judge Eick directed the Bureau to memorialize its agreement to restrict the scope of its claimed remedies by stipulation to be filed by June 12, 2017. (ECF No. 89). Other than as set forth above, Judge Eick did not impose any specific limitations on, or otherwise define, the scope of discovery.

Presently, the Bureau's only articulation of its claims is quite broad, involving hundreds of thousands of consumer transactions; thousands of third-party lead generators, lenders, other lead purchasers and vendors; an expansive time period; thousands of potential alleged misrepresentations; and untold number of loan forms, fees and rates.  Third parties, and not the Defendants, hold a substantial volume of the documents related to the Bureau's claims, along with the testimony that the Bureau will need to prove its claims.  Given the current broad nature of the Bureau's claims, the Defendants expect to conduct discovery on the following subjects, within the scope of allowable discovery, the timeline for which is outlined in the table below:

- Documents, testimony and witness statements obtained during the Bureau's investigation of T3;
- Each transaction, consumer, lead generator, lead purchaser and lender allegedly involved in any violations of the Act;
- Communications between consumers and lenders, prospective lenders, and other lead purchasers;
- Credit histories and loans obtained by alleged affected consumers;
- Each loan made to alleged affected consumers, as well as the fees and interest paid on those loans;
- Each representation made to the alleged affected consumers that serve as the basis of the Bureau's claims;
- Conduct of actual or prospective lead generators, lead purchasers, lenders, vendors, and "business partners and associates" to the extent the Bureau claims such conduct forms a basis of, or evidences, Defendants' alleged violation of the Act;
- The Bureau's deliberation and actions to define relevant conduct as

"unfair" or "abusive" including its efforts to consult with other federal agencies in doing so;

- Evidence, if any, the Bureau claims represents damages suffered by, or restitution due to consumers, or that serves as a basis for any civil money penalty the Bureau seeks; and
- Testifying expert witnesses and their submissions upon which the other Party may rely.

The table below lists the Defendants' proposed schedule:

| Event | Defendants' Proposal |
|---|---|
| Initial Disclosures | May 5, 2017 – Disclosures have been exchanged by all Parties |
| Conduct Formal ADR | Scheduled for June 28, 2017 |
| Deadline to Complete Fact Discovery, including Depositions | July 9, 2018 |
| Deadline to Disclose Expert Witnesses Under Rule 26(a)(2) and Produce Expert Reports | August 20, 2018 |
| Deadline to Disclose Rebuttal Expert Witnesses and Produce Rebuttal Expert Reports | September 21, 2018 |
| Deadline to Complete Expert Discovery | November 19, 2018 |
| Deadline for Filing Motions, including Dispositive Motions (each party expects to file a motion under Rule 56) | December 28, 2018 |

To the extent the Bureau narrows its claims, whether pursuant to the stipulation the Bureau is required to file by June 12, 2017, or otherwise, the above schedule could be shortened.

///

Dated: May 30, 2017

Respectfully submitted,

| Consumer Financial Protection Bureau | Soltman, Levitt, Flaherty & Wattles LLP |
|---|---|
| /s/ Barry Reiferson | /s/ Thomas Rittenburg |
| Barry Reiferson (*pro hac vice*) | Thomas Rittenburg, Esq., SBN 108090 |
| Attorney for Plaintiff, | Attorney for Defendant, |
| Consumer Financial Protection Bureau | Dmitry Fomichev |
| | |
| Wilson, Elser, Moskowitz, Edelman & Dicker LLP | Reed Smith LLP |
| /s/ Herbert P. Kunowski | /s/ James A. Rolfes |
| Patrick M. Kelly, SBN 45426 | Abraham J. Colman, SBN 146933 |
| Herbert P. Kunowski, SBN 150141 | Raffi Kassabian SBN 260358 |
| Attorney for Defendants, | James A. Rolfes (*pro hac vice*) |
| D and D Marketing, Inc., d/b/a T3Leads; Grigor Demirchyan; and Marina Demirchyan | Attorney for Defendant, Davit Gasparyan, a/k/a David Gasparyan |

**Attestation Pursuant To Local Rule 5-4.3.4**

I attest that all other signatories listed, and on whose behalf the filing is submitted, concur in the filing's content and have authorized the filing of this document.

CONSUMER FINANCIAL PROTECTION BUREAU

/s/ Barry Reiferson
Barry E. Reiferson (*pro hac vice*)
Attorney for Plaintiff Consumer Financial Protection Bureau

2772511v.1