BARRY REIFERSON (*pro hac vice*)
Email: barry.reiferson@cfpb.gov
MEGHAN SHERMAN CATER (*pro hac vice*)
Email: meghan.sherman@cfpb.gov
JADE A. BURNS (*pro hac vice*)
Email: jade.burns@cfpb.gov
LEANNE E. HARTMANN, CA Bar #264787
Email: leanne.hartmann@cfpb.gov
CONSUMER FINANCIAL PROTECTION BUREAU
1700 G Street, NW
Washington, DC 20552
Telephone: (212) 328-7020
Facsimile: (202) 435-7329

Attorneys for Plaintiff
Consumer Financial Protection Bureau

**UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA
WESTERN DIVISION**

| | |
|---|---|
| Consumer Financial Protection Bureau,<br><br>Plaintiff,<br><br>v.<br><br>D and D Marketing, Inc., d/b/a T3Leads, *et al.*,<br><br>Defendants. | Case No.: 2:15-cv-9692-PSG (Ex)<br><br>Honorable Philip S. Gutierrez<br><br>**PLAINTIFF'S OPPOSITION TO DEFENDANTS' MOTION TO STAY THE CASE PENDING DISPOSITION OF APPEAL**<br><br>Hearing Date: July 17, 2017<br>Time        1:30 p.m.<br>Courtroom:  6A |

PLAINTIFF'S OPP. TO DEFS.' MOT. TO STAY THE CASE PENDING DISPOSITION OF APPEAL

# TABLE OF CONTENTS

TABLE OF AUTHORITIES ................................................................................. iii

INTRODUCTION ................................................................................................... 1

RELEVANT PROCEDURAL BACKGROUND ................................................... 2

ARGUMENT AND AUTHORITIES ..................................................................... 3

    1. The Ninth Circuit's acceptance of Defendants' petitions for permission to appeal should not alter the Court's original calculus ........................ 4

    2. Defendants still fail to show a likelihood of success on the merits ..... 5

    3. Defendants still fail to show irreparable harm. ..................................... 6

    4. The public interest still weighs in favor of denying a stay ................. 8

        a. Judicial economy ............................................................................. 8

        b. Prejudice to the Bureau ................................................................ 10

CONCLUSION ..................................................................................................... 12

# TABLE OF AUTHORITIES

**Cases**

*Blue Cross & Blue Shield of Ala. v. Unity Outpatient Surgery Ctr., Inc.*,
  490 F.3d 718 (9th Cir. 2007) ...................................................................... 11

*Castaneda v. Molinar*,
  2008 WL 9449576 (C.D. Cal. May 20, 2008) ................................................ 6

*CFPB v. Gordon*,
  819 F.3d 1179 (9th Cir. 2016) ........................................................................ 9

*Couch v. Telescope Inc.*,
  611 F.3d 629 (9th Cir. 2010) ........................................................................ 10

*Ferguson v. Corinthian Colleges*,
  2012 WL 27622 (C.D. Cal. Jan. 5, 2012) ....................................................... 8

*Hickman v. Taylor*,
  329 U.S. 495 (1947) ...................................................................................... 10

*In re Facebook, Inc., IPO Sec. & Derivative Litig.*,
  986 F. Supp. 2d 524 (S.D.N.Y. 2014) ............................................................ 9

*In re Rail Freight Fuel Surcharge Antitrust Litig.*,
  286 F.R.D. 88 (D.D.C. 2012) ......................................................................... 6

*James v. Price Stern Sloan, Inc.*,
  283 F.3d 1064 (9th Cir. 2002) ........................................................................ 4

*John Doe Co. v. CFPB*,
  849 F.3d 1129 (D.C. Cir. 2017) .................................................................... 10

*Koehler v. Bank of Bermuda Ltd.*,
  101 F.3d 863 (2d Cir. 1996) ........................................................................... 9

*Lee v. Am. Nat. Ins. Co.*,
  260 F.3d 997 (9th Cir. 2001) .......................................................................... 8

*Nken v. Holder*,
  129 S. Ct. 1749 (2009) ............................................................................... 3, 4

*PHH Corp. v. CFPB*,
  839 F.3d 1 (D.C. Cir. 2016) ........................................................................... 9

*Renegotiation Bd. v. Bannercraft Clothing Co.*,
  415 U.S. 1 (1974) ..........................................................................................................6

*SEC v. Wilde*,
  2013 WL 2303761 (C.D. Cal. May 20, 2013) ........................................................1, 4

*Sottera, Inc. v. FDA*,
  627 F.3d 891 (D.C. Cir. 2010) .....................................................................................7

*United States v. Goddard & Duffy, LLP*,
  553 F. Supp. 2d 1164 (C.D. Cal. 2008) .....................................................................11

**Statutes**

12 U.S.C. § 5511 ..............................................................................................................10

28 U.S.C. § 1292(b) ....................................................................................................3, 4

**Other Authorities**

Ninth Circuit FAQs,
  https://www.ca9.uscourts.gov/content/faq.php (last visited June 22, 2017) …………..11

# INTRODUCTION

The Court should deny Defendants' second attempt to delay this action. A stay is no more warranted now than when the Court denied Defendants' initial request three months ago.

Following the Court's denial of Defendants' motions to dismiss, Defendants sought an order certifying an interlocutory appeal of the Court's decision and a concomitant stay pending appeal. After receiving a total of seven submissions from the parties, this Court certified one question for appeal and declined to stay the action.

In denying the request for a stay, the Court found that "the balance of equities tilts in . . . favor" of the Bureau and the public.[1] The Court "recognized that the public has an interest in the 'swift and prompt' enforcement of laws that protect the integrity of financial markets."[2] That interest is particularly acute where, as here, Defendants continue to engage in the illegal conduct at issue. The Court also found that delay was likely to substantially injure the Bureau and the public by compromising the effective enforcement of this action. In contrast, Defendants failed to show that they would suffer irreparable harm if the case proceeded. And finally, the Court denied the stay because Defendants failed to show that they are likely to succeed on the merits of their interlocutory appeal.

Defendants have renewed their request for a stay based on the fact that the Ninth Circuit granted Defendants' petition for permission to appeal, repeating a handful of refurbished arguments offered the first time around. But the Ninth Circuit's acceptance of

---

[1] Order Granting in Part and Den. in Part Defs.' Mots. for Certification of Interlocutory Appeal and Den. Defs.' Request for a Stay Pending Appeal, at 11, *CFPB v. D and D Marketing, Inc., d/b/a T3Leads,* et al. [hereinafter *T3Leads*], 2:15-cv-9692-PSG (Ex), ECF No. 76; *CFPB v. Dmitry Fomichev* [hereinafter *Fomichev*], 2:16-cv-2724-PSG (Ex), ECF No. 55; *CFPB v. Davit Gasparyan* [hereinafter *Gasparyan*], 2:16-cv-2725-PSG (Ex), ECF No. 68.
[2] *Id.* (citing *SEC v. Wilde,* No. SACV 11-0315 DOC (AJWx), 2013 WL 2303761, at *8 (C.D. Cal. May 20, 2013)).

interlocutory review should not be a factor in determining whether to grant or deny a stay under the relevant balancing test. Nor is there any reason to believe that this Court assumed the Ninth Circuit would decline interlocutory review when denying the initial stay request. Defendants have failed to show that relevant circumstances have changed since the Court's first denial or offer any new reason to disturb the Court's initial decision. Accordingly, the Court should deny Defendants' renewed motion to stay pending interlocutory appeal.

## RELEVANT PROCEDURAL BACKGROUND

The Consumer Financial Protection Bureau (Bureau) initiated three related actions: *CFPB v. D and D Marketing, Inc., d/b/a T3Leads, et al.*; *CFPB v. Dmitry Fomichev*; and *CFPB v. Davit Gasparyan*. The Bureau alleges that the Defendants in the three actions: D and D Marketing, Inc., d/b/a T3Leads, Grigor Demirchyan, Marina Demirchyan, Dmitry Fomichev, and David Gasparyan (collectively, Defendants), violated the Consumer Financial Protection Act of 2010 (CFPA) by engaging in unfair and abusive acts and practices or by substantially assisting those violations. On April 4, 2017, the Court consolidated the three cases for pretrial purposes.

Each Defendant moved to dismiss under Federal Rule of Civil Procedure 12(b)(6). The Court denied those motions in a consolidated order on November 17, 2016. Each Defendant then moved for an order certifying an interlocutory appeal under 28 U.S.C. § 1292(b) of three of the Court's holdings from the November 17, 2016 order and for a stay pending appeal. On March 21, 2017, the Court deemed one question suitable for interlocutory appeal to the Ninth Circuit—"[g]iven the Court's holding that the CFPB is unconstitutionally structured, what is the proper remedy for this constitutional defect?"— and accordingly certified its order for interlocutory appeal. At the same time, it denied Defendants' request for a stay. Defendants then petitioned the Ninth Circuit for permission to appeal under 28 U.S.C. § 1292(b); the Ninth Circuit granted that request on May 17, 2017.

On May 19, 2017, counsel for Defendants T3Leads, Grigor Demirchyan, and Marina Demirchyan telephoned Bureau counsel asking that the Bureau stipulate to a stay of this action. The Bureau declined and requested a description of the bases for any renewed motion to stay. Counsel responded simply that Defendants had described the bases in their initial motion. Despite the fact that this telephone call does not satisfy the requirements of L.R. 7-3, Defendants T3Leads, Grigor Demirchyan, and Marina Demirchyan proceeded to file a motion to stay the case pending disposition of appeal on May 26, 2017. Shortly thereafter, Defendants David Gasparyan and Dmitry Fomichev filed briefs joining the motion to stay. Although these purported "joinders" are substantive briefs, both Defendants failed to engage in any pre-filing discussion with the Bureau, apparently relying on the L.R. 7-3 statement made by counsel for T3Leads, Grigor Demirchyan, and Marina Demirchyan. The Bureau's instant response treats Defendants' three filings as a single motion to stay.

## ARGUMENT AND AUTHORITIES

Defendants fail to identify any new circumstances or raise any new arguments to alter the Court's original decision against staying this case pending interlocutory appeal. As the Court made clear three months ago: "Certification of an interlocutory appeal does not automatically stay district court proceedings. Rather, a court may grant a stay in its discretion upon consideration of the circumstances of the particular case."[3] Defendants continue to bear the burden of showing that the balance of four factors weighs in favor of a stay: (1) whether the stay applicant has made a strong showing that it is likely to succeed on the merits; (2) whether the applicant will be irreparably injured in the absence of a stay; (3) whether issuance of the stay will substantially injure the non-moving party;

---

[3] *T3Leads*, ECF No. 76; *Fomichev*, ECF No. 55; *Gasparyan*, ECF No. 68, at 10 (citing 28 U.S.C. § 1292(b); *Nken v. Holder*, 129 S. Ct. 1749, 1761 (2009)) (internal quotation marks and brackets omitted).

3
PLAINTIFF'S OPP. TO DEFS.' MOT. TO STAY THE CASE PENDING DISPOSITION OF APPEAL

and (4) whether the stay is in the public interest.[4] Where the government is the opposing party, as here, the third and fourth factors merge.[5] As set forth below, Defendants' hodgepodge of purportedly new circumstances should not alter the Court's original determination.

### 1. The Ninth Circuit's acceptance of Defendants' petitions for permission to appeal should not alter the Court's original calculus.

As an initial matter, Defendants' contention that the case should be stayed simply because the Ninth Circuit accepted interlocutory review is belied by the text of § 1292(b).[6] While certification and acceptance of interlocutory review are rare,[7] § 1292 is explicit that neither certification by a district court *nor acceptance by an appellate court* alone warrants a stay of proceedings.[8] Instead, a stay depends on the particular circumstances of the case apart from the status of interlocutory review.

Defendants offer no explanation or support for their bald assertion that "the calculus is now entirely different" in light of the Ninth Circuit's acceptance of interlocutory review.[9] At the time the Court first engaged in its stay analysis, it was aware that the Ninth Circuit might accept its certification of interlocutory appeal. Indeed, certification here means that this Court determined that one question merited review by the Ninth Circuit. Given that the Court made no mention that it considered the likelihood of the Ninth Circuit's acceptance or denial as a factor in its decision to deny the stay, there is no reason this development should change the Court's original calculus.

---

[4] *Id.* (citations omitted).
[5] *Wilde*, 2013 WL 2303761, at *8 (citing *Nken*, 129 S. Ct. at 1762).
[6] Def. Davit Gasparyan's Joinder in Mot. to Stay the Case Pending Disp. of Appeal, at 2-3, *T3Leads*, ECF No. 97.
[7] *James v. Price Stern Sloan, Inc.*, 283 F.3d 1064, 1067 n.6 (9th Cir. 2002) (explaining that even in the "rare circumstances" when a district court certifies an order for interlocutory review, the court of appeals frequently rejects such appeals).
[8] 28 U.S.C. §1292(b).
[9] *T3Leads*, ECF No. 97, at 2.

4
PLAINTIFF'S OPP. TO DEFS.' MOT. TO STAY THE CASE PENDING DISPOSITION OF APPEAL

### 2. Defendants still fail to show a likelihood of success on the merits.

The Court previously determined that Defendants failed to show a likelihood of success on the merits, even though the "question of the constitutionality of the CFPB raises serious legal questions that merit appellate review."[10] While recognizing that "courts are split as to the constitutionality of the CFPB and the proper remedy for a constitutional violation of this sort," the Court also recognized that no court "has found both that the CFPB is unconstitutional and that the appropriate remedy for the constitutional violation is dismissal of the CFPB's enforcement action."[11] As such, the Court held that the Defendants' likelihood of success was "equivocal."[12]

Defendants now offer a single specious argument in an attempt to tip this balance: the mere fact that the Ninth Circuit accepted interlocutory review purportedly raises a reasonable inference the appellate court will rule in Defendants' favor.[13] Putting aside Defendants' baseless assumption that appellate courts are more likely to rule in favor of the party seeking interlocutory review, the circumstances of this case warrant no such inference. This Court identified only one question suitable for review: "[g]iven the Court's holding that the CFPB is unconstitutionally structured, what is the proper remedy for this constitutional defect?"[14] But the Ninth Circuit has directed all parties to address two questions: "(i) does the structure of the [CFPB] violate Article II of the Constitution; [and] (ii) if the structure of the CFPB is unconstitutional, what is the proper remedy for this constitutional defect?"[15] Given that the Ninth Circuit has decided to review this Court's ruling that the structure of the Bureau is unconstitutional—thus,

---

[10] *T3Leads*, ECF No. 76; *Fomichev*, ECF No. 55; *Gasparyan*, ECF No. 68, at 11.
[11] *Id.*
[12] *Id.*
[13] Defs.' Not. of Mot. & Mot. to Stay the Case Pending Disp. of Appeal, at 5, *T3Leads*, ECF No. 90.
[14] *T3Leads*, ECF No. 76; *Fomichev*, ECF No. 55; *Gasparyan*, ECF No. 68, at 11-12.
[15] Order, 9th Cir., May 17, 2017, *T3Leads*, ECF No. 86.

potentially reversing the Court's holding in Defendants' favor—one might just as easily infer that acceptance of interlocutory review indicates the Ninth Circuit is likely to rule in the Bureau's favor. Because there is no sound basis to conclude that the acceptance of interlocutory review weighs in favor of either side, Defendants have failed to show that their likelihood of success is any greater than before.[16]

### 3.  Defendants still fail to show irreparable harm.

Defendants' renewed contention that they will suffer irreparable harm[17] is nothing more than a rehashing of arguments previously rejected by the Court in denying the first motion to stay. Defendants again complain of the expense of defending the case,[18] but as the Court previously held, "'[m]ere litigation expense, even substantial and unrecoupable cost, does not constitute irreparable injury.'"[19] Defendants again focus on the potential liability they may face after full adjudication,[20] but as the Court previously explained, these attenuated "concerns are alleviated by ample opportunities for appeal and by the case management tools available to the Court."[21]

---

[16] *Cf. In re Rail Freight Fuel Surcharge Antitrust Litig.*, 286 F.R.D. 88, 93 (D.D.C. 2012) ("It is a fool's errand to try to predict what the court of appeals is likely to do before it acts or, absent explanation, to speculate on why it has made a certain procedural decision.").

[17] *T3Leads*, ECF No. 90, at 3-4.

[18] *Id.*

[19] *T3Leads*, ECF No. 76; *Fomichev*, ECF No. 55; *Gasparyan*, ECF No. 68, at 11 (quoting *Renegotiation Bd. v. Bannercraft Clothing Co.*, 415 U.S. 1, 24 (1974) and citing *Castaneda v. Molinar,* No. CV 07-7241 DDP (JCx), 2008 WL 9449576, at *13 (C.D. Cal. May 20, 2008)).

[20] *T3Leads*, ECF No. 90, at 3-4.

[21] *T3Leads*, ECF No. 76; *Fomichev*, ECF No. 55; *Gasparyan*, ECF No. 68, at 11. It should be noted that all parties expect to move for summary judgment in this action. *See* Joint Rule 26(f) Report, at 7-8, *T3Leads*, ECF No. 83. If summary judgment results in a final disposition, any appeals from final judgment could be consolidated with a pending interlocutory appeal.

And Defendants' new attempts to bolster the threat of injury from a judgment against them are too speculative for consideration. To "show[] irreparable harm, the injury to the party must be both certain and great; it must be actual and not theoretical."[22] Although Defendants claim that the Bureau is seeking "a ten-figure judgment," this number merely reflects Defendants' own theoretical calculation based on the maximum statutory penalties available under the CFPA.[23] At this stage of the litigation, when discovery has just begun, the amount of potential liability is not yet ascertainable. And, in any event, the harm Defendants claim they would suffer from a judgment against them provides no basis to stay the litigation. If a judgment is ultimately entered against them, they can seek a stay of that judgment pending appeal.

Likewise, Defendants' argument that, without a stay, the "mere threat of liability" will "cause third parties (e.g., lenders, creditors, etc.) to avoid conducting business with D&D, fearing that D&D [will] not be able to meet its future financial obligations to those parties . . . ,"[24] is pure speculation.[25] Indeed, the complaint against D&D—describing the potential statutory penalties under the CFPA—was filed in December 2015.[26] Despite this purported "threat of liability" pending for a year-and-a-half, Defendants do not claim that D&D has lost any business opportunities as a result.

---

[22] *Sottera, Inc. v. FDA*, 627 F.3d 891, 898 (D.C. Cir. 2010) (citation and internal quotation marks omitted).
[23] *See T3Leads*, ECF No. 90, at 3-4.
[24] *Id.* at 4.
[25] Defendants reliance on *Sottera,* 627 F.3d at 898, to support their claim of theoretical harm is misplaced. There, plaintiff demonstrated irreparable harm when the FDA actually refused entry of plaintiff's products, which destroyed the firm's ability to cover costs. As cited above, *Sottera* stands for the proposition that to show irreparable harm an injury must be certain and not theoretical.
[26] Compl. for Violations of the CFPA, *T3Leads*, ECF No. 1.

**4. The public interest still weighs in favor of denying a stay.**

    **a. Judicial economy**

Defendants renew their prior claim that a stay will serve the public interest by promoting economy of time and effort for the Court and the parties.[27] But Defendants' revised arguments overstate the potential for economy and thus fail to alter the Court's original calculus.[28]

The Bureau does not dispute that a stay could preserve some resources if (1) the Ninth Circuit ultimately determines both that the structure of the Bureau is unconstitutional and that the remedy for such a violation is dismissal of the action, (2) that holding is not disturbed by an en banc panel or the Supreme Court, *and* (3) the Bureau's structure remains unchanged so as to preclude refiling. But there is no reason to think that any other result will promote economy for the Court or the litigants.

Defendants speculate that "even if the Ninth Circuit resolves the appeal in the Bureau's favor, the Ninth Circuit's decision may nevertheless fundamentally shape the legal standards that govern the remainder of this case."[29] While the Ninth Circuit has jurisdiction under § 1292(b) to "address any issue fairly included within"[30] the November 17, 2016 order, Defendants have not shown that the appellate court is likely to address any issues other than the two identified by the Ninth Circuit.[31] Rather, Defendants concede that they have not yet determined on "which issues Defendants will elect to

---

[27] ECF No. 90, at 6; ECF No. 97, at 3-5; Def. Dmitry Fomichev's Joinder in Mot. to Stay the Action Pending Disp. of the Appeal, at 5, ECF No. 101.
[28] *T3Leads*, ECF No. 76; *Fomichev*, ECF No. 55, *Gasparyan*, ECF No. 68, at 11 (finding that the public interest weighs against a stay); *see also, e.g.*, *Ferguson v. Corinthian Colleges*, Nos. SACV 11-0127 (AJWx), SACV 11-0259 DOC (AJWx), 2012 WL 27622, at *4 (C.D. Cal. Jan. 5, 2012) (holding that "the lack of showing of likelihood of success on the merits, coupled with the public interests of promoting consumer protection and stemming fraudulent business practices, favors denying the requested stay").
[29] *T3Leads*, ECF No. 97, at 4.
[30] *Lee v. Am. Nat. Ins. Co.*, 260 F.3d 997, 1000 (9th Cir. 2001).
[31] *See T3Leads*, ECF No. 86.

focus their appellate briefing," but they posit that it is "conceivable" the Ninth Circuit "may clarify" three issues:

> (1) what test the Court is to apply in determining whether practices are "unfair" or "abusive" practices under the Act; (2) under what circumstances an individual may be held personally liable for "substantially assisting" in a violation of the Act; and (3) what level of knowledge is required for substantial assistance liability. [32]

Not only is this conjecture, but even if raised by Defendants, it seems unlikely the Ninth Circuit would rule on such questions in light of the incomplete factual record: appellate courts are often reluctant "to clarify legal doctrine for the district court's guidance" on an "incomplete record."[33] Here, the Ninth Circuit is limited to considering issues "fairly included" in the Court's order denying Defendants' motions to dismiss.[34] In contrast, the cases cited by Defendants as purported examples of appellate court guidance on the application of the CFPA involved review of complete factual records.[35]

Finally, it is possible that the Ninth Circuit may still decline review despite accepting Defendants' petitions for interlocutory review. The Ninth Circuit has held that it grants deference to, but is not bound by, a two-judge motions panel's decision to grant

---

[32] *T3Leads*, ECF No. 97, at 5.
[33] *Koehler v. Bank of Bermuda Ltd.*, 101 F.3d 863, 866 (2d Cir. 1996) (reversing decision to accept interlocutory review where the question of law turned on the factual record, which was incomplete at the motion to dismiss stage); *see also, e.g.*, *In re Facebook, Inc., IPO Sec. & Derivative Litig.*, 986 F. Supp. 2d 524, 534 (S.D.N.Y. 2014) (stating that "[a]llowing interlocutory review on an undeveloped record at the motion to dismiss stage on a non-threshold issue" would "serve only to impede institutional efficiency").
[34] *T3Leads*, ECF No. 86.
[35] *See CFPB v. Gordon*, 819 F.3d 1179 (9th Cir. 2016) (appeal from the district court's order of summary judgment in favor of the CFPB); *PHH Corp. v. CFPB*, 839 F.3d 1 (D.C. Cir. 2016), *reh'g en banc granted, order vacated* (Feb. 16, 2017) (petition for review of an administrative action).

a petition to pursue an interlocutory appeal.[36] If the merits panel disagrees with the motions panel and dismisses the appeal, a stay will have significantly delayed this case without achieving any conservation of resources for the Court or parties.

### b. Prejudice to the Bureau

The Court previously determined that if this action is stayed pending appeal, the Bureau "may be substantially injured" because of the likelihood that "documents will be lost, memories will fade, and witnesses will become unavailable."[37] In response to this concern, Defendants now contend that because the Bureau conducted a pre-filing investigation into T3Leads's business practices, it will not be prejudiced by a stay.[38] But Defendants misconstrue the nature of pre-filing investigations and civil discovery.

The Bureau's pre-filing investigative process is not interchangeable with civil discovery. Congress authorized the Bureau to conduct investigations relevant to the enforcement of certain consumer-protection laws.[39] Such investigations do "not initiate a law-enforcement proceeding or even signify that any violation of law has been committed."[40] Generally speaking, the purpose of an investigation is to determine whether or not there is evidence that consumer-financial laws have been violated. Civil discovery, on the other hand, begins after parties have identified specific claims and defenses, and it allows parties "to narrow and clarify basic issues" and "ascertain[] the facts, or information as to the existence or whereabouts of facts, relative to those issues."[41] In light of the different purposes and functions, the information gathered during

---

[36] *Couch v. Telescope Inc.*, 611 F.3d 629, 632 (9th Cir. 2010) ("Although we give deference to the ruling on the motions panel, we have an independent duty to confirm that our jurisdiction is proper.").
[37] *T3Leads*, ECF No. 76; *Fomichev*, ECF No. 55; *Gasparyan*, ECF No. 68, at 11 (citing Opp. 22:5-13) (internal quotation marks omitted).
[38] *T3Leads*, ECF No. 97, at 5-6.
[39] 12 U.S.C. § 5511.
[40] *John Doe Co. v. CFPB*, 849 F.3d 1129, 1131 (D.C. Cir. 2017).
[41] *Hickman v. Taylor*, 329 U.S. 495, 501 (1947).

a pre-filing investigation is not necessarily coextensive with the information relevant to proving allegations in a complaint by a preponderance of the evidence.

Even if the Bureau's pre-filing investigation were sufficient for purposes of discovery here, a stay pending appeal still would likely compromise the Bureau's enforcement of this action. A civil appeal is governed by no time limits, and the Ninth Circuit estimates that civil appeals are argued 12-20 months after the notice of appeal is filed and decided 3-12 months after that.[42] "A decision on petition for panel rehearing may take a few months."[43] These estimates are necessarily approximate, as the "[Ninth Circuit] has no time limit."[44] The Supreme Court is likewise unencumbered by time limits. Such a long delay increases the chance that evidence will become stale or obsolete, witnesses will no longer be available, and memories will fade irrespective of whether the Bureau has collected some documents and taken some testimony.[45]

Finally, Mr. Gasparyan's claim that the Bureau will not be prejudiced by a stay because it is primarily seeking a monetary judgment against him is incorrect.[46] In addition to monetary relief, the Bureau is seeking injunctive relief, including permanently enjoining Mr. Gasparyan from committing future violations of the CFPA or any provision of federal consumer-financial law, as defined by 12 U.S.C. § 5481(14).[47]

---

[42] Ninth Circuit FAQs 17-18, https://www.ca9.uscourts.gov/content/faq.php (last visited June 22, 2017).
[43] *Id.*, FAQ 19.
[44] *Id.*
[45] *See, e.g., Blue Cross & Blue Shield of Ala. v. Unity Outpatient Surgery Ctr., Inc.*, 490 F.3d 718 (9th Cir. 2007) ("Delay 'inherently increases the risk that witnesses' memories will fade and evidence will become stale.'"); *United States v. Goddard & Duffy, LLP*, 553 F. Supp. 2d 1164, 1169 (C.D. Cal. 2008) ("As more delay occurs, witnesses may die, leave the country, or otherwise become unavailable for interview, memories will fade, and documents may no longer exist.").
[46] *T3Leads*, ECF No. 97, at 6 n.2.
[47] Am. Compl. for Violations of the CFPA, at 18, *Gasparyan*, ECF No. 37.

# CONCLUSION

For the aforementioned reasons, the Court should deny Defendants' Motion to Stay the Case Pending Disposition of Appeal.

Dated: June 26, 2017              Respectfully submitted,


   /s/ Jade A. Burns

Attorneys for Plaintiff
Consumer Financial Protection Bureau