1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

**UNITED STATES DISTRICT COURT**
**CENTRAL DISTRICT OF CALIFORNIA**
**WESTERN DIVISION**

| | |
|---|---|
| Consumer Financial Protection Bureau, | Case No.: 2:15-cv-9692-PSG (Ex) |
| Plaintiff, | Honorable Philip S. Gutierrez |
| v. | **[PROPOSED] ORDER DENYING DEFENDANTS' MOTION TO STAY THE CASE PENDING DISPOSITION OF APPEAL** |
| D and D Marketing, Inc., d/b/a T3Leads, *et al.*, | |
| Defendants. | Hearing Date: July 17, 2017<br>Time          1:30 p.m.<br>Courtroom:   6A |

## INTRODUCTION

The Consumer Financial Protection Bureau (Bureau) initiated three related actions under the Consumer Financial Protection Act of 2010 (CFPA): *CFPB v. D and D*

*Marketing, Inc.*, *d/b/a T3Leads, et al.*; *CFPB v. Dmitry Fomichev*; and *CFPB v. Davit Gasparyan*.[1] The Court has consolidated the three cases for pretrial purposes.

On November 17, 2016, the Court denied Defendants' motions to dismiss under Federal Rule of Civil Procedure 12(b)(6). Defendants then moved for an order certifying an interlocutory appeal under 28 U.S.C. § 1292(b) of the Court's November 17, 2016 order and for a stay pending appeal. On March 21, 2017, the Court deemed one question suitable for interlocutory appeal to the Ninth Circuit—"[g]iven the Court's holding that the CFPB is unconstitutionally structured, what is the proper remedy for this constitutional defect?"—and accordingly certified its order for interlocutory appeal. At the same time, the Court denied Defendants' request for a stay. Defendants then petitioned the Ninth Circuit for permission to appeal under 28 U.S.C. § 1292(b); the Ninth Circuit granted that request on May 17, 2017. This matter is now before the Court on Defendants' renewed motion to stay the case pending interlocutory appeal to the Ninth Circuit.

## DISCUSSION

Neither certification of an interlocutory appeal nor acceptance by the appellate court automatically stays district court proceedings.[2] Rather, a court may grant a stay in its discretion "upon [consideration of] the circumstances of the particular case."[3] The party requesting the stay bears the burden of showing that the balance of four factors weighs in favor of a stay: (1) whether the stay applicant has made a strong showing that it is likely to succeed on the merits; (2) whether the applicant will be irreparably injured in

---

[1] *CFPB v. D and D Marketing, Inc., d/b/a T3Leads,* et al. [hereinafter *T3Leads*], 2:15-cv-9692-PSG (Ex), ECF No. 76; *CFPB v. Dmitry Fomichev* [hereinafter *Fomichev*], 2:16-cv-2724-PSG (Ex), ECF No. 55; *CFPB v. Davit Gasparyan* [hereinafter *Gasparyan*], 2:16-cv-2725-PSG (Ex), ECF No. 68.
[2] 28 U.S.C. § 1292(b).
[3] *Nken v. Holder*, 129 S. Ct. 1749, 1761 (2009).

[PROPOSED] ORDER DENYING DEFS.' MOT. TO STAY THE CASE PENDING DISPOSITION OF APPEAL

the absence of a stay; (3) whether issuance of the stay will substantially injure the non-moving party; and (4) whether the stay is in the public interest.[4] Where the government is the opposing party, as here, the third and fourth factors merge.[5]

The Court previously determined that the balance of these factors weighed against staying the action: Defendants failed to demonstrate a likelihood of success on the merits of their interlocutory appeal and to show that they would suffer irreparable harm absent a stay; in contrast, the Bureau showed that delay may cause it substantial injury in compromising the effective enforcement of this action and that "the public has an interest in the 'swift and prompt' enforcement of laws that protect the integrity of financial markets."[6] Defendants' renewed motion has failed to alter this calculus.

For the reasons stated below, the Court denies the Defendants' motion to stay.

**1.      The Ninth Circuit's acceptance of Defendants' petitions for permission to appeal does not alter the Court's original calculus.**

As an initial matter, the Ninth Circuit's acceptance of Defendants' petitions for permission to appeal, in and of itself, does not alter the Court's original calculus.[7] At the time the Court engaged in its initial stay analysis, the Court had determined that one question merited review by the Ninth Circuit and was aware that the Ninth Circuit might accept its certification of interlocutory appeal.

**2.      Defendants still fail to show a likelihood of success on the merits.**

The Court previously determined that Defendants failed to show a likelihood of success on the merits, even though the "question of the constitutionality of the CFPB

---

[4] *See Flo & Eddie, Inc. v. Sirius XM Radio, Inc.*, No. CV 13-5693 PSG (RZx), 2015 WL 4397175, at *3 (C.D. Cal. June 8, 2015); *see also, e.g.*, *In re Apple & ATTM Antitrust Litig.*, No. C 07-5152 JW, 2010 WL11489069, at *2 (N.D. Cal. Sept. 15, 2010) (citing *Nken*, 129 S. Ct. at 1761).

[5] *SEC v. Wilde*, No. SACV 11-0315 DOC (AJWx), 2013 WL 2303761, at *8 (citing *Nken*, 129 S. Ct. at 1762).

[6] *Id.*

[7] *See* 28 U.S.C. § 1292(b).

[PROPOSED] ORDER DENYING DEFS.' MOT. TO STAY THE CASE PENDING DISPOSITION OF APPEAL

1  raises serious legal questions that merit appellate review."[8] "Although courts are split as

2  to the constitutionality of the CFPB and the proper remedy for a constitutional violation

3  of this sort, no court has found both that the CFPB is unconstitutional and that the

4  appropriate remedy for the constitutional violation is dismissal of the CFPB's

5  enforcement action."[9]

6      Defendants' argument that the mere fact that the Ninth Circuit accepted

7  interlocutory review purportedly raises a reasonable inference the appellate court will

8  rule in Defendants' favor is unconvincing.[10] This Court identified only one question

9  suitable for review: "[g]iven the Court's holding that the CFPB is unconstitutionally

10  structured, what is the proper remedy for this constitutional defect?"[11] But the Ninth

11  Circuit has directed all parties to address two questions: "(i) does the structure of the

12  [CFPB] violate Article II of the Constitution; [and] (ii) if the structure of the CFPB is

13  unconstitutional, what is the proper remedy for this constitutional defect?"[12] Given that

14  the Ninth Circuit has decided to review this Court's ruling that the structure of the Bureau

15  is unconstitutional—thus, potentially reversing the Court's holding—one might just as

16  easily infer that acceptance of interlocutory review indicates the Ninth Circuit is likely to

17  rule in the Bureau's favor. Because there is no sound basis to conclude that the

18  acceptance of interlocutory review weighs in favor of either side, Defendants have failed

19  to show that their likelihood of success is any greater than before.[13]

20

21  ---

[8] *T3Leads*, ECF No. 76; *Fomichev*, ECF No. 55; *Gasparyan*, ECF No. 68, at 11.
22  [9] *Id.*
[10] *See* Defs.' Not. of Mot. & Mot. to Stay the Case Pending Disp. of Appeal, at 5,
23  *T3Leads*, ECF No. 90.
[11] *T3Leads*, ECF No. 76; *Fomichev*, ECF No. 55; *Gasparyan*, ECF No. 68, at 11-12.
24  [12] Order, 9th Cir., May 17, 2017, *T3Leads*, ECF No. 86.
[13] *Cf. In re Rail Freight Fuel Surcharge Antitrust Litig.*, 286 F.R.D. 88, 93 (D.D.C. 2012)
25  ("It is a fool's errand to try to predict what the court of appeals is likely to do before it
26  acts or, absent explanation, to speculate on why it has made a certain procedural
27  decision.").

28

[PROPOSED] ORDER DENYING DEFS.' MOT. TO STAY THE CASE PENDING DISPOSITION OF APPEAL

### 3.  **Defendants still fail to show irreparable harm.**

Defendants fail to show that they will suffer irreparable harm. Although Defendants identify the harm caused by the expense of defending the case,[14] the Court previously held: "'[m]ere litigation expense, even substantial and unrecoupable cost, does not constitute irreparable injury.'"[15] Defendants again focus on the potential liability they may face after full adjudication,[16] but as the Court previously explained, these attenuated "concerns are alleviated by ample opportunities for appeal and by the case management tools available to the Court."[17]

Finally, Defendants' new attempts to bolster the threat of injury from a judgment against them are too speculative for consideration. To "show[] irreparable harm, the injury to the party must be both certain and great; it must be actual and not theoretical."[18] Although Defendants claim that the Bureau is seeking "a ten-figure judgment," this number merely reflects Defendants' own theoretical calculation based on the maximum statutory penalties available under the CFPA.[19] The Bureau contends that at this stage of the litigation, when discovery has just begun, the amount of potential liability is not yet ascertainable. In any event, the harm Defendants claim they would suffer from a

---

[14] *T3Leads*, ECF No. 90, at 3-4.

[15] *T3Leads*, ECF No. 76; *Fomichev*, ECF No. 55; *Gasparyan*, ECF No. 68, at 11 (quoting *Renegotiation Bd. v. Bannercraft Clothing Co.*, 415 U.S. 1, 24 (1974) and citing *Castaneda v. Molinar,* No. CV 07-7241 DDP (JCx), 2008 WL 9449576, at *13 (C.D. Cal. May 20, 2008)).

[16] *T3Leads*, ECF No. 90, at 3-4.

[17] *T3Leads*, ECF No. 76; *Fomichev*, ECF No. 55; *Gasparyan*, ECF No. 68, at 11. It should be noted that all parties expect to move for summary judgment in this action. *See* Joint Rule 26(f) Report, at 7-8, *T3Leads*, ECF No. 83. If summary judgment results in a final disposition, any appeals from final judgment could be consolidated with a pending interlocutory appeal.

[18] *Sottera, Inc. v. FDA*, 627 F.3d 891, 898 (D.C. Cir. 2010) (citation and internal quotation marks omitted).

[19] *See T3Leads*, ECF No. 90, at 3-4.

judgment against them provides no basis to stay the litigation. If a judgment is ultimately entered against them, they can seek a stay of that judgment pending appeal.

Likewise, Defendants' argument that, without a stay, the "mere threat of liability" will "cause third parties (e.g., lenders, creditors, etc.) to avoid conducting business with D&D, fearing that D&D [will] not be able to meet its future financial obligations to those parties . . . ,"[20] is pure speculation.[21] Indeed, the complaint against D&D—describing the potential statutory penalties under the CFPA—was filed in December 2015.[22] Despite this purported "threat of liability" pending for a year-and-a-half, Defendants do not claim that D&D has lost any business opportunities as a result.

**4.      The public interest still weighs in favor of denying a stay.**

      **a.      Judicial economy**

Defendants fail to demonstrate that a stay will serve the public interest by promoting economy of time and effort for the Court and the parties.[23] Although a stay could preserve some resources if all three of the following occur: (1) the Ninth Circuit ultimately determines both that the structure of the Bureau is unconstitutional and that the remedy for such a violation is dismissal of the action, (2) that holding is not disturbed by an en banc panel or the Supreme Court, *and* (3) the Bureau's structure remains unchanged so as to preclude refiling, there is no reason to think that any other result will promote economy for the Court or the litigants.

---

[20] *Id.* at 4.

[21] Defendants reliance on *Sottera,* 627 F.3d at 898, to support their claim of theoretical harm is misplaced. There, plaintiff demonstrated irreparable harm when the FDA actually refused entry of plaintiff's products, which destroyed the firm's ability to cover costs. As cited above, *Sottera* stands for the proposition that to show irreparable harm an injury must be certain and not theoretical.

[22] Compl. for Violations of the CFPA, *T3Leads,* ECF No. 1.

[23] ECF No. 90, at 6; ECF No. 97, at 3-5; Def. Dmitry Fomichev's Joinder in Mot. to Stay the Action Pending Disp. of the Appeal, at 5, ECF No. 101.

[PROPOSED] ORDER DENYING DEFS.' MOT. TO STAY THE CASE PENDING DISPOSITION OF APPEAL

Contrary to Defendants' claims, a decision by the Ninth Circuit in favor of the Bureau is unlikely to "fundamentally shape the legal standards that govern the remainder of this case."[24] While the Ninth Circuit has jurisdiction under § 1292(b) to "address any issue fairly included within"[25] the November 17, 2016 order, Defendants have not shown that the appellate court is likely to address any issues other than the two identified by the Ninth Circuit.[26] Indeed, appellate courts are often reluctant "to clarify legal doctrine for the district court's guidance" on an "incomplete record."[27] Here, the Ninth Circuit is limited to considering issues "fairly included" in the Court's order denying Defendants' motions to dismiss.[28] Accordingly, it seems unlikely the Ninth Circuit would provide general guidance on the application of the CFPA in light of the incomplete factual record at this stage of the litigation.[29]

Finally, it is possible that the Ninth Circuit may still decline review despite accepting Defendants' petitions for interlocutory review. The Ninth Circuit has held that it grants deference to, but is not bound by, a two-judge motions panel's decision to grant a petition to pursue an interlocutory appeal.[30] If the merits panel disagrees with the

---

[24] *T3Leads*, ECF No. 97, at 4.

[25] *Lee v. Am. Nat. Ins. Co.*, 260 F.3d 997, 1000 (9th Cir. 2001).

[26] *See T3Leads*, ECF No. 86.

[27] *Koehler v. Bank of Bermuda Ltd.*, 101 F.3d 863, 866 (2d Cir. 1996) (reversing decision to accept interlocutory review where the question of law turned on the factual record, which was incomplete at the motion to dismiss stage); *see also, e.g.*, *In re Facebook, Inc., IPO Sec. & Derivative Litig.*, 986 F. Supp. 2d 524, 534 (S.D.N.Y. 2014) (stating that "[a]llowing interlocutory review on an undeveloped record at the motion to dismiss stage on a non-threshold issue" would "serve only to impede institutional efficiency").

[28] *T3Leads*, ECF No. 86.

[29] *Cf. CFPB v. Gordon*, 819 F.3d 1179 (9th Cir. 2016) (appeal from the district court's order of summary judgment in favor of the CFPB); *PHH Corp. v. CFPB*, 839 F.3d 1 (D.C. Cir. 2016), *reh'g en banc granted, order vacated* (Feb. 16, 2017) (petition for review of an administrative action).

[30] *Couch v. Telescope Inc.*, 611 F.3d 629, 632 (9th Cir. 2010) ("Although we give deference to the ruling on the motions panel, we have an independent duty to confirm that our jurisdiction is proper.").

1  motions panel and dismisses the appeal, a stay will have significantly delayed this case

2  without achieving any conservation of resources for the Court or parties.

3         **b.**    **Prejudice to the Bureau**

4       The Court previously determined that if this action is stayed pending appeal, the

5  Bureau "may be substantially injured" because of the likelihood that "documents will be

6  lost, memories will fade, and witnesses will become unavailable."[31] In response to this

7  concern, Defendants now contend that because the Bureau conducted a pre-filing

8  investigation into T3Leads's business practices, it will not be prejudiced by a stay.[32] But

9  Defendants misconstrue the nature of pre-filing investigations and civil discovery.

10       The Bureau's pre-filing investigative process is not interchangeable with civil

11  discovery. Congress authorized the Bureau to conduct investigations relevant to the

12  enforcement of certain consumer-protection laws.[33] Such investigations do "not initiate a

13  law-enforcement proceeding or even signify that any violation of law has been

14  committed."[34] Generally speaking, the purpose of an investigation is to determine

15  whether or not there is evidence that consumer-financial laws have been violated. Civil

16  discovery, on the other hand, begins after parties have identified specific claims and

17  defenses, and it allows parties "to narrow and clarify basic issues" and "ascertain[] the

18  facts, or information as to the existence or whereabouts of facts, relative to those

19  issues."[35] In light of the different purposes and functions, the information gathered during

20  a pre-filing investigation is not necessarily coextensive with the information relevant to

21  proving allegations in a complaint by a preponderance of the evidence.

22

23

---

24  [31] *T3Leads*, ECF No. 76; *Fomichev*, ECF No. 55; *Gasparyan*, ECF No. 68, at 11 (citing
Opp. 22:5-13) (internal quotation marks omitted).

25  [32] *T3Leads*, ECF No. 97, at 5-6.

26  [33] 12 U.S.C. § 5511.

27  [34] *John Doe Co. v. CFPB*, 849 F.3d 1129, 1131 (D.C. Cir. 2017).

[35] *Hickman v. Taylor*, 329 U.S. 495, 501 (1947).

28

Even if the Bureau's pre-filing investigation were sufficient for purposes of discovery here, a stay pending appeal still would likely compromise the Bureau's enforcement of this action. A civil appeal is governed by no time limits, and the Ninth Circuit estimates that civil appeals are argued 12-20 months after the notice of appeal is filed and decided 3-12 months after that.[36] "A decision on petition for panel rehearing may take a few months."[37] These estimates are necessarily approximate, as the "[Ninth Circuit] has no time limit."[38] The Supreme Court is likewise unencumbered by time limits. Such a long delay increases the chance that evidence will become stale or obsolete, witnesses will no longer be available, and memories will fade irrespective of whether the Bureau has collected some documents and taken some testimony.[39]

**CONCLUSION**

For the foregoing reasons, the Court DENIES Defendants' Motion to Stay the Case Pending Disposition of Appeal.

It is SO ORDERED.

Dated:

_____
Philip S. Gutierrez
United States District Judge

---

[36] Ninth Circuit FAQs 17-18, https://www.ca9.uscourts.gov/content/faq.php (last visited June 22, 2017).
[37] *Id.*, FAQ 19.
[38] *Id.*
[39] *See, e.g., Blue Cross & Blue Shield of Ala. v. Unity Outpatient Surgery Ctr., Inc.*, 490 F.3d 718 (9th Cir. 2007) ("Delay 'inherently increases the risk that witnesses' memories will fade and evidence will become stale.'"); *United States v. Goddard & Duffy, LLP*, 553 F. Supp. 2d 1164, 1169 (C.D. Cal. 2008) ("As more delay occurs, witnesses may die, leave the country, or otherwise become unavailable for interview, memories will fade, and documents may no longer exist.").

[PROPOSED] ORDER DENYING DEFS.' MOT. TO STAY THE CASE PENDING DISPOSITION OF APPEAL